# APPENDIX "A"

## ORIGINAL PCR W/
## MEMORANDUM IN SUPPORT

IN THE
22ND JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY
STATE OF LOUISIANA


No.: <u>513,715 "G"</u>


RIGOBERTO VENTURA,
(Petitioner)

vs.

DARREL VANNOY, Warden
Louisiana State Penitentiary
(Respondent)

---

# APPLICATION FOR POST-CONVICTION RELIEF

---

Respectfully submitted this <u>8</u><sup>th</sup> day of <u>May</u>, <u>2017</u>.


RIGOBERTO VENTURA, #701404
MPWY/WAL-3
LA. STATE PENITENTIARY
ANGOLA, LA 70712


# CRIMINAL PROCEEDING


PREPARED BY:
David Constance #304580 Offender Counsel Substitute III
Main Prison Legal Aid Office
Criminal Litigation Team
La. State Penitentiary
Angola, LA 70712

## UNIFORM APPLICATION FOR POST-CONVICTION RELIEF

RIGOBERTO F. VENTURA
NAME OF PETITIONER

No._____
(To be filled in by the clerk)

701404
PRISON NUMBER

22ND JUDICIAL DISTRICT

L.A. STATE PENITENTIARY
PLACE OF CONFINEMENT

PARISH OF JEFFERSON
STATE OF LOUISIANA

vs.

DARREL VANNOY, Warden
WARDEN, LOUISIANA
STATE PENITENTIARY

Please Serve CUSTODIAN and Warren Montgomery, DISTRICT ATTORNEY, 22ND JUDICIAL
DISTRICT, STATE OF LOUISIANA.

### INSTRUCTIONS -- READ CAREFULLY

(1)     This petition must be legibly written or typed, signed by the petitioner and sworn to before a
notary public or institutional officer authorized to administer an oath. Any false statement of a material
fact may serve as the basis for a criminal prosecution. All questions must be answered concisely in the
proper space on the form. Additional pages are not permitted except with respect to the facts which you
rely upon to support your claims for relief. No citation of authorities or legal arguments are necessary.

(2)     Only one judgment may be challenged in a single petition except that convictions on multiple
counts of a single indictment or information may be challenged in one petition.

(3)     YOU MUST INCLUDE ALL CLAIMS FOR RELIEF AND ALL FACTS SUPPORTING SUCH
CLAIMS IN THE PETITION.

(4)     When the petition is completed, the original must be mailed to the clerk of the district court in the
parish where you were convicted and sentenced.

(5)     You must attach official documentation showing your sentence and the crime for which you have
been convicted. You may obtain that documentation form the clerk of court of the district court of the
parish where you were sentenced or form the institution where you are confined. If that documentation is
not attached, you must allege that steps were taken to obtain it.

(6)     Petitions which do not conform to these instructions will be returned with a notation as to the
deficiency.

### PETITION

1.      Name and location of court which entered the judgment of conviction challenged: 22nd JDC;
St. Tammany Parish
2.      Date of judgment of conviction: June 24, 2015
3.      Length of sentence: Live w/o benefits; and 50 years (consecutive)
4.      Nature of offense involved (all counts): Aggravated Rape (1 Count); Sexual Battery
5.      What was your plea? (check one)

        (a)      Not guilty (X)

        (b)      Guilty     (  )

     1.   Not guilty and not guilty by reason of insanity (  )

If you entered a guilty plea to one or more counts and not guilty to other counts, give details: __N/A__
        (d)      Name and address of the lawyer representing you at your plea (if you had no lawyer

please indicate): _____

        (e)      Was the lawyer appointed (X) or hired (  )? (check one)

6.      Kind of trial: (check one)

1.

      (a)     Jury (X)

      (b)     Judge only ( )

7.    (a).    Name and address of lawyer representing you at trial: **Same as above**

    (b).    Was the lawyer appointed (X ) or hired ( )?

8.    Did you testify at trial? Yes ( )  No (X)

9.    (a)    Give the name and address of the lawyer who represented you at sentencing for the conviction being attacked herein: **Same as abov e**

      (b)    Was the lawyer appointed (X) or hired ( )? (check one)

10.    Did you appeal from the judgment of conviction? Yes (X)  No( )

11.    If you did appeal, give the following information:

      (a)    Citation, docket number, and date of written opinion by the Supreme Court or Court of Appeal (if known): **Docket No.: 2016-KO-0945**

      (b)    Name and address of lawyer representing you on appeal: **Bertha Hillman, 222 North Vermont Street, Covington, LA 70433**

      (c)    Was the lawyer appointed (X) or hired ( )? (check one)

12.    Other than direct appeal from the judgment of conviction and sentence, have you previously filed any application for post-conviction relief with respect to this judgment in any state or federal court.
    Yes   ( ) No (X).

13.    If your answer to 12 is "yes", give the following information:

      (a)    (1)    Name of court:

            (2)    Nature of proceeding:

            (3)    Claims raised:

            (4)    Did you receive an evidentiary hearing on your application? Yes ( )  No ( )

            (5)    Was relief Granted or denied? _____

            (6)    Date of disposition:_____.

            (7)    Citation of opinion (if known) _____

            (8)    Name and address of lawyer representing you (if none, so state):

            (9)    Was the lawyer appointed ( ) or hired ( )? (check one)

      (b)    As to any second application give the same information:
            (1) Name of court: _____
            (2) Nature of proceeding: _____

            (3) Claims raised: _____

            (4) Did you receive an evidentiary hearing on your application? Yes ( )  No ( )

            (5) Was relief granted or denied? _____

            (6) Date of disposition: _____.

            (7) Citation of opinion (if known): _____

            (8) Name and address of lawyer representing you [if none, so state]:

            (9) Was the lawyer appointed ( ) or hired ()?

    (c) Have you filed any other applications for Post-Conviction Relief with respect to the challenged conviction? Yes ( ) No ( )

If "yes", set forth the details (as above) on separate paper and attach.

(d) Did you appeal or seek writs of review from the denial of any post- conviction application?

      (1) First petition, etc.  Yes ( ) No ( )

      (2) Second petition, etc. Yes ( )  No ( )

(e) If you did not appeal or seek writs of review from the denial of any post-conviction application, explain briefly why you did not: _____

(f) Name of the lawyer who represented you on appeal of any post-conviction application [if none, so state]:

1. First petition _____
2. Second petition _____

## CLAIMS FOR RELIEF

State concisely facts supporting your claim that you are being held unlawfully. If necessary, you may attach extra pages stating additional claims and supporting facts. Do not argue points of law.

The following is a list of those claims, and only those claims, that may provide you with grounds for relief:

(1)     Your conviction was obtained in violation of the constitution of the United States or the State of Louisiana;

(2)     The court exceeded its jurisdiction;

(3)     Your conviction or sentence subjected you to double jeopardy;

(4)     The limitations on prosecution had expired;

(5)     The statute creating the offense for which you were convicted and sentenced is unconstitutional;

(6)     The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the State of Louisiana.

A REMINDER: THE ABOVE LIST CONTAINS ONLY THOSE CLAIMS THAT YOU MAY RAISE FOR RELIEF. YOU MUST SET FORTH ALL OF YOUR COMPLAINTS ABOUT YOUR CONVICTION IN THIS APPLICATION. YOU MAY BE BARRED FORM PRESENTING ADDITIONAL CLAIMS AT A LATER DATE. Remember that you must state the FACTS upon which your complaints about your conviction are based. MERE CONCLUSORY ALLEGATIONS WILL NOT SUFFICE.

## REPETITIVE APPLICATIONS

The above claims may not provide grounds for relief if any of the following applies to you:

(1)     Unless required in the interest of justice, any claim for relief which you fully litigated in an appeal shall not be considered.

(2)     Any claim of which you had knowledge and inexcusably failed to raise in the proceeding leading to conviction may be denied by the court.

(3)     Any claim which you raised in the trial court and inexcusably failed to pursue on appeal may be denied by the court.

(4)     A successive application may be dismissed if it fails to raise a new or different claim.

(5)     A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted form a prior application.

This application will provide space for you to explain the reasons why you failed to raise your claims in the proceedings leading to conviction, or failed to urge the claim on appeal, or failed to include the claim in a prior application.

3.

## CLAIM[S]

YOU MAY ATTACH ADDITIONAL PAGES SETTING FORTH THE REQUIRED INFORMATION (BELOW) IF ADDITIONAL CLAIMS ARE ASSERTED.

### CLAIM I

Claim: **Mr. Ventura was denied his right to effective assistance of counsel**

(a) Supporting **FACTS** (tell your story briefly without citing cases or law): **See Memorandum in Support.**

(b) List names and addresses of witnesses who could testify in support of your claim. If you cannot do so explain why: _____.

(c) If you fail to raise this ground in the trial court prior to conviction, on appeal, or in a prior application, explain why: **Best raised on PCR.**

### CLAIM II

Claim: **Denied his constitutional rights to appellate review with a complete record.**

(a) Supporting **FACTS** (tell your story briefly without citing cases or law): **See Memorandum in Support.**

(b) List names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why: _____.

(c) If you fail to raise this ground in the trial court prior to conviction, on appeal, or in a prior application, explain why: **This constitutional violation best reviewed on PCR.**

### CLAIM III

Claim: **District Attorney used his peremptory challenges in a discriminatory manner.**

(a) Supporting **FACTS** (tell your story briefly without citing cases of law): **See Memorandum in Support.**

(b) List of names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why:_____.

(c) If you fail to raise this ground in the trial court prior to conviction, on appeal, or in a prior application, explain why: **Mr. Ventura was unable to review the Record.**

### CLAIM IV

Claim: **District Attorney used thirteen (13) peremptory challenges during Voir Dire**

(a) Supporting **FACTS** (tell your story briefly without citing cases of law): **See Memorandum in Support.**

(b) List of names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why: _____.

(c) If you fail to raise this ground in the trial court prior to conviction, on appeal, or in a prior application, explain why: **Mr. Ventura was unable to review the record during Appeal.**

### CLAIM V

Claim: **Prosecutor Misconduct during Closing Arguments**

(a) Supporting **FACTS** (tell your story briefly without citing cases of law): **See Memorandum in Support.**

(b) List of names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why: _____.

(c) If you fail to raise this ground in the trial court prior to conviction, on appeal, or in a prior application, explain why: **Mr. Ventura was unable to review the record during Appeal.**

## CLAIM VI

Claim: **Mr. Ventura was denied the right to testify in his own behalf.**

(a) Supporting FACTS (tell your story briefly without citing cases of law): **See Memorandum in Support.**

(b) List of names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why: _____.

(c) If you fail to raise this ground in the trial court prior to conviction, on appeal, or in a prior application, explain why: **Mr. Ventura was unable to review the record during Appeal.**

A.    Do you have in a state or federal court any petition or appeal now pending as to the judgment challenged?  Yes ( ) No (X).  If "yes", name the court.
_____

B.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment challenged? Yes ( )  No (X)

(1) If so, give name and location of court which imposed sentence  to be served in the future:
_____

(2) Give date and length of sentence to be served in the future:
_____
_____

(3) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( ) No ( ).

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled.

_____
Signature of Petitioner

_08_____May_____2017__
Day/        Month      /Year

## APPLICATION FOR APPOINTMENT OF COUNSEL

I am unable to employ counsel to represent me in this matter because I have no assets or funds except:

_____
_____NONE_____

(Write "None" above if you have nothing; otherwise, list your assets including funds in prison accounts.)

_____
Signature of Petitioner

**AFFIDAVIT**

STATE OF LOUISIANA
PARISH OF WEST FELICIANA

     I, Rigoberto Ventura being first duly sworn says that he has read the foregoing application for post-conviction relief and swears or affirms that all of the information therein is true and correct. He further swears or affirms that he is unable to employ counsel because he has no assets or funds which could be used to hire an attorney except as listed above. (Delete reference to appointment of counsel if inapplicable.)

                    _____
                          Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this \_\_\_\_\_ day of _____, 2017.

                    _____
                    Notary Public or other person authorized
                    To administer an oath.

6.

## TABLE OF CONTENTS:

TABLE OF AUTHORITIES...................................................................................................ii

MEMORANDUM OF LAW IN SUPPORT.........................................................................1

JURISDICTION AND VENUE.............................................................................................1

NOTICE OF PRO-SE FILING..............................................................................................1

UNAVAILABILITY OF TRIAL RECORDS.......................................................................1

PARTICULARIZED NEED.....................................................................................................2

REQUEST FOR JUDICIAL NOTICE....................................................................................2

STATEMENT OF THE CASE AND PROCEDURAL HISTORY........................................3

STATEMENT OF THE CASE .................................................................................................4

CLAIMS FOR RELIEF............................................................................................................5

CLAIM NO. ONE....................................................................................................................5

    Mr. Ventura was denied his right to effective assistance of counsel in accordance with the Sixth and Fourteenth Amendments to the United States Constitution............................................5

    Standard of Review.........................................................................................................5

    Deficient Performance.....................................................................................................8

    Failure to Subpoena Records...........................................................................................8

    Failure to Object to Remarks Which Would Constitute Prosecutor Misconduct......................8

    Prejudicial Effect...........................................................................................................10

CLAIM NO. TWO..................................................................................................................10

    Mr. Ventura has been denied his constitutional rights to appellate review and to a complete transcript, in violation of Mr. Ventura's 6TH Amendment to the United States Constitution.10

CLAIM NO. THREE...............................................................................................................13

    Whether the District Attorney used peremptory strikes in a discriminatory manner based on race and gender?...........................................................................................................13

CLAIM NO. FOUR.................................................................................................................13

    Whether the State was allowed thirteen (13) peremptory challenges during the course of the Voir Dire..................................................................................................................13

CLAIM NO. FIVE..................................................................................................................14

    Whether the Assistant District Attorney had committed prosecutorial misconduct during the Closing Argument of these proceedings, denying Mr. Ventura a fair and impartial trial, in violation of the Sixth and Fourteenth Amendments to the United States Constitution...........14

    Whether the Assistant District Attorney had committed prosecutorial misconduct during the Closing Argument of these proceedings, denying Mr. Ventura a fair and impartial trial, in violation of the Sixth and Fourteenth Amendments to the United States Constitution...........14

CLAIM NO. SIX....................................................................................................................16

    Mr. Ventura's 5th, 6th, and 14th Amendment rights of the United States Constitution were violated when his right to testify was taken from him.....................................................16

    Standard of Review: Right to Testify..............................................................................16

    Argument....................................................................................................................16

CONCLUSION AND PRAYER..............................................................................................19

CERTIFICATE OF SERVICE.................................................................................................19

VERIFICATION......................................................................................................................19

## TABLE OF AUTHORITIES:

## U.S. CONSTITUTION:

Fifth and Fourteenth Amendments to the United States Constitution..................................................16
Fourteenth Amendment to the United States Constitution..............................2, 5, 10, 13, 14, 15, 16, 18
Sixth Amendment to the United States Constitution.............................................................5, 6, 10, 11, 16
Sixth and Fourteenth Amendments to the United States Constitution..............................2, 5, 10, 14, 15

## FEDERAL CASES:

Adams v. United States ex rel. McCann, 317 U.S. 269, 275, 63 S. Ct. 236, 87 L. Ed. 268 (1942)...........6
Alexander v. Louisiana, 405 U.S. 625, 629-30, 92 S. Ct. 1221, 31 L.Ed.2d 536 (1972).......................13
Batson v. Kentucky, 476 U.S. 79, 100 S.Ct. 1712, 90 L.Ed.2d 69 (1986)............................................13
Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935)...................................15
Blake v. Zant, 513 F. Supp. 772 (S.D.Ga. 1981)...................................................................................6
Cuyler v. Sullivan, 466 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980).........................11
Deutscher v. Whitley, 884 F.2d 1152, 1162 (9th Cir. 1989)...................................................................6
Douglas v. Wainwright, 714 F.2d 1532 (11th Cir. 1983).....................................................................6, 7
Duckworth v. Dillon, 751 F.2d 895 (7th Cir. 1984)...............................................................................6
Evitts v. Lucey, 469 U.S. 387, 395-96, 105 S.Ct. 830, 835-36, 83 L.Ed.2d 821 (1985).....................7, 11
Faretta v. California, 422 U.S., at 819, no. 15, 95 S.Ct. 2525 (1975)....................................................16
Felde v. Blackburn, 795 F.2d 400, 403 (5th Cir. 1986)..........................................................................9
Ford v. Hollowell, 385 F. Supp. 1392, 1398 (N.D. Miss. 1974).............................................................13
Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963)......................................5, 6
Goodwin v. Balkcom, 684 F.2d 794 (11th Cir. 1982)..........................................................................6, 7
Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)...................................................1
Hester v. United States, 335 F.Appx. 949, 951 (11th Cir. 2009)..........................................................17
House v. Balkcom, 725 F.2d 608 (11th Cir. 1984)..................................................................................7
Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)..............................................5
Kimmelman v. Morrison, 477 U.S. 365, 106 S. Ct. 2574, 2589, 91 L. Ed. 2d 305 (1986)......................7
McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).........................................11
McKaskle v. Wiggins, 465 U.S. 168, 177, n. 8, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).......................16
McMann v. Richardson, 397 U. S. 759, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)....................................6
Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).........................11
Porter v. Wainwright, 805 F.2d 930, 933 (11th Cir. 1986).....................................................................7
Powell v. Alabama, 287 U.S. 45, 53 S. Ct. 55, 77 L. Ed. 158 (1932).......................................................5
Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411..........................................................13
Quadra v. Superior Court, 403 F.Supp. 486 (N.D. Cal. 1975)...............................................................13
Rock v. Arkansas, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)................................................16
Stephens v. Cox, 449 F.2d 657, 659 (4th Cir. 1971)..............................................................................13
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 676 (1984)......................6, 7, 11
Tyler v. Kemp, 755 F.2d 741 (11th Cir. 1985)........................................................................................7
U.S. v. Teague, 908 F.2d 752, 759 (11th Cir. 1990)..............................................................................18
United States v. Goff, 509 F.2d 825, 826 & n.3 (5th Cir.).....................................................................13
United States v. Otero, 848 F.2d 835, 837, 839 (7th Cir. 1988).............................................................6
United States v. Teague, 953 F.2d 1525 (11th Cir)..............................................................................17
United States v. Walker, 773 F.2d 1173, 1179 (5th Cir. 1985).............................................................16
United States v. Williams, 183 F.2d 458, 462 (5th Cir. 1999)..............................................................11
United States v.Carter, 454 F.2d 426, 428 (4th Cir. 1972)....................................................................15
Wade v. Armontrout, 798 F.2d 304 (8th Cir. 1986)...............................................................................7
Young v. Zant, 677 F.2d 792, 798 (11th Cir. 1982)...............................................................................6

## LA CONSTITUTION:

Article I, § 19 of the Louisiana Constitution..................................................................................2, 10, 12
Article I § 2 and § 13 of the Louisiana Constitution of 1974...................................................................10
La. Const. 1974, Art. V, § 16..................................................................................................................1

## STATUTORY PROVISIONS:

La.C.Cr.P. Art. 774...........................................................................................................................8, 14
La.C.Cr.P. Art. 799..............................................................................................................................13

La.C.Cr.P. Art. 924 et. Seq.................................................................................1, 2
La.C.Cr.P. Art. 926.................................................................................................2
La.C.Cr.P. Art. 930.3.....................................................................................2, 8, 11
La.C.Cr.P. Art. 930.3(1).......................................................................................11
La.C.Cr.P. Art. 930.4.........................................................................................11p.
La.C.Cr.P. Art. 930.4(F).......................................................................................12

## STATE CASES:

Duhon v. Whitley, 92-1740 (La.9/2/94), 642 So.2d 1273..........................................2, 3
Duhon v. Whitley, 92-1740 (La.9/2/94), 642 So.2d 1273.............................................3
Payton v. Thiel, 315 So.2d 40 (La. 1975...................................................................2
State ex rel. Bernard v. Orleans Crim. Dist. Court Section "J" 653 So.2d 1174 (La. 4/28/95).......2, 3, 12
State v. Bradley, 516 So.2d 1337 (La. App. 4th Cir. 1987)..........................................9
State v. Collier, 553 So.2d 815 (La. 1989)..............................................................13
State v. Costillo, 448 So.2d 238 (La. App. 1st Cir. 1984)..........................................11
State v. Egana, 771 So.2d 638 (La. 2000)................................................................1
State v. Fuller, 454 So.2d 119 (La. 1984).................................................................7
State v. Green, 634 So.2d 503 (La. App. 4th Cir. 1994)............................................13
State v. Hampton, 00-522 (La. 3/22/02), 818 So.2d 720............................................17
State v. Harvey, 692 S.W.2d 290 (Mo. 1985)...........................................................6
State v. Jarman, 445 So.2d 1184 (La. 1984).............................................................9
State v. Kaufman, 304 So.2d 300 (La.1974)..........................................................8, 14
State v. Keller, 526 So.2d 378 (La. App. 4th Cir. 1988)............................................9
State v. Moak, 387 So.2d 1108 (La. 1980)................................................................1
State v. Myles, 389 So.2d 12, 28-31 (La. 1980).........................................................6
State v. Prudholm, 446 So.2d 729 (La. 1984)..........................................................11
State v. Robinson, 490 So.2d 501 (La. App. 4th Cir. 1986).........................................9
State v. Sparrow, 612 So.2d 191, 199 (La. App. 4th Cir. 1992)...................................7

## MISCELLANEOUS:

ABA Standards on the Prosecution Function...........................................................15
Healy & Manak, eds., THE PROSECUTOR'S DESKBOOK, 3-4 (N.D.A.A.).......................15

RIGOBERTO VENTURA

Vs. No.: 513,715 "G"

DARREL VANNOY, Warden,
Louisiana State Penitentiary

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

Date Filed By Clerk of Court

Dpty. Clerk of Court

## MEMORANDUM OF LAW IN SUPPORT

**MAY IT PLEASE THE COURT:**

NOW INTO COURT COMES, Rigoberto Ventura, *Pro Se* Petitioner, who respectfully presents this "Memorandum of Law in Support," of which he respectfully incorporates into and makes a part of his Uniform Application for Post-Conviction Relief. Furthermore, after due and proper consideration of the merits herein and the argument presented, Mr. Ventura respectfully moves this Honorable Court to grant him post-conviction relief, and set aside his current conviction and sentence for the reasons established herein.

### JURISDICTION AND VENUE

Jurisdiction and venue are proper before this Honorable Court pursuant to *La. Const. 1974, Art. V, § 16*, and *La.C.Cr.P. art. 924, et seq.*

### NOTICE OF PRO-SE FILING

Mr. Ventura requests that this Honorable Court view these Claims in accordance with the rulings of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *State v. Moak*, 387 So.2d 1108 (La. 1980)(Pro-se petitioner not held to same stringent standards as a trained lawyer); *State v. Egana*, 771 So.2d 638 (La. 2000)(less stringent standards than formal pleadings filed by lawyers). Mr. Ventura is a layman of the law and untrained in the ways of filings and proceedings of formal pleadings in this Court.

### UNAVAILABILITY OF TRIAL RECORDS

Mr. Ventura is not in possession of the trial record in this matter and is perfecting his application for post conviction relief solely from memory. After due consideration, Mr. Ventura prays that this Honorable Court will grant him a copy of the record, or in the alternative, loan him a copy of the record for the purpose of further perfecting his application in order to protect his rights and to fully and fairly

present all his claims before the Court so that it may make a just ruling in the cause.

Appellate Counsel failed to send Mr. Ventura a copy of the transcripts in order to prepare a Supplemental Brief for the Second Circuit Court of Appeal.

Mr. Ventura avers that if the Court does not allow him to obtain the Record from these proceedings, he will be denied his Sixth and Fourteenth Amendment right to the United States Constitution and his constitutional rights pursuant to Louisiana Constitution of 1974, Art. I, § 19.

## PARTICULARIZED NEED

In situations such as Mr. Ventura's, courts generally allow a criminal defendant to file a post conviction application without the supporting documents, after making "specific" references to constitutional violations in the trial proceedings. *State ex rel. Bernard v. Orleans Criminal District Court Section "J"*, 94-2247 (La. 4/28/95), 653 So.2d 1174.

In *Bernard,* the Louisiana Supreme Court held:

> For the inmate requesting documents in anticipation of a collateral attack on his conviction, adequate opportunity to present his claims requires first and foremost meaningful access to the post conviction procedures provided by the legislature in La.C.Cr.P. Art. 924 *et. seq.*
>
> If an inmate has identified specific constitutional errors in the proceedings leading to his conviction and sentence, as required by La.C.Cr.P. Art. 930.3, he may also "specify" with reasonable particularity the factual basis for such relief and thereby meet the initial requirements set forth in La.C.Cr.P. Art. 926, for filing the application and invoking the post conviction articles. An inmate therefor cannot make a showing of particularized need absent a properly filed application for post conviction relief which set out specific claims of constitutional errors requiring the requested documentation for support. *Payton v. Thiel*, 315 So.2d 40 (La. 1975); and *State v. Drozd, supra.*

## REQUEST FOR JUDICIAL NOTICE

Mr. Ventura requests this Honorable Court to take Judicial Notice that he is preparing these pleadings from his memory and the pleadings from the previously filed Appeal. Mr. Ventura has not been able to obtain his transcripts from the proceedings, and will be greatly hindered in meeting his burden of proof in accordance to La.C.Cr.P. Art. 930.3 if he is unable to obtain the Record in order to properly argue his Claims in this Post-Conviction.

Further, the author of these pleadings is also relying on Mr. Ventura's lay memory. In order to prevent perjury on the part of Mr. Ventura, a Motion for Production of Documents Under Particularized Need is also enclosed within.

Although Mr. Ventura has quoted numerous Record pages, these page numbers were obtained through the pleadings which were filed on Appeal.

The author of these pleadings is unable to ascertain the reason that Mr. Ventura was unable to

obtain his transcript during the course of the Appeal, and is relying on Mr. Ventura's lay memory of the events that occurred during the course of the trial.

The author of these pleadings is an Offender Counsel Substitute. The definition of a Counsel substitute is, "Persons not admitted to the practice of law, but Offenders who aid and assist, without cost, an accused Offender in the preparation and presentation of his defense and/or appeal. Counsel Substitutes are only those Offenders appointed by the Warden or designee." Each Counsel Substitute is provided with or has participated in training appropriate to his assignment prior to assuming his duties. In other words, Counsel Substitutes are provided training in order to assist other Offenders with their legal pleadings. However, if the Counsel Substitute does not have access to the Record, the Offender cannot receive proper assistance. Department Regulation No. B-05-004.

Also, the Offender Counsel assisting him has to rely upon an interpreter in order to obtain the information from Mr. Ventura in order to properly file this.

Mr. Ventura further requests this Honorable Court to note that he is reserving his right to either omit or argue additional Claims after the receipt of the transcripts. Thus, he is simultaneously filing a Motion for Production of Documents pursuant to *State ex rel. Bernard v. Orleans Criminal District Court Section J*, 94-2247 (La. 4/28/95), 653 So.2d 1174, and a Motion to Supplement pursuant to *Duhon v. Whitley*, 92-1740 (La.9/2/94), 642 So.2d 1273.

## STATEMENT OF THE CASE AND PROCEDURAL HISTORY

This is a case resulting in a conviction. On November 15, 2011, the Grand Jury of St. Tammany Parish returned a "True Bill" charging Rigoberto F. Ventura with Aggravated Rape of GL, in violation of LSA-R.S. 14:42, which allegedly occurred between May 25, 2002, and May 25, 2006. The State amended the Bill of Indictment to additionally charge Mr. Ventura with Sexual Battery of HW where the victim is under the age of 13, in violation of LSA-R.S. 14:43.1 for incidents which allegedly occurred between May 1, 2011, and September 1, 2011. Mr. Ventura plead not guilty to both charges (Rec.pp. 1, 4, 8, 36, 391-2). On the first day of the trial, the defense made oral motions for a continuance and a severance because the State had provided additional discovery information on Count Two, Sexual Battery, only two days earlier on a Friday afternoon for a trial which was set for the following Monday. The Court denied the motions (Rec.pp. 23, 165-71).

The matter was tried by a jury on June 22, 23, and 24, 2015. The jury returned verdicts of guilty as charged on both charges (Rec.pp. 142-3, 587). Mr. Ventura filed a Motion for Post-Verdict Judgment of Acquittal and a Motion for a New Trial. The Court denied the motions (Rec.pp. 33, 145, 147, 594). On

Count One, Aggravated Rape, the Court sentenced Mr. Ventura to life imprisonment at hard labor in the custody of the Louisiana Department of Public Safety and Corrections without the benefit of Probation, Parole, or Suspension of Sentence. On Count Two, Sexual Battery, the Court sentenced Mr. Ventura to fifty (50) years at hard labor in the custody of the Louisiana Department of Public Safety and Corrections. The first twenty-five (25) years are without the benefit of Probation, Parole, or Suspension of Sentence. The sentences are consecutive (Rec.pp. 34, 600-1). Mr. Ventura filed a Motion to Reconsider Sentence which the Court denied (Rec.pp. 154-5).

On December 6, 2015, Mr. Ventura timely filed his Appeal with the Louisiana First Circuit Court of Appeals. On April 15, the Court of Appeals affirmed Mr. Ventura's convictions and sentences. Mr. Ventura then timely filed for Writ of Certiorari to the Louisiana Supreme Court. On April 24, 2017, the Supreme Court affirmed Mr. Ventura's convictions and sentences.

## STATEMENT OF THE FACTS

Slidell Police Department Detective Brian Brown received a complaint on August 8, 2011, from Mrs. Lacayo informing that her son, GL, had made allegations that Mr. Ventura had sexually abused him from 2002 to 2006. GL made the disclosure while in a counseling session at the rehabilitation center where he was being treated for substance abuse. When the sexual abuse allegedly occurred, Mr. Ventura was in a sexual relationship with GL's grandmother who was physically abusive to GL (Rec.pp. 457, 460, 463, 466). GL was released from the rehabilitation center later that month and Detective Brown made an appointment with the Child Advocacy Center for an interview on August 30, 2011. In the interview, GL accused Mr. Ventura of sexual abuse and later identified him in a photo lineup (Rec.pp. 463, 469). Detective Brown arrested Mr. Ventura on September 9, 2011, and charged him with Aggravated Rape. Detective Brown arrested Mr. Ventura without conducting further investigation or verifying the facts (Rec.p. 468-70). GL was nineteen years old at the time of the trial and was unable to identify Mr. Ventura in court as the person who had abused him (Rec.pp. 456, 486).

After hearing of GL's allegations, Amy Gray questioned her three children to find out if they had been abused. Amy Gray lives in Texas and is the ex-wife of Mr. Ventura's brother, Giovanni Ventura, who is the father of Amy Gray's children. All three of her children denied that Mr. Ventura had abused them (Rec.p. 410, 412). In February 2012, shortly after the children returned from visiting their father in Louisiana, Ms. Gray again questioned her children regarding abuse. HG told her mother that Mr. Ventura had touched her inappropriately on two occasions, once when she was in bed with Mr. Ventura and his wife and another time when she was riding on a tractor with Mr. Ventura and her brother. These

incidents allegedly occurred in 2011 (Rec.pp. 432-34). Ms. Gray called the Sheriff's Office in Texas

and Myra Domingue, a child forensic interviewer, conducted an interview of HG (Rec.p. 438). After

the interview, Mr. Ventura was arrested and charged with Sexual Battery of HG.

## CLAIMS FOR RELIEF

1. MR. VENTURA WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN ACCORDANCE WITH THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

2. WHETHER MR. VENTURA HAS BEEN DENIED HIS CONSTITUTIONAL RIGHTS TO APPELLATE REVIEW AND TO A COMPLETE TRANSCRIPT, IN VIOLATION OF MR. VENTURA'S 6TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

3. WHETHER THE DISTRICT ATTORNEY USED PEREMPTORY STRIKES IN A DISCRIMINATORY MANNER BASED ON RACE AND GENDER?

4. WHETHER THE DISTRICT ATTORNEY WAS ALLOWED THIRTEEN (13) PEREMPTORY CHALLENGES DURING THE COURSE OF VOIR DIRE.

5. WHETHER THE ASSISTANT DISTRICT ATTORNEY HAD COMMITTED PROSECUTORIAL MISCONDUCT DURING THE CLOSING ARGUMENT OF THESE PROCEEDINGS, DENYING MR. VENTURA A FAIR AND IMPARTIAL TRIAL, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

6. WHETHER MR. VENTURA'S 5TH, 6TH, AND 14TH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN HIS RIGHT TO TESTIFY WAS TAKEN FROM HIM.

## CLAIM NO. ONE

**Mr. Ventura was denied his right to effective assistance of counsel in accordance with the Sixth and Fourteenth Amendments to the United States Constitution.**

Mr. Ventura contends that he was denied effective assistance of counsel during the course of these

proceedings, a violation of the Sixth Amendment to the United States Constitution; thereby denying

him a fair trial, a violation of the Fourteenth Amendment to the United States Constitution.

Mr. Ventura also informs this Honorable Court that he is arguing this Claim to the best of his lay

memory due to the fact that he has been unable to obtain a copy of the transcript of his trial. Mr.

Ventura has also filed a Motion for Production of Documents in an attempt to obtain a copy of the

transcript in order to ensure that he can either substantiate, or dismiss, this Claim.

It should be noted that in one of the most well-noted cases decided by the United States Supreme

Court concerning ineffective assistance of counsel was *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct.

792, 9 L.Ed.2d 799 (1963), where Gideon had hand-written the Supreme Court complaining of his

attorney's assistance in his case. The United States Supreme Court did not hold Mr. Gideon to the same

standards as a professional attorney at that time. Therefore, Mr. Ventura is requesting the same from

this Honorable Court.

*Standard of Review:*

The Sixth Amendment guarantees those accused of crimes to have the assistance of counsel for their defense. The purpose of this Sixth Amendment right to counsel is to protect the fundamental right to a fair trial. *Powell v. Alabama*, 287 U.S. 45, 53 S. Ct. 55, 77 L. Ed. 158 (1932); *Johnson v. Zerbst*, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *Gideon v. Wainwright*, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The skill and knowledge counsel is intended to afford a Defendant "ample opportunity to meet the case of the prosecution." *Strickland*, 466 U.S. at 685 (citing *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275, 276, 63 S. Ct. 236, 240, 87 L. Ed. 268 (1942)).

Acknowledging the extreme importance of this right, the United States Supreme Court has held: That a person who happens to be a lawyer is present at trial alongside the accused ... is not enough to satisfy the constitutional command. The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair.

*Strickland v. Washington*, 466 U.S. at 685. Thus, the Court has recognized that "the right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U. S. 759, 771 n. 14, 90 S. Ct. 1441, 1449 n. 14, 25 L. Ed. 2d 763, 773 (1970).

In *State v. Myles*, 389 So.2d 12, 28-31 (La. 1980), the Supreme Court of Louisiana found ineffective assistance of counsel on the face of the appellate record under circumstances very similar to this case. Trial counsel rested without additional evidence, failed to object to inadmissible evidence, and failed to object to erroneous instructions. *Id.* at 28-29. See also: *United States v. Otero*, 848 F.2d 835, 837, 839 (7th Cir. 1988); *Deutscher v. Whitley*, 884 F.2d 1152, 1162 (9th Cir. 1989); *Duckworth v. Dillon*, 751 F.2d 895 (7th Cir. 1984); *Goodwin v. Balkcom*, 684 F.2d 794 (11th Cir. 1982)(ineffective assistance found where counsel failed to: (1) investigate; (2) raise a challenge to the petit jury selection system; (3) raise illegality of the arrest; (4) interview crucial witnesses; and (5) object to an improper *Witherspoon* excusal); *Blake v. Zant*, 513 F. Supp. 772 (S.D.Ga. 1981)(ineffective Counsel in capital cases; standards applied with particular care; showing of prejudice not always required); *State v. Harvey*, 692 S.W.2d 290 (Mo. 1985) (counsel's non-participation at the trial without the client's express consent is ineffective assistance of counsel).

"Counsel's ineffectiveness cries out from a reading of this transcript." *Douglas v. Wainwright*, 714 F.2d 1532, 1557 (11th Cir. 1983)(citing *Young v. Zant*, 677 F.2d 792, 798 (11th Cir. 1982); *Yarbrough*

*v. State*, 529 So.2d 659, 662 (Miss. 1988)(quoting *Waldrop v. State*, 506 So.2d 273, 275 (Miss. 1987)).

> While a defendant must ordinarily show that counsel's ineffective assistance resulted in actual prejudice, such a showing may be exempted where counsel's ineffectiveness is so pervasive as to render a particularized prejudice inquiry unnecessary.

*Frett v. State*, 378 S.E.2d 249, 251 (S.C. 1988)(citing *House v. Balkcom*, 725 F.2d 608 (11ᵗʰ Cir. 1984)).

A defendant's claim of ineffective assistance of counsel is to be assessed by the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Fuller*, 454 So.2d 119 (La. 1984). The defendant must show that: (1) counsel's performance was deficient; and (2) that the deficiency prejudiced the defendant. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. *State v. Sparrow*, 612 So.2d 191, 199 (La. App. 4ᵗʰ Cir. 1992).

"At the heart of effective representation is the independent duty to investigate and prepare." *Goodwin v. Balkcom*, 684 F.2d 794, 805 (11ᵗʰ Cir. 1982); accord *Porter v. Wainwright*, 805 F.2d 930, 933 (11ᵗʰ Cir. 1986); *Tyler v. Kemp*, 755 F.2d 741 (11ᵗʰ Cir. 1985); *Douglas v. Wainwright*, 714 F.2d 1532 (11ᵗʰ Cir. 1983), *vacated*, 104 S.Ct. 3575, 82 L.Ed.2d 874 (1984), *adhered to*, 739 F.2d 531 (1984). As the Court held in *Wade v. Armontrout*, 798 F.2d 304 (8ᵗʰ Cir. 1986): Investigation is an essential component of the adversary process. "Because [the adversarial] testing process generally will not function properly unless counsel has done some investigation into the prosecution's case and into various defense strategies . . . 'counsel has a duty to make reasonable investigations. . . .'" *Id.* at 307 (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 106 S. Ct. 2574, 2589, 91 L. Ed. 2d 305 (1986) (quoting *Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

However, the mere presence of an attorney does not satisfy the constitutional guarantee of counsel. As the Supreme Court has often noted, an accused is entitled to representation by an attorney, whether retained or appointed. "Who plays the role necessary to ensure that the trial is fair." *Morrison*, 477 U.S. At 377, 106 S.Ct. At 2584, quoting *Strickland v. Washington*, 466 U.S. 668, 685, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 274 (1984). " In other words, the right to counsel is the right to effective assistance of counsel, citing *Evitts v. Lucey*, 469 U.S. 387, 395-96, 105 S.Ct. 830, 835-36, 83 L.Ed.2d 821 (1985).

Defense counsel failed to impeach the State's witnesses due to the lack of investigating the allegations, during the course of these proceedings. The State had presented testimony which would have been impeached had counsel properly investigated and interviewed the witnesses prior to the commencement of trial.

### Deficient Performance:

Mr. Ventura contends that he was denied effective assistance of counsel from counsel due to the following to wit:

### Failure to Subpoena Records:

Mr. Ventura contends that these allegation were made by the alleged victim (GL) after being arrested for a crime. Although Mr. Ventura is not fully aware of the facts of the alleged victim's case, it must be noted that it appears as though this allegation was placed against Mr. Ventura in order for the alleged victim to obtain "Mitigating Factors" to his pending charge(s).

Had the jury been informed of additional information concerning GL's incarceration and the provisions that would have been afforded him during his sentencing phase of his charge, the jury would have voted to find Mr. Ventura not guilty.

### Failure to Object to Remarks Which Would Constitute Prosecutor Misconduct:

Mr. Ventura contends that his trial counsel was ineffective for failing to object to the State's blatant prosecutor misconduct during the course of their Opening Statement and Closing Argument (See also: Claim No. Five: Prosecutorial Misconduct).

Mr. Ventura is in need of the transcripts to fully this Issue in order to meet the burden of La.C.Cr.P. Art. 930.3; and also to specify the "remarks" made by the State which would constitute "prosecutor misconduct" during the course of the trial.

The prosecutor's improper remarks, to the best of Mr. Ventura's memory that, the jury needed to protect society from "Predators" such as Mr. Ventura. The prosecutor then told the jury that the "battle is going to end there today. Those officers did their jobs. We've done out jobs and we are asking you now to do you job." His persistence in making impermissible remarks and defense counsel's failure to address the misconduct clearly contributed to the verdict.

The prosecutor's remarks clearly went beyond the proper scope of opening and closing argument which should be confined to "evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case." The argument before the Court is clearly that the objectionable statement was an appeal to prejudice in violation of La.C.Cr.P.

Art. 774. The prosecutor in Louisiana is prohibited from making such statements partly based on the statutory prohibition of La.C.Cr.P. Art. 774, above, but also for reasons of fairness. See *State v. Kaufman*, 304 So.2d 300 (La.1974), and authorities cited therein.

At this point, counsel failed to object to the statements as argumentative and requested an off the record discussion was held at the bench. These inflammatory remarks caused prejudice so severe that it infects the Due Process rights of Mr. Ventura with an incurable disease. Turning jurors' minds from the bias that they must represent and putting their emotion that always has a high percentage factor in finding even an innocent man guilty. This is a distortion of facts and evidence to be used by State. A magic trick to deceive jurors from any possibility of innocence.

In *State v. Bradley*, 516 So.2d 1337 (La. App. 4th Cir. 1987), the Court held that it is prejudicial to have jurors think of themselves as crime victim.

In the case sub judice, the intent of the State's prosecutor was more than obvious. He knew that there are laws in place which do not allow for the Prosecutor to place a juror in the a "life-like" situation. Yet, this Prosecutor had a reckless disregard for the Court Rules or the Professional Rules of Conduct, much less case law set forth by the United States Supreme Court.

As counsel failed to object to this line of argument from the prosecutor, the Court had now failed to instruct the jurors to disregard these statements.

"To establish that a prosecutor's remarks are so so inflammatory as to prejudice the substantial rights of a defendant, the petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Felde v. Blackburn*, 795 F.2d 400, 403 (5th Cir. 1986), *cert. denied*, ____U.S.____, 108 S.Ct. 210, 98 L.Ed.2d 161 (1987). Mr. Ventura has met his burden of proof with this Claim.

"The law is clear that if the remarks were prejudicial or improper, a reversal will be warranted only if this court is 'thoroughly convinced' that the remarks influenced the jury." *State v. Keller*, 526 So.2d 378 (La. App. 4th Cir. 1988); *State v. Jarman*, 445 So.2d 1184 (La. 1984); *State v. Robinson*, 490 So.2d 501 (La. App. 4th Cir. 1986).

Mr. Ventura notes that argument which attempts to have jurors think of themselves as crime victim is prejudicial because such prosecutors' argument tends to serve no purpose but to prejudice defendant by appealing to jurors' emotions, particularly their fear and apprehension for their personal safety is in direct violation of the Petitioner's right to a fair trial.

Obviously this State's prosecutor statement was made **boldly** in order to have the jurors place some

form of sympathetic issues within their minds by playing upon the emotions. But this was a violation, plain and simple, of the Petitioner's rights. The intent was well-noticed and the State's prosecutor should be held accountable for his willful intent.

The fact prosecutor's comments asking jurors to put themselves in victim's place could be prejudicial, such comments were so extremely prejudicial as to have influenced jury and contributed to verdict.

WHEREFORE, Mr. Ventura states that it is clear that he was denied constitutional rights guaranteed by the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I § 2 and § 13 of the Louisiana Constitution of 1974. This Honorable Court should grant this claim as it has merit, by reversing the conviction and sentence with the granting of a new trial.

**Prejudicial Effect:**

Had counsel performed as counsel guaranteed by the Sixth Amendment to the United States Constitution, and in accordance with *Strickland v. Washington*, the outcome of this trial would have been different due to the fact that additional evidence would have been presented to the jury which would have proven Mr. Ventura's innocence in this matter.

## CLAIM NO. TWO

**Mr. Ventura Has Been Denied His Constitutional Rights To Appellate Review And To A Complete Transcript, In Violation Of Mr. Ventura's 6TH Amendment To The United States Constitution.**

*One:*

Mr. Ventura constitutional rights to appellate review and a complete record of the trial proceedings have been violated. The State of Louisiana guarantees a criminal defendant the right to appeal his conviction and sentence, and at the same time, be given access to the trial record to perfect his appeal of right. Article 1, § 19 of the Louisiana Constitution states:

> No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.

Mr. Ventura was not provided the record in order to properly perfect a Pro-Se Supplemental Appeal raising viable, meritorious claims. The United States Constitution imposes no obligation on the states to provide appellate review of criminal convictions. Having provided such avenue, however, the State of Louisiana must not bolt the door to equal justice to indigent defendants.

When a state conditions an Appeal from a conviction on the provision of a trial transcript, the state

must furnish free transcripts to indigent defendants who seek to appeal. A due diligent effort was made by Mr. Ventura to timely obtain the record that would support meritorious issues that Appointed Appellate Counsel failed to raise, therefore, an objective factor external to Mr. Ventura's defense constitutes cause that prevented him from raising these claims on direct appeal, which cannot fairly be attributed to him. *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)(quoting *Murray*, 477 U.S. at 488) (emphasis supplied).

These claims are meritorious based on direct controlling precedent and in fundamental fairness must be brought to the Court's attention and reviewed on the merits. *United States v. Williams*, 183 F.2d 458, 462 (5th Cir. 1999).

Moreover, in *Evitts v. Lucey*, 469 U.S. 389, 393-95, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821 (1985), the United States Supreme Court held: that an indigent criminal defendant has the constitutional right to the effective assistance of counsel for his or her first appeal. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

A criminal defendant has a constitutional right to receive effective assistance of counsel on Direct Appeal and Appointed Appellate Counsel's failure to argue an issue on appeal is governed by the familiar two part *Strickland* test. Failure to reach the merits of the claims presented herein will result in prejudicing Mr. Ventura's right to seek judicial review of all constitutional violations that rendered the trial fundamentally unfair, because of an impediment created by the State of Louisiana, when it appointed an ineffective appellate counsel.

Louisiana law holds that a: [p]etitioner may bring claims of constitutional violations on post conviction relief under the provisions of La.C.Cr.P. Art. 930.3(1). Therefore, La.C.Cr.P. Art. 930.4 is inapplicable. See *State v. Costillo*, 448 So.2d 238 (La. App. 1st Cir. 1984). Adjudication of the claims on the merits rather than a procedural grounds created by ineffective assistance of counsel should affect how this court reviews the claims.

A claim of ineffective assistance of counsel is a matter more properly addressed in an Application for Post-Conviction Relief, filed in the trial court where a full evidentiary hearing can be conducted. *State v. Prudholm*, 446 So.2d 729 (La. 1984). Ineffectiveness of trial and appellate counsel is to be assessed by a two-part test as outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 676 (1984). If a procedural default is the result of ineffective assistance of counsel, the Sixth Amendment to the United States Constitution itself requires that responsibility for the default be imputed to the State, which may not conduct trials at which persons who face incarceration must

defend themselves without adequate legal assistance." *Murray*, *supra*, citing *Cuyler v. Sullivan*, 466 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). If this Court considers any of these claims procedurally defaulted prior to reaching the merits, the Court must find Mr. Ventura was denied ineffective assistance of counsel on appeal. Further, Mr. Ventura has also submitted reasons on his Application for Post Conviction Relief, which is sufficient to comply with La.C.Cr.P. Art. 930.4(F). Therefore, ineffective assistance on the part of Appointed Appellate Counsel and external objective factors created by the State in refusing to provide Mr. Ventura a copy of the record after several requests, made compliance with raising these claims in a supplemental brief on direct appeal impracticable.

*Two:*

Mr. Ventura's constitutional rights to appellate review and a complete transcript has been violated. Article 1, § 19 of the Louisiana Constitution of 1974 guarantees a criminal defendant the right to appeal his conviction and sentence, and at the same time, be given access to a transcript to perfect his appeal of right. Article 1, § 19 of the Louisiana Constitution states:

> No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.

Mr. Ventura was not provided the trial record via the Legal Programs Department of the Louisiana State Penitentiary in accordance with the dictate of the Second Circuit Court of Appeal in order to be able to properly perfect his pro se supplemental appeal brief. Mr. Ventura was denied the right to obtain a copy at his expense by the Legal Programs Department.

Mr. Ventura has not been provided the necessary time to use the transcript in compliance with the appellate court's order and he has not been provided a copy of his trial transcripts, even at his own expense, to properly perfect a supplemental appellate brief or for his use in the preparation of collateral proceedings.

In support of Mr. Ventura making a due diligent effort to obtain these pertinent documents, Mr. Ventura attaches Exhibit A, *in globo*, in support thereof. With all these efforts made by Mr. Ventura, he has yet to obtain a copy of his trial transcript.

In situations such as Mr. Ventura' courts generally allow a defendant to file an Application for Post-Conviction Relief without the supporting documents, after making "specific" references to constitutional violations in the trial proceedings. *State ex rel. Bernard v. Orleans Criminal District*

*Court Section J*, 94-2247 (La. 4/28/95), 653 So.2d 1174.

## CLAIM NO. THREE

**Whether The District Attorney Used Peremptory Strikes In A Discriminatory Manner Based On Race And Gender?**

Mr. Ventura reminds this Honorable Court that this Claim arises from Mr. Ventura's memory due to the fact that he has been unable to obtain his transcript during the course of his Appeal. The author of these Claims is relying on Mr. Ventura's memory in order this as thoroughly as he can without the benefit of a transcript.

Mr. Ventura is also of the opinion that potential jurors were excluded because of their race and gender, mainly, African Americans. There were objections made during each of these important stages of the trial. Mr. Ventura contends that the exclusion of jurors for reason of their race is a violation of the Fourteenth Amendment to the United States Constitution. *Batson v. Kentucky*, 476 U.S. 79, 100 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *Powers v. Ohio*, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411; *State v. Green*, 634 So.2d 503 (La. App. 4th Cir. 1994); and *State v. Collier*, 553 So.2d 815 (La. 1989).

The question is whether a State may justify excluding half the potential black jurors by use of absolute disparity analysis,[1] where comparative disparity analysis[2] is far more appropriate. Some courts have explicitly accepted the analysis. See, *e.g.*, *Quadra v. Superior Court*, 403 F.Supp. 486 (N.D. Cal. 1975). The Supreme Court has used the analysis without much comment. See *Alexander v. Louisiana*, 405 U.S. 625, 629-30, 92 S. Ct. 1221, 31 L.Ed.2d 536 (1972); See also *United States v. Goff*, 509 F.2d 825, 826 & n.3 (5th Cir.), *cert. denied*, 423 U.S. 857 (1975); *Stephens v. Cox*, 449 F.2d 657, 659 (4th Cir. 1971); *Ford v. Hollowell*, 385 F. Supp. 1392, 1398 (N.D. Miss. 1974).

Therefore, the conviction and sentence in this case require reversal by this Court.

## CLAIM NO. FOUR

**Whether the State was allowed thirteen (13) peremptory challenges during the course of the Voir Dire.**

Mr. Ventura contends that during the jury voir dire examination, the State used more peremptory challenges than is allowed to be used by law. La.C.Cr.P. Art. 799 allows the State and the Defense (12)

---

1   An "absolute disparity" is derived by subtracting the gross percentage of the jury pool which is made up of a particular group from the gross percentage of the group in the eligible general population.

2   In computing a "comparative disparity" an allowance is made for the size of the group. The comparative disparity is the absolute disparity divided by the group's percentage of the population. If a group made up only five percent of the population, all members could be intentionally excluded without the "absolute disparity" being more than five percent. This would be a comparative disparity of one hundred percent. In Cobb County, where just under half the eligible black persons are excluded from the pool, the comparative disparity if 42.5 percent.

peremptory challenges during selection of the jury. Courts have long held that when the State violates this rule, the defendant is entitled to a new trial.

Since the transcript of Mr. Ventura's trial proceedings has not been provided, he has no way of properly substantiating his allegations. Mr. Ventura is relying solely on his memory of the proceedings in this Claim and according to his notes taken during the course of the Voir Dire.

Therefore, the conviction and sentence in this case require reversal by this Court.

## CLAIM NO. FIVE

**Whether the Assistant District Attorney had committed prosecutorial misconduct during the Closing Argument of these proceedings, denying Mr. Ventura a fair and impartial trial, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.**

Once again, Mr. Ventura is relying on his lay memory in this Claim as he has not obtained the Records from these proceedings. After a review of the record, if Mr. Ventura is in error, he will Supplement in order to avert any misunderstandings in these pleadings.

The prosecutor's improper remarks, to the best of Mr. Ventura's memory that, the jury needed to protect society from "Predators" such as Mr. Ventura. Also, the prosecutor's improper remarks, "A single battle in the war on violence is being fought and it is being fought today" and as "members of this jury, are no longer mere spectators" but "participants in the ever present battle to rid our streets of senseless violence and to help realize the ideal of a state and society free from fear." The prosecutor then told the jury that the "battle is going to end there today. Those officers did their jobs. We've done out jobs and we are asking you now to do you job." His persistence in making impermissible remarks and defense counsel's failure to address the misconduct clearly contributed to the verdict.

The prosecutor's remarks clearly went beyond the proper scope of opening and closing argument which should be confined to "evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case." The argument before the Court is clearly that the objectionable statement was an appeal to prejudice in violation of La.C.Cr.P. Art. 774. The prosecutor in Louisiana is prohibited from making such statements partly based on the statutory prohibition of La.C.Cr.P. Art. 774, above, but also for reasons of fairness. See *State v. Kaufman*, 304 So.2d 300 (La.1974), and authorities cited therein.

The National District Attorneys Association has defined the role of a public prosecutor in our system of justice:

> Each decision [the prosecutor] makes has tremendous impact on the lives of individuals involved, if not on the entire community.

Prosecutors must strive diligently to raise the ethical, technical, and professional standards of all prosecutors throughout the nation. A single unprofessional, corrupt, or unscrupulous prosecutor can undo the fine work being done by the many thousands of dedicated prosecutors throughout the country. The modern prosecutor cannot simply be the defender of the status quo. He cannot be content to simply perpetuate himself in office by withdrawing from the front line battle and practicing old routines. He must be a respected voice in the community with unquestioned integrity. From that operating base he must become a respected voice in the legislative body of his jurisdiction. The prosecutor must truly represent "the people" and conduct himself in a way to make that obvious when he rises to state his views in legislative halls.

Healy & Manak, eds., THE PROSECUTOR'S DESKBOOK, 3-4 (N.D.A.A.).

As a result of this role, public prosecutors owe a higher duty to the justice system. The duties of the prosecuting attorney were well-stated in the classic opinion of Justice Sutherland many years ago. The interest of the prosecutor, he wrote:

"… is not that he shall win a case, but that justice be done. As such, he is in a peculiar and very definite sense the servant of the law, the two-fold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor--indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones."

*Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). Likewise, the ABA *Standards on the Prosecution Function* state that "the duty of the prosecutor is to seek justice, not merely to convict." Standard 3-1.1(a).

That particular petard is one upon which the State must now be hoist. "There is more at stake than just the liberty of this defendant. At stake is the honor of the government, public confidence in the fair administration of justice, and the efficient administration of justice. . . ." *United States v. Carter*, 454 F.2d 426, 428 (4th Cir. 1972); see also: *Edwards v. State*, 465 So.2d 1085, 1086 (Miss. 1985) ("when the state fails to exercise good faith" the process becomes "unjust and we surrender the very mandate which empowers us to pass judgment").

Mr. Ventura contends that the State's prosecutor intentionally and willfully violated his right to a fair trial and Due Process by placing jurors in a "life-like" scenario. In opening statements, the State's prosecutor told the jurors to "put yourself in the customer's shoes when the shots rang out."

Surely, the courts **cannot** allow a representative of the State, or even the defense, to subjugate a trial the way that Mr. Ventura's trial was. The Sixth and Fourteenth Amendments to the United States Constitution guarantees individuals a right to a fair and impartial trial.

WHEREFORE, for the reasons stated above, Mr. Ventura requests that this Honorable Court, after a full review of this Claim, determine that Mr. Ventura was denied his constitutional right to a fair and impartial trial; and Grant Mr. Ventura a new trial.

## CLAIM NO. SIX

**Mr. Ventura's 5th, 6th, and 14th Amendment rights of the United States Constitution were violated when his right to testify was taken from him.**

### *Standard of Review: Right to Testify*

Because "the most important witness for the defense in many criminal cases is the defendant himself," *Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) deemed the accused's right to present his or her testimony at trial, "[e]ven more fundamental to a personal defense than the right to self-representation" under the Sixth Amendment. *Rock*, 483 U.S., at 52, 107 S.Ct., at 2709; see also: *United States v. Walker*, 773 F.2d 1173, 1179 (5th Cir. 1985)("Where the very point of a trial is to determine whether an individual was involved in criminal activity, the testimony of the individual himself must be considered of prime importance."). No matter how daunting the task, the accused therefore is entitled to his right to face jurors and address them directly without regard to the probabilities of success. As with the right of self-representation, denial of the accused's right to testify is not amenable to the harmless error analysis. The right "is either respected or denied; it's deprivation cannot be harmless." *McKaskle v. Wiggins*, 465 U.S. 168, 177, n. 8, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).

### *Argument:*

Mr. Ventura now contends that several attempts were made to have trial counsel allow him to testify in this matter. Yet, trial counsel refused to allow Mr. Ventura to take the stand. Trial counsel specifically, at one instance, informed Mr. Ventura that he would not allow Mr. Ventura to "to take the stand for any reason." A criminal defendant's right to testify is well-established by the Fifth and Fourteenth Amendments to the United States Constitution. Only the defendant may waive this right, not his counsel, and it must be shown to be knowing and voluntary.

The right to testify in one's behalf is one of the rights that is essential to Due Process in a fair adversarial proceeding. See: *Faretta v. California*, 422 U.S., at 819, no. 15, 95 S.Ct. 2525 (1975). In interpreting the Due Process Clause, the Supreme Court held:

> [t]he necessary ingredients of the Fourteenth Amendment's guarantee that no one shall be deprived of liberty without Due Process of Law include a right to be heard and *offer testimony*. (emphasis added).

A person's right to reasonable notice of a charge against him and an opportunity to be heard in his defense – a right to his day in court – are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the evidence against him, *to offer testimony*, and to be

represented by competent counsel.

Mr. Ventura repeatedly informed his trial counsel that he wished to testify in his own behalf as to the truth of the matter. Mr. Ventura felt, and rightly so, that the testimony from the witnesses, without the jury being afforded the opportunity to hear directly from the defendant, would prejudice the truth of the matter and to his defense. Trial counsel had informed Mr. Ventura, in another instance, that **he felt** that Mr. Ventura did not need to testify because the State's prosecutor had the burden of proving the charges of Sexual Battery of a Child Under the Age of Thirteen and Indecent Behavior With a Juvenile under the age of thirteen, and that he (trial counsel) was the one who made that ultimate determination as to whether he would testify or not to testify.

A criminal defendant has a constitutional right to testify at trial which cannot be waived by defense counsel. *Hester v. United States*, 335 F.Appx. 949, 951 (11th Cir. 2009); *United States v. Teague*, 953 F.2d 1525 (11th Cir), *cert. denied*, ___ U.S. ___, 130 S.Ct. 311, 175 L.Ed.2d 206 (2009).

Mr. Ventura contends that the trial counsel never once informed him that it was his right to determine if he would testify at trial or not. Trial counsel never informed Mr. Ventura of a valid reason as to the failure to call him to testify.

In *State v. Hampton*, 00-522 (La. 3/22/02), 818 So.2d 720, the Louisiana Supreme Court held: "As a matter of first impression, 1) Defendant had a constitutional right to testify in his own defense; 2) Defendant's constitutional rights were violated when he was prevented from testifying in his own behalf; and, 3) Denial of the right to testify, after criminal defendant unequivocally made known his desire to do so, was not amendable to harmless-error.

It cannot be permissible trial strategy, regardless of it's merits otherwise, for counsel to override the ultimate decision of a defendant to testify contrary to his advice. When a defendant asserts that he desires to exercise his constitutional right to testify truthfully, counsel's direct duty is to inform the defendant why he believes this course will be unwise or dangerous. If a defendant insists on testifying, however irrational that insistence might be from a tactical viewpoint, counsel must accede. A defendant's personal right to testify truthfully in his own behalf may not be waived by counsel as a matter of strategy. If defense counsel refuses to accept the defendant's decision to testify and would not call him to the stand, counsel has acted unethically to prevent the defendant from exercising his fundamental constitutional right to testify. Under such circumstances, defense counsel has not acted "within the range of competence demanded of attorneys in criminal cases; and the defendant clearly has not received reasonably effective assistance of counsel." To hold otherwise is to ignore the fact that

the defendant's right to testify is secured by the Constitution and only he can waive it.

Mr. Ventura expressed his desire to testify [to his counsel] numerous times prior to, and during trial; and counsel alone chose to prevent his testimony. This was an Sexual Battery of a Child Under the Age of Thirteen and Indecent Behavior With a Juvenile under the age of thirteen case, and Mr. Ventura fully expected to be able to tell his side of the story in his own defense. Mr. Ventura was best suited to meet the State's case, as it was primarily built upon **circumstantial evidence**. Had Mr. Ventura testified, he would have explained to the jury that he had not committed any lewd acts upon or with the alleged victim in this case. This defective performance by trial counsel was so serious that it denied Mr. Ventura of a fair trial, a trial whose result is reliable.

Mr. Ventura further notes that trial counsel did not allow him the opportunity to express to the Judge as to wanting to testify; along with the fact that the trial Judge failed to make such an inquiry of the waiver from Mr. Ventura. Mr. Ventura was never afforded the opportunity through the Court as defense counsel had explained what the Court's reaction would be in the event that Mr. Ventura spoke without being directly addressed by the trial Judge. Therefore, Mr. Ventura could not interrupt the Court; and if he did, he feared possible retribution by the trial Judge of **Contempt of Court** or being **banished from his own trial**.

Let it be noted that the record fails to reflect that a colloquy was ever obtained between the attorney, defendant, and Judge, where Mr. Ventura stated that he voluntarily waived his right to testify in this matter. However, such silence does not raise irrebuttable presumption of a waiver. In other words, we must determine whether [defendant] made "a knowing, voluntary and intelligent waiver of his right to testify." *U.S. v. Teague*, 908 F.2d 752, 759 (11th Cir. 1990); *rehearing granted*, 953 F.2d 1525, *cert. denied*, 113 S.Ct. 127.

Furthermore, counsel's actions cannot be determined to be "trial strategy" due to the fact that Mr. Ventura's only trouble with the law was more than 25 years prior to this allegation.

WHEREFORE, for the foregoing reasons, and after due consideration of this constitutional violations, this Honorable Court deem that Mr. Ventura was denied his Fifth and Fourteenth Amendment rights to testify in his own behalf, and Grant a new trial in this matter.

## CONCLUSION AND PRAYER

**WHEREFORE**, Mr. Ventura respectfully prays that for the reasons argued herein, that this Honorable Court will grant him Post-Conviction Relief.

Respectfully submitted this 8th day of May, 2017.

Rigoberto Ventura, #701404
MPWY/Wal-3
La. State Penitentiary
Angola, LA 70712

## CERTIFICATE OF SERVICE

I Rigoberto Ventura, hereby certify that I have served a true and correct copy of the above and foregoing upon the District Attorney, Washington Parish, by placing same in the Institution's Legal Mail System for depositing in the U.S. Mail, properly addressed and with proper first-class postage pre-paid, this 8th day of May, 2017.

Rigoberto Ventura

## VERIFICATION

I, Rigoberto Ventura, #701404, hereby verify that I have read and understand the statements made in the above and foregoing and that the statements made are true and correct to the best of my knowledge, belief, and information under the penalties of perjury.

Rigoberto Ventura, #701404

**SIGNED AND SUBSCRIBED BEFORE ME** this _____ day of _____, 2017.

Authorized Personnel or Classification Officer

RIGOBERTO VENTURA                          22ND JUDICIAL DISTRICT COURT

Vs. No.:  513,715 "G"                          PARISH OF ST. TAMMANY

DARREL VANNOY, Warden,                  STATE OF LOUISIANA
Louisiana State Penitentiary

_____                  _____
Date Filed By Clerk                            Dpty. Clerk of Court

---

## MOTION FOR EVIDENTIARY HEARING AND
## APPOINTMENT OF COUNSEL

---

NOW INTO COURT COMES Rigoberto Ventura, *pro se* Petitioner, who respectfully moves this Honorable Court to grant him an evidentiary hearing, and the appointment of counsel, for the reason(s) set out below:

### I.

Mr. Ventura, an inmate at the La. State Penitentiary, Angola, Louisiana, is currently seeking post-conviction relief from his underlying criminal conviction had before this Court in the above entitled and numbered matter.

### II.

Mr. Ventura contends that the allegations presented in his post-conviction relief pleadings will entitle him to relief.

### III.

Therefore, Mr. Ventura respectfully moves this Honorable Court to grant him an evidentiary hearing pursuant to *La.C.Cr.P. Art. 930*.

### IV.

Mr. Ventura contends that the granting of an evidentiary hearing for the taking of testimony and/or other evidence is necessary as there are questions of fact which cannot properly be resolved pursuant to *La.C.Cr.P. Arts. 928* and *929*; that a hearing is necessary as the factual and legal issues cannot be resolved based only upon Mr. Ventura's pleadings, the State's answers, and/or supporting documents submitted by either party or available to the Court.

V.

Furthermore, should this Court grant Mr. Ventura an evidentiary hearing, Mr. Ventura motions this Court—pursuant to *La.C.Cr.P. Art. 930.7(C)*—to appoint counsel for the sole purpose of assisting Mr. Ventura in the preparation for, and appearance(s) in such evidentiary hearing(s).

### CONCLUSION AND PRAYER

**WHEREFORE,** Mr. Ventura respectfully prays that this Honorable Court will grant an evidentiary hearing in this matter and if so granted, Mr. Ventura further prays that this Court will appoint counsel for such hearing as mandated by law.

Respectfully submitted this 8th day of May, 2017.

Rigoberto Ventura, #701404
MPWY/Wal-3
La. State Penitentiary
Angola, LA  70712-9818

RIGOBERTO VENTURA

Vs. No.: 513,715 "G"

DARREL VANNOY, Warden,
Louisiana State Penitentiary

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

_____
Date Filed By Clerk

_____
Dpty. Clerk of Court

# ORDER

IT IS HEREBY ORDERED that an evidentiary hearing shall be set in the matter of Rigoberto Ventura's application to this Court for post-conviction relief; and that said evidentiary hearing shall be set for the _____ day of _____, 2017, at _____ o'clock a.m., in Section/Division _____ of this Court.

IT IS FURTHER ORDERED that _____, shall be appointed as counsel for Mr. Ventura for the sole purpose of said evidentiary hearing.

READ, RENDERED, AND SIGNED in Chambers this _____ day of _____, 2017.

_____
DISTRICT COURT JUDGE

**SERVICE INSTRUCTIONS:**

District Attorney, St. Tammany Parish;

Attorney Appointed to Represent Mr. Ventura at the Evidentiary Hearing; and

Rigoberto Ventura, #701404, La. State Penitentiary, Angola, LA 70712.

RIGOBERTO VENTURA                          22ND JUDICIAL DISTRICT COURT

Vs. No.: 513,715 "G"                       PARISH OF ST. TAMMANY

DARREL VANNOY, Warden,                     STATE OF LOUISIANA
Louisiana State Penitentiary

_____           _____
Date Filed By Clerk                        Dpty. Clerk of Court

## PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

NOW INTO COURT COMES Rigoberto Ventura, *pro se* Petitioner, who respectfully moves this Honorable Court to grant the instant Petition and issue a writ of habeas corpus ad testificandum upon the Warden, La. State Penitentiary, Angola, LA, for the reason(s) set out below:

I.

Mr. Ventura, an inmate at the La. State Penitentiary, Angola, Louisiana, is currently seeking post-conviction relief from his underlying criminal conviction had before this Court in the above entitled and numbered matter.

II.

Darrel Vannoy is the Warden of said Penitentiary.

III.

In conjunction with his application for post-conviction relief, Mr. Ventura has also filed into this Court a motion seeking an evidentiary hearing in the matter.

IV.

Pursuant to *La.C.Cr.P. Art. 930(A)*, Mr. Ventura is entitled the right to be present at such hearing and he further asserts that he is hereby exercising said entitlement.

### CONCLUSION AND PRAYER

WHEREFORE, Mr. Ventura respectfully prays that this Honorable Court will issue a Writ of Habeas Corpus Ad Testificandum upon the Warden of the La. State Penitentiary, Angola, LA 70712, (or his designee) to produce the body of Mr. Ventura, before this Honorable Court, for the purpose of an evidentiary hearing in this post-conviction relief proceeding.

Respectfully submitted,

_____
Rigoberto Ventura, #701404

RIGOBERTO VENTURA

Vs. No.: 513,715 "G"

DARREL VANNOY, Warden,
Louisiana State Penitentiary

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

_____
Date Filed By Clerk

_____
Dpty. Clerk of Court

## ORDER

IT IS HEREBY ORDERED that a Writ of Habeas Corpus Ad Testificandum shall issue herein, commanding the Warden (or designee) of the La. State Penitentiary, Angola, LA 70712, to produce the body of Rigoberto Ventura, #701404, in Section _____ of this Court, on the _____ day of _____ 2017, not later than _____ o'clock a.m., for the purpose of an evidentiary hearing on an application for post-conviction relief.

READ, RENDERED AND SIGNED in Chambers this _____ day of _____ 2017.

_____
DISTRICT COURT JUDGE

SERVICE INSTRUCTIONS:

Warden, La. State Penitentiary, Angola, LA 70712;

District Attorney, St. Tammany Parish;

Attorney Appointed to represent Mr. Ventura; and

Petitioner Rigoberto Ventura, #701404, La. State Penitentiary, Angola, LA 70712.

RIGOBERTO VENTURA

Vs. No.:  513,715 "G"

DARREL VANNOY, Warden,
Louisiana State Penitentiary

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

_____
Date Filed By Clerk

_____
Dpty. Clerk of Court

---

## MOTION TO COMPEL ANSWER

---

NOW INTO COURT COMES Rigoberto Ventura, *pro se* Petitioner, who respectfully moves this Honorable Court to grant the instant Motion and thereby issue an order upon the District Attorney for St. Tammany Parish to file any procedural objections or answers on the merits to Mr. Ventura's present application for post-conviction relief.

### I.

Mr. Ventura, an inmate at the La. State Penitentiary, Angola, Louisiana, is currently seeking post-conviction relief from his underlying criminal conviction had before this Court in the above entitled and numbered matter.

### II.

Petitioner, Rigoberto Ventura, respectfully avers that the allegations presented in his "Uniform Application for Post-Conviction Relief" and accompanying "Memorandum of Law in Support," once established, will entitle him to relief.

### III.

Mr. Ventura respectfully moves this Court—pursuant to *La.C.Cr.P. Art. 927(A)*—to order the District Attorney for St. Tammany Parish to file any procedural objections he may have and/or his answer upon the merits of the claims asserted in Mr. Ventura's post-conviction relief application. Respectfully submitted this 8th day of May, 2017.

Rigoberto Ventura, #701404
MPWY/Wal-3
La. State Penitentiary
Angola, LA  70712-9818

RIGOBERTO VENTURA                           22ND JUDICIAL DISTRICT COURT

Vs. No.:  513,715 "G"                        PARISH OF ST. TAMMANY

DARREL VANNOY, Warden,                       STATE OF LOUISIANA
Louisiana State Penitentiary

_____          _____
Date Filed By Clerk                          Dpty. Clerk of Court

## ORDER

IT IS HEREBY ORDERED that, the District Attorney for Washington Parish shall file any procedural objections and/or answers upon the merits of the claims asserted by Mr. Ventura in his foregoing application for post-conviction relief, with this Court on or before the _____ day of _____, 2017.

READ, RENDERED AND SIGNED in Chambers this _____ day of _____, 2017.

_____
DISTRICT COURT JUDGE

**SERVICE INSTRUCTIONS:**

District Attorney, Washington Parish; and

Rigoberto Ventura, #701404, La. State Penitentiary, Angola, LA 70712.

| | |
|---|---|
| **RIGOBERTO VENTURA** | **22ND JUDICIAL DISTRICT COURT** |
| **Vs. No.: 513,715 "G"** | **PARISH OF ST. TAMMANY** |
| **DARREL VANNOY, Warden,**<br>**Louisiana State Penitentiary** | **STATE OF LOUISIANA** |

Date Filed By Clerk of Court                              Dpty. Clerk of Court

---

## MOTION FOR PRODUCTION OF DOCUMENTS
## UNDER PARTICULARIZED NEED

---

**MAY IT PLEASE THE COURT:**

NOW INTO COURT comes, in pro se capacity, Rigoberto Ventura, respectfully submitting the following in support of his Motion for Production of Documents Under Particularized Need.

### ARGUMENT

Petitioner Rigoberto Ventura is now forced to file his Application for Post Conviction Relief from memory alone. Mr. Ventura respectfully requests that after a review of his application for post conviction relief that this Honorable Court will grant him the production of the record so that he may more fully perfect his claims for presentation to the Court.

Had Mr. Ventura been allowed to obtain a copy of the record, he would not be in the position of presenting an application for post conviction relief to this Court based on his memory alone without any part of the record, to submit to the Court to help substantiate his claims. Further, due to the length of the trial, the complexity of the issues brought up at the trial, Mr. Ventura's inexperience with criminal trial and trial procedures at the time of his trial, etc., Mr. Ventura strongly maintains that he will not be able to present all viable claims in his application for post conviction relief without the availability of the record.

#### *Free Copy of the Record:*

Mr. Ventura contends that he has met the requisite showing of particularized need via the claims outlined in his application for post conviction relief and memorandum in support and that the Court should order that he be provided a free copy of the record. Due to his incarceration, Mr. Ventura is indigent and without means, unable to purchase the record in this matter in order that he may further substantiate and develop his claims before the Court.

In *State ex rel. Bernard v. Orleans Criminal District Court Section J*, 94-2247 (La. 4/28/95), 653 So.2d 1174, the Louisiana Supreme Court held that an indigent inmate has a constitutional right to free copies of documents to which he or she is not entitled to as of right only in those instances where he or she shows that the denial of the request will deprive him or her of an adequate opportunity to present his or her claims fairly. *See United States v. MacCollom*, 426 U.S. 317, 324, 96 S.Ct. 2086, 2091, 48 L.Ed.2d 666 (1976) (quoting *Ross v. Moffitt*, 417 U.S. 600, 616, 94 S.Ct. 2437, 2447, 41 L.Ed.2d 341 (1974)). Meeting that constitutional threshold requires a showing of what has been called "particularized need."

In *Bernard*, the Court held that an inmate cannot make a showing of particularized need absent a properly filed application for post conviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support. And that upon filing his or her application for post conviction relief a petitioner may request the Court furnish him or her the documents needed to support the claims.

*Borrow the Record:*

After conferring with an Offender Counsel Substitute, Mr. Ventura has learned that the Court may, in its discretion, loan the trial record to Ms. Trish Foster, Custodian, Legal Program's Director of the Louisiana State Penitentiary. Mr. Ventura's appeals are final or, otherwise, settled due to the fact that Mr. Ventura waived his right to Appeal.

Mr. Ventura is untrained, unlearned, and has no knowledge in the science of law. For example, he has no legal research skills, he is unable to marshall the facts of his case, he cannot recognize substantial errors or organize and write a brief, relying on the assistance of an inmate counsel substitute.

Access to courts for prison inmates entails not only freedom to file pleadings, but also freedom to employ those accessories without which legal claims cannot be effectively asserted.

In this instance, Mr. Ventura is relying on a prison system that experiments with a law library and trained Offender Counsel Substitutes. However, because the prison's Offender Counsel Substitutes were not at trial, their impediment of an unavailable trial record and Mr. Ventura's reliability on his memory severely disadvantages them to help Mr. Ventura prepare an application for post conviction relief.[3] In this case, it is more likely than not, Mr. Ventura will not have an adequate collateral review,

---

3  "As any effective appellate advocate will attest, the most basic and fundamental tool of his profession is the complete trial transcript, through which his trained fingers may leaf and his trained eyes may roam in search of an error, a lead to an error, or even a basis upon which to urge a change in an established and hitherto accepted principle of law. . ." *Hardy v. United States*, 375 U.S. 277, 11 L.Ed. 2d 331, 84 S.Ct. 424 (1964).

unless this Court will aid him.

Our Louisiana Supreme Court has judiciously determined that, "[o]ne of the goals of Louisiana's court system of justice is to provide both the accused and the state with fair and prompt appeals, and further proceedings to correct error." *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 9/5/95).

Mr. Ventura has alleged ineffective assistance of counsel Claims in his Application for Post-Conviction Relief. However, Mr. Ventura also believes that there are additional Claims of ineffective assistance of counsel during the course of the jury selection and the tendering of the State's first two witnesses. However, as of this date, Mr. Ventura has not been able to obtain a copy of the transcript from the start of his trial.

**WHEREFORE**, Mr. Rigoberto Ventura prays that after a thorough review of his application for post conviction relief and memorandum in support that the Court will order that he be provided a free copy of the record or that the record in the matter will be loaned to him so that he may more fully develop and present his claims before the Court.

Respectfully submitted this 8th day of May, 2017.

> _____
> Rigoberto Ventura #701404, Pro Se
> MPWY/Wal-3
> Louisiana State Prison
> Angola, Louisiana 70712

## AFFIDAVIT

I, Rigoberto Ventura, hereby swear and aver that the foregoing is true and correct to the best of my knowledge and belief.

> _____
> Rigoberto Ventura

RIGOBERTO VENTURA

22ND JUDICIAL DISTRICT COURT

Vs. No.: 513,715 "G"

ST. TAMMANY

DARREL VANNOY, Warden,
Louisiana State Penitentiary

STATE OF LOUISIANA

_____
Date Filed By Clerk of Court

_____
Dpty. Clerk of Court

### ORDER

THE ABOVE AND FOREGOING MOTION CONSIDERED:

IT IS ORDERED that Clerk of Court and/or the Court Reporter furnish Rigoberto Ventura a free copy of the trial record in the matter to him at: Rigoberto Ventura #701404, Louisiana State Penitentiary, Angola, Louisiana 70712; *or in the alternative,*

IT IS ORDERED that Rigoberto Ventura is granted access to his trial record through Louisiana State Penitentiary Legal Programs Department's Director, Trish Foster, who is designated as the transient custodian that will provide a copy to Rigoberto Ventura #701404;

IT IS FURTHER ORDERED that Rigoberto Ventura #701404 shall have reasonable access to the record in order to prepare and perfect his application for post conviction relief;

IT IS FURTHER ORDERED that the Department of Corrections, Legal Programs Department, is ordered to copy the trial record at Rigoberto Ventura's cost, should he request copying, within the usual practice of the institution;

IT IS FURTHER ORDERED that IF the Legal Programs Department copies the trial record, those portions of the text consisting of information that identifies the victims of these offenses must be deleted or covered before the record is made available to Rigoberto Ventura #701404;

IT IS FURTHER ORDERED that Trish Foster return the trial record on or before the _____ day of _____, 20____; *and,*

IT IS ORDERED that Rigoberto Ventura's application for post conviction relief is due _____ days after receipt of the trial record in the matter.

Shreveport, Louisiana this _____ day of _____, 2017.

_____
JUDGE – PRESIDING
22ND JUDICIAL DISTRICT COURT

RIGOBERTO VENTURA

Vs. No.:  513,715 "G"

DARREL VANNOY, Warden,
Louisiana State Penitentiary

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

_____
Date Filed By Clerk of Court

_____
Dpty. Clerk of Court

## MOTION FOR LEAVE TO SUPPLEMENT
## POST-CONVICTION-APPLICATION

MAY IT PLEASE THE COURT:

NOW COMES, Rigoberto Ventura, Petitioner in the above captioned cause, respectfully requesting this Honorable Court to amend\supplement his judicial review and\or to grant leave to file a supplement to his pending Post-Conviction Application in the above numbered case for the following reasons, to wit:

Mr. Ventura filed has simultaneously filed an Application for Post-Conviction Relief in the 22nd Judicial District Court, which is still pending. Mr. Ventura has made several inquiries to no avail. Therefore,  Mr. Ventura re-submits a copy of his original timely filed petition with all exhibits and appendices attached, along with this timely Motion and petition to supplement same pursuant to *Duhon v. Whitley*, 92-1740 (La.9/2/94), 642 So.2d 1273.

Simultaneously, Mr. Ventura is submitting a Motion for Production of Documents in an attempt to obtain the trial transcripts in order to substantiate his Claims in his Application for Post-Conviction Relief and Memorandum in Support.

Mr. Ventura has filed his Post-Conviction Relief solely on his memory and the pleadings filed during the course of the Appeal (Original Brief by appellate counsel, State's Response, and Ruling by the Louisiana Second Circuit Court of Appeals). Mr. Ventura has properly addressed the requirements of the "particularized need" in his prior pleadings. Therefore, Mr. Ventura should be able to obtain these transcripts without needing to file a Writ of Mandamus into the district court for such.

Mr. Ventura is certain that once he is able to obtain his transcripts, and after a thorough examination of such, there are more constitutional violations which he has missed during the initial filing of his collateral review.

Mr. Ventura avers that a supplement to his original Post-Conviction Application will not cause prejudice to the prosecution or interfere with the trial courts administration of justice.

The motion for Leave to Supplement is necessary and proper. And if not granted, may cause an inappropriate Determination of the merits, and irreparable prejudice to Mr. Ventura.

## PRAYER

**WHEREFORE**, Mr. Ventura prays he be allotted Sixty (60) days in which to file a supplemental brief **AFTER** he has obtained the transcripts from this Court and/or the Court Reporter.

Respectfully submitted,

_____

Rigoberto Ventura #701404
MPWY/Wal-3
Louisiana State Penitentiary
Angola Louisiana 70712

## CERTIFICATE OF SERVICE

I, Rigoberto Ventura, do hereby certify that a true and correct copy of the foregoing Motion has been served by placing same in the U.S. Mail with First Class postage prepaid on this 8th day of May, 2017.

_____

Rigoberto Ventura #701404

RIGOBERTO VENTURA

Vs. No.: 513,715 "G"

DARREL VANNOY, Warden,
Louisiana State Penitentiary

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

_____
Date Filed By Clerk of Court

_____
Dpty. Clerk of Court

## ORDER

It is ordered that Mr. Ventura be granted Sixty (60) days in which to file a Supplement to his

original Application for Post-Conviction Relief AFTER he has obtained the transcripts from the Court

and/or Court Reporter.

Thus Signed this_____, day of_____, 2017.

_____
PRESIDING JUDGE