# APPENDIX "B"

## MOTION TO CLARIFY
## 3/13/17

IN THE
18TH JUDICIAL DISTRICT COURT
PARISH OF POINTE COUPEE
STATE OF LOUISIANA

DOCKET NO.: <u>78,697</u>



**STATE OF LOUISIANA**

**VERSUS**

**MORRIS GRIFFIN**

---

## MOTION TO CLARIFY DISTRICT COURT RULING AND REQUEST FOR WRITTEN RULING UNDER THE PROVISIONS OF La.C.Cr.P. Art. 930.1

---

FILED ON THE BEHALF OF MORRIS GRIFFIN, PRO-SE

MORRIS GRIFFIN #702022
MPWY/HIC-4
LOUISIANA STATE PRISON
ANGOLA, LA  70712

## CRIMINAL PROCEEDING

*PREPARED BY:*
David Constance #304580 Offender Counsel Substitute III
Main Prison Legal Aid Office
Criminal Litigation Team
La. State Penitentiary
Angola, LA  70712

| | |
|---|---|
| STATE OF LOUISIANA | 18TH JUDICIAL DISTRICT COURT |
| VERSUS NO.: 78,697 "F" | PARISH OF POINTE COUPEE |
| MORRIS GRIFFIN | STATE OF LOUISIANA |
| | |
| Filed | Deputy Clerk of Court |

LANELL SWINDLER LANGRY
CLERK OF COURT & RECORDER
PARISH OF POINTE COUPEE

2018 MAR 14   PM 12: 3_

RECEIVED & FILED

## MOTION TO CLARIFY DISTRICT COURT RULING AND REQUEST FOR WRITTEN RULING UNDER THE PROVISIONS OF La.C.Cr.P. Art. 930.1

**MAY IT PLEASE THE COURT:**

NOW INTO COURT COMES, Morris Griffin, Petitioner pro-se, who respectfully requests this Honorable Court allow him to clarify and furnish him with the Ruling of the Application for Post-Conviction Relief in Docket No.: 78,697.

On February 7, 2018, Mr. Griffin requested a Status Check on his Application for Post-Conviction Relief which was filed into the 18th Judicial District Court on April 7, 2016. On March 2, 2018, Mr. Griffin had received a response from the Clerk of Court's Office for the Parish of Pointe Coupee.

There was no letter with the correspondence; just what appears to be a Ruling from the district court for the Motion Requesting Evidentiary Hearing and Appointment of Counsel which had been included with Mr. Griffin's Application for Post-Conviction Relief w/ Memorandum in Support.

After a thorough review of the Legal Mail received by Mr. Griffin, it should be noted that Mr. Griffin HAS NEVER been notified of ANY Ruling in the Application, except when the Original Application for Post-Conviction Relief had been returned to Mr. Griffin for failure to have the Classification Officer sign the proceedings.

Out of an abundance of caution, Mr. Griffin is requesting that this Honorable Court forward him a copy of any written ruling the Court has made in his collateral proceedings; filing a Notice of Intent to Seek Writs; and, a Notice of Intent to Seek Writs.

According to the correspondence by the Clerk of Court's Office, it appears as though Mr. Griffin's Motion Requesting Evidentiary Hearing and Appointment of Counsel may be the pleading which had been denied on April 25, 2017. In accordance with La.C.Cr.P. Art. 930.1, which states in

pertinent part:

**Art. 930.1 Judgment granting or denying relief under Articles 928, 929, and 930.**

A copy of the judgment granting or denying relief and written or transcribed reasons for the judgment shall be furnished to the Petitioner, the District Attorney, and the custodian.

In order for Mr. Griffin to properly file for Supervisory Writs, it is **mandatory** to include a copy of the written ruling as an Appendix. Furthermore, in order for Mr. Griffin to file a Notice of Intent to Seek Writs to the First Circuit Court of Appeals, Mr. Griffin has to be made aware that there has been a Ruling made in this matter.

Mr. Griffin contends that there is no way to ascertain, without being served a copy of the judgment as required by La.C.Cr.P. Art. 930.1 what type of action had been taken by the district court. The record will support that the district court took unusual actions in this case. The State had filed it's Answer on February 6, 2018, yet Mr. Griffin received this Answer on June 11, 2018. The Clerk of Court states that the district court denied the Application for Post-Conviction Relief on June 10, 2018. Yet, Mr. Griffin has not received actual notice from the district court that a Ruling has been made in this matter. Mr. Griffin received the Ruling from February 12, 2018 denying the attached motions to the Application for Post-Conviction Relief.

In *Troy Hopkins v. Burl Cain*, a case decided by the U.S. Fifth Circuit Court of Appeals, held that, paraphrasing, *"to proceed to the Court of Appeals without attaching a copy of a trial court judgment, constitutes an improper filing and would not toll."* La. U.R.C.A. 4-5. The overall complaint that Mr. Griffin has, is that that district court would have forced him to state in one Court without the ability to proceed because the State Court has not complied with La.C.Cr.P. Art. 930.1, which mandates that a copy of the judgment be served upon him.

Whereas Mr. Griffin has not been "furnished" with a copy of the Ruling by the district court, Mr. Griffin request that a copy of said ruling be "furnished" to him; also the opportunity to file his Notice of Intent to Seek Writs to the First Circuit Court of Appeals, allowing him the opportunity to TIMELY file his Supervisory Writ to the First Circuit Court of Appeals.

## CONCLUSION

Mr. Griffin respectfully requests that this Honorable Court abide by the provisions of La.C.Cr.P. Art. 930.1 and furnish him a Clarification of the Ruling, and a copy of the Written Ruling in this matter.

Mr. Griffin further request that this Honorable Court allow him equitable tolling for the reasons stated above.

Done this 13ᵗʰ day of March, 2018.

Respectfully submitted,

Morris Griffin #702022
MPWY/Hic-4
Louisiana State Prison
Angola, LA 70712

## CERTIFICATE OF SERVICE

I, Morris Griffin #702022, hereby certify that I have served a true and correct copy of the above and foregoing motion upon the Clerk of Court for the Court of Appeal, First Circuit, and the District Attorney for the 18th Judicial District Court, Parish of Pointe Coupee, by placing same in the United States mail, properly addressed, and with proper First-Class postage affixed this 13ᵗʰ day of March, 2018.

Morris Griffin #702022

## VERIFICATION

I, Morris Griffin #702022, do hereby declare I have prepared this motion now before this Honorable Court and that it is true and correct to the best of my knowledge and belief.

Morris Griffin

STATE OF LOUISIANA

VERSUS NO.: 78,697 "F"

MORRIS GRIFFIN

Filed

18TH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

Deputy Clerk of Court

2018 MAR 14   PM 3: 14

LANELL SWINDLER LANDRY
CLERK OF COURT & RECORDER
PARISH OF POINTE COUPEE

RECEIVED & FILED

## ORDER

CONSIDERING THE FOREGOING MOTIONS:

IT IS HEREBY ORDERED that Mr. Griffin be Motion for Clarification and Written Ruling Pursuant to La.C.Cr.P. Art. 930.1 be Granted.

IT IS FURTHER ORDERED that the Clerk of Court, in and for the Parish of Pointe Coupee furnish Mr. Griffin with a copy of the Original Ruling in the Application for Post-Conviction Relief in the above named and enumerated matter.

THIS DONE AND SIGNED IN CHAMBERS, July 25, 2018.

JUDGE

Judge J. Kevin Kimball
18th JDC, Division "A"

2018 JUL 25   PM 2: 44

LANELL SWINDLER LANDRY
CLERK OF COURT & RECORDER
PARISH OF POINTE COUPEE

RECEIVED & FILED

ATTEST A TRUE CERTIFIED COPY

DATE FILED

DY. CLERK OF COURT
POINTE COUPEE PARISH
NEW ROADS, LOUISIANA

STATE OF LOUISIANA

VERSUS NO.: 78,697 "F"

MORRIS GRIFFIN

18TH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

_____
Filed

_____
Deputy Clerk of Court

## NOTICE OF INTENT TO FILE SUPERVISORY WRIT(S) AND REQUEST THAT THIS COURT SET DEFENDANT'S FILING DEADLINE WITH THE FIRST CIRCUIT COURT OF APPEAL

MAY IT PLEASE THE COURT:

NOW AND INTO THIS HONORABLE COURT comes Defendant and pro-se Applicant in the above captioned and enumerated cause, Morris Griffin, who now submits his Notice of Intent to Seek Supervisory Writ(s) of Review to the Louisiana Court of Appeal, First Circuit, pursuant to U.R.C.A. Rule 4-2.

Additionally, Defendant moves this court to set a return date/filing date setting the deadline Defendant must meet in which to properly and timely file said Supervisory Writ Application pursuant to U.R.C.A. 4-3.

In support, Defendant gives the current procedural posture of this case as cause for this court's Granting of this motion to wit:

### I.

It appears that the district court may have denied Mr. Griffin's Application for Post-Conviction Relief on April 25, 2017 without the benefit of an evidentiary hearing held in this matter. Mr. Griffin was not notified of this Ruling until he received a letter from the Clerk of Court's Office dated March 2, 2018, after a request for a Status Check had been filed. The chain of events are as follow:

Mr. Griffin filed his Application for Post-Conviction Relief on April 7, 2016. The State has not responded to these collateral proceedings.

Mr. Griffin's Application for Post-Conviction Relief was returned to him because it had not been signed by the Classification Officer. On March 21, 2017, Mr. Griffin re-submitted his Application for Post-Conviction Relief.

Mr. Griffin made numerous requests for a Status Check of his pleadings, with no response from the Clerk of Court's Office until the request dated March 6, 2018 was submitted.

According to the Clerk of Court, it appears as though Mr. Griffin's Application for Post-Conviction Relief may have been denied on April 25, 2018. However, the **ONLY** notification of **ANY** Ruling was when the district court denied his Motion for Evidentiary Hearing and Appointment of Counsel and Request for an Evidentiary Hearing. Furthermore, the denials of these aforementioned motions fail to inform Mr. Griffin of whether the Application for Post-Conviction Relief had been also denied by the district court.

In order for Mr. Griffin to properly file for Supervisory Writs, it is mandatory to include a copy of the written ruling as an Appendix. Furthermore, in order for Mr. Griffin to file a Notice of Intent to Seek Writs to the First Circuit Court of Appeals, Mr. Griffin has to be made aware that there has been a Ruling made in this matter.

Mr. Griffin contends that there is no way to ascertain, without being served a copy of the judgment as required by La.C.Cr.P. Art. 930.1 what type of action had been taken by the district court. The record will support that the district court took unusual actions in this case. Yet, Mr. Griffin has not received actual notice from the district court that a Ruling has been made in this matter. Mr. Griffin received the Ruling dated April 25, 2017 denying the Motion for Evidentiary Hearing and Appointment of Counsel.

In *Troy Hopkins v. Burl Cain*, a case decided by the U.S. Fifth Circuit Court of Appeals, held that, paraphrasing, "*to proceed to the Court of Appeals without attaching a copy of a trial court judgment, constitutes an improper filing and would not toll.*" La. U.R.C.A. 4-5. The overall complaint that Mr. Griffin has, is that that district court would have forced him to state in one Court without the ability to proceed because the State Court has not complied with La.C.Cr.P. Art. 930.1, which mandates that a copy of the judgment be served upon him.

Furthermore, the United States Supreme Court in *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130, held that: "State prisoner is entitled to equitable tolling of one-year statute of limitations on petitions for federal habeas relief only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing of petition. 28 U.S.C.A. § 2244 (d)."

Mr. Griffin contends that he meets the extraordinary circumstances in order to have this Notice of Intent Granted without being held responsible for timeliness of such, as he has not been furnished

with a copy of the Ruling on the Application for Post-Conviction Relief.

Additionally, the U.S. Fifth Circuit Court of Appeals, in *Phillips v. Donnelly*, 216 F.3d 508 (C.A. 5th (Miss.) 200), held that: "Alleged four month delay between state court's denial of habeas petition and day Petitioner received notice of denial warranted equitable tolling of limitations period to file federal habeas claim under Antiterrorism and Effective Death Penalty Act (AEDPA) ..."

## II.

A properly filed and executed Notice of Intent/Designation of Record pursuant to U.R.C.A. Rule 4-3 is now timely submitted by Defendant and placed in prison officials hands for mailing on this 22nd day of September, 2018.

## CONCLUSION AND PRAYER

Mr. Griffin now respectfully prays that for the reasons stated herein this court Order the following action(s) be allowed in this case, to wit:

1. This court Grant Mr. Griffin a Generous Return Date of filing to the Court of Appeal, First Circuit, an Application for Supervisory Writs no later than Sixty days after the receipt of the Ruling from the Original Application.

2. This Court also allows the equitable tolling of Mr. Griffin's time limitations as the Ruling was not furnished to Mr. Griffin before this date.

Respectfully submitted for this court's consideration by placing this Filing in Louisiana State Prison Officials hands for Filing on this 13th day of March, 2018.

Morris Griffin #702022
MPWY/Hic-4
Louisiana State Prison
Angola, LA 70712

## CERTIFICATE OF SERVICE

I, Morris Griffin #702022, hereby certify that I have served a true and correct copy of the above and foregoing motion upon the Clerk of Court for the Court of Appeal, First Circuit, and the District Attorney for the 18th Judicial District Court, Parish of Pointe Coupee, by placing same in the United States mail, properly addressed, and with proper First-Class postage affixed this 13th day of March, 2018.

Morris Griffin #702022

## VERIFICATION

I, Morris Griffin #702022, do hereby declare I have prepared this motion now before this Honorable Court and that it is true and correct to the best of my knowledge and belief.

Morris Griffin

STATE OF LOUISIANA

VERSUS NO.: 78,697 "F"

MORRIS GRIFFIN

_____
Filed

18TH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

_____
Deputy Clerk of Court

RECEIVED & FILED
2018 MAR 14  PM 3: 14
LANELL SWINDLER LANDRY
CLERK OF COURT & RECORDER
PARISH OF POINTE COUPEE

## ORDER

After careful consideration of Defendant's Notice of Intent to File Supervisory Writs of Review

and Request that this Court set Defendant's filing deadline with the Court of Appeal, First Circuit, the

following is Ordered by this Court:

IT IS ORDERED by the Court that the Defendant be allowed to file his Application for

Supervisory Writs of Review with the Clerk of Court of the Court of Appeal, First Circuit on or before

the 25th day of September, 2018.

_____
JUDGE

Judge J. Kevin Kimball
18th JDC, Division "A"

SERVICE INSTRUCTIONS:

Court of Appeal, 1st Circuit, Clerk of Court

18th Judicial District Attorney's Office

Morris Griffin #702022, Louisiana State Prison, Angola, LA 70712

RECEIVED & FILED
2018 JUL 25  PM 2: 45
LANELL SWINDLER LANDRY
CLERK OF COURT & RECORDER
PARISH OF POINTE COUPEE

ATTEST A TRUE CERTIFIED COPY
DATE FILED _____
DV. CLERK OF COURT
POINTE COUPEE PARISH
NEW ROADS, LOUISIANA

\\Mepd05\ICS\lp-dconstance80\My Documents\clients\G\Griffin Morris #702022\Griffin Morris Clarification.odt

STATE OF LOUISIANA

VERSUS NO.: 78,697 "F"

MORRIS GRIFFIN

18·H JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

Filed _____

Deputy Clerk of Court _____

RECEIVED & FILED 2018 MAR 14 PM 12: 32

LANELL SWINDLER CLERK OF COURT & RECORDER PARISH OF POINTE COUPEE

ER P. LANDRY

## MOTION REQUESTING EXTENSION OF TIME

**MAY IT PLEASE THE COURT:**

NOW COMES, Morris Griffin, in pro-se capacity, respectfully requesting (1) Extension of Time to return his Notice of Intent to Seek Writs to the First Circuit Court of Appeals in this Honorable Court. Mr. Griffin was not notified of a Ruling made in his Application for Post-Conviction Relief until he requested a Status Check on February 7, 2018. In the return correspondence the Clerk of Court's Office informed Mr. Griffin that his Application had been denied on April 25, 2017. Mr. Griffin stipulates that in accordance with La.C.Cr.P. Art. 930.1, "A copy of the judgment granting or denying relief and written or transcribed reasons for the judgment shall be furnished to the Petitioner, the District Attorney, and the custodian."

Accordingly, Mr. Griffin HAD NOT been informed of the denial prior to the March 2, 2018 response to his Status Check in this matter. Mr. Griffin had been received the State's Answer to the Application for Post-Conviction Relief on February 11, 2018 (and filed a Traverse to such on February 18, 2018), the district court's February 12, 2018 denials of the Motion for Evidentiary Hearing and Appointment of Counsel, along with the denial of the Writ of Habeas Corpus Ad Testificandum.

Simultaneously to this Motion for Extension of Time, Mr. Griffin is filing a Motion for Clarification and Request for Written Ruling Under the Provisions of La.C.Cr.P. Art. 930.1, and his Notice of Intent to Seek Writs to the First Circuit Court of Appeals.

As Mr. Griffin HAS NOT received the Ruling from the Original Application, he SHOULD NOT be penalized for failing to seek writs to the Court of Appeals.

It should be noted that in accordance with the provisions of La. U.R.C.A. 4-5, a copy of the Original filing and Ruling from the district court MUST be attached to the Supervisory Writ before the Court of Appeals will review the Claims. Hence, no Ruling, no Review.

In order to prevent a "Mixed Petition" in the Federal Courts, Mr. Griffin must exhaust all available State remedies before seeking redress with the U.S. District Court.

WHEREFORE, Mr. Griffin prays this Honorable Court the request for an extension to afford him ample time to obtain the written Ruling in accordance to La.C.Cr.P. Art. 930.1, research and file the Supervisory Writ to the First Circuit Court of Appeals.

Respectfully submitted this 13ᵗʰ day of March, 2018.

Morris Griffin #702022
MPWY/Hic-4
Louisiana State Prison
Angola, LA 70712

## CERTIFICATE OF SERVICE

I, Morris Griffin #702022, hereby certify that I have served a true and correct copy of the above and foregoing motion upon the Clerk of Court for the Court of Appeal, First Circuit, and the District Attorney for the 18th Judicial District Court, Parish of Pointe Coupee, by placing same in the United States mail, properly addressed, and with proper First-Class postage affixed this 13ᵗʰ day of March, 2018.

Morris Griffin #702022

## VERIFICATION

I, Morris Griffin #702022, do hereby declare I have prepared this motion now before this Honorable Court and that it is true and correct to the best of my knowledge and belief.

Morris Griffin

STATE OF LOUISIANA                          18TH JUDICIAL DISTRICT COURT

VERSUS NO.: 78.697 "F"                      PARISH OF POINTE COUPEE

MORRIS GRIFFIN                              STATE OF LOUISIANA

_____                     _____
Filed                                       Deputy Clerk of Court

## ORDER

**CONSIDERING THE FOREGOING MOTIONS:**

IT IS HEREBY ORDERED that Mr. Griffin be Granted an Extension of Time to receive the

Original Ruling from the Application for Post-Conviction Relief and fully prepare his Supervisory Writ

in this matter. This extension of time shall be no longer than 60 days after Mr. Griffin receives

requested documents.

IT IS FURTHER ORDERED that the Original Ruling dated April 25, 2017 be furnished to

Mr. Griffin for the purpose of preparing his Supervisory Writ to the First Circuit Court of Appeals.

THIS DONE AND SIGNED IN CHAMBERS, July 25, 2018, BRC

_____
JUDGE

Judge J. Kevin Kimball
18th JDC, Division "A"

*Defendant granted 60 days from signing of written reasons (7/25/18) to apply for Supervisory Writ.*

# APPENDIX "C"

## ORDER
## 5/22/17

STATE OF LOUISIANA       NUMBER: 513715    DIV.  G

                               22ND JUDICIAL DISTRICT COURT

**VERSUS**

                               ST. TAMMANY PARISH

**RIGOBERTO F. VENTURA**      STATE OF LOUISIANA

## ORDER

This matter comes before the court pursuant to an Application for Post Conviction Relief (the "Application") filed on May 11, 2017, by Rigoberto F. Ventura ("Ventura" "Defendant" or "Petitioner"), pro se, with the assistance of David Constance, Criminal Offender Substitute. Petitioner lists six claims, namely: ineffective assistance of counsel; denial of appellate review; use of discriminatory jury challenges by the State; use of thirteen peremptory jury challenges by the State instead of twelve as provided for by statute; prosecutorial misconduct during closing argument; and denial of the right to testify.

Attached to the Application is a Motion for Production of Documents under Particularized Need. In that Motion, Petitioner cites to State ex rel. Bernard v. Criminal Dist. Court Section J., 94-2247 (La. 4/28/95), 653 So. 2d 1174, 1175 for the proposition that he has established a right to a free copy of his transcripts by the filing of this Application. As stated by the Court in Bernard,

> This Court's jurisprudence requires lower courts to provide indigent inmates with copies of certain types of documents as of right. State ex rel. Simmons v. State, 93–0175 (La. 12/16/94), 647 So.2d 1094. As to all other documents, an indigent inmate has the constitutional right to free copies only in those instances in which he shows that denial of the request will deprive him of an "adequate opportunity to present [his] claims fairly." United States v. MacCollom, 426 U.S. 317, 324, 96 S.Ct. 2086, 2091, 48 L.Ed.2d 666 (1976) (quoting Ross v. Moffitt, 417 U.S. 600, 616, 94 S.Ct. 2437, 2447, 41 L.Ed.2d 341 (1974)). Meeting that constitutional threshold requires a showing of what this Court has called "particularized need."

1

After review, the court notes that the Application is typed, reasonably well written by a non-lawyer, well organized, contains extensive legal citation and on its face, appears worthy of the time consuming task of reviewing the record, including the transcript of a lengthy trial, in order to analyze the merits of Petitioner's claims. An alternative would be to acquiesce to his request and provide the transcript to Substitute Counsel at Angola.

However, shortly before receipt of the subject Application, this division of the court, one of ten divisions having criminal jurisdiction in a two Parish district, received an Application from another Angola inmate, John Riley DOC # 621595. Ventura's Application alleges the same six claims as that of Riley. In fact, without reading both nineteen page Applications word for word, they appear to be exact duplicates other than names and the facts giving rise to the two convictions. Riley's conviction emanated from Washington Parish while Ventura was convicted by a St. Tammany jury. Those two trials were conducted by two different attorneys for the State and the defense.

On page eight of both Applications, in support of their prosecutorial misconduct claims, defendants quote the State as telling the jury "that it needed to protect society from "Predators" such as (defendant)" and further "that the battle is going to end there (sic) today." On page sixteen, both defendants allege as follows: "Trial counsel specifically, at one instance, informed Mr. (defendant) that he would not allow Mr. (defendant) to "to take the stand for any reason."

Both defendants were charged with sex crimes committed against different victims. Those victims testified at trial. Two different juries in two different Parishes convicted defendants on two different sets of facts. The Court of Appeal

2

affirmed those convictions and sentences. Providing a laundry list of claims that might apply in some case, to some defendant, as a result of some trial, does not satisfy the requirement of "particularized need" necessary to grant Defendant the relief he seeks.

The Louisiana Constitution guarantees that "No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based." La. Const. Ann. Art. I, § 19. Applicant reads this provision as guaranteeing him a copy of the record including the transcript. That is not the case. The record is for the appellate court, not the defendant. Applicant has been afforded the right to review based upon the complete record. After that review, the First Circuit affirmed his conviction and sentence.

On the showing made, this Application is denied.

Covington, Louisiana, this _22_ day of _May_, 2017.

_____
JUDGE

PLEASE SERVE

DISTRICT ATTORNEY
WASHINGTON PARISH

PETITIONER
Rigoberto F. Ventura #701404
MPWY/Wal-3
Louisiana State Penetiary
Angola, LA 70712

3

A TRUE COPY

_____
DY. CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

PETITIONER'S CUSTODIAN
Darrel Vannoy, Warden,
Louisiana State Penetiary
General Delivery
Angola, LA 70712

# APPENDIX "D"

## NOTICE OF INTENT
## 6/5/17

RIGOBERTO F. VENTURA

VERSUS NO.: 513715

DARREL VANNOY, Warden
Louisiana State Penitentiary

22ND JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

_____
FILED

_____
DEPUTY CLERK

===

## NOTICE OF INTENT TO FILE SUPERVISORY WRIT(S)
## AND REQUEST THAT THIS COURT SET MR. VENTURA'S
## FILING DEADLINE WITH THE FIRST CIRCUIT COURT OF APPEAL

===

**MAY IT PLEASE THE COURT:**

NOW AND INTO THIS HONORABLE COURT comes Petitioner and pro-se Applicant in the above captioned and enumerated cause, Rigoberto F. Ventura, who now submits his Notice of Intent to Seek Supervisory Writ(s) of Review to the Louisiana Court of Appeal, First Circuit, pursuant to U.R.C.A. Rule 4-2.

Additionally, Mr. Ventura moves this court to set a return date/filing date setting the deadline Mr. Ventura must meet in which to properly and timely file said Supervisory Writ Application pursuant to U.R.C.A. 4-3.

In support, Mr. Ventura gives the current procedural posture of this case as cause for this court's Granting of this motion to wit:

**I.**

On May 22, 2017 (received by Mr. Ventura on June 2, 2017), this court Denied Mr. Ventura's Application for Post-Conviction Relief without the benefit of a hearing.

**II.**

A properly filed and executed Notice of Intent/Designation of Record pursuant to U.R.C.A. Rule 4-3 is now timely submitted by Mr. Ventura and placed in prison officials hands for mailing on this date of 5th day of June, 2017.

## CONCLUSION AND PRAYER

Mr. Ventura now respectfully prays that for the reasons stated herein this court <u>Order</u> the following action(s) be allowed in this case, to wit:

1. This court <u>Grant</u> the Petitioner a <u>Generous Return Date</u> of filing to the Court of Appeal, First Circuit, an Application for Supervisory Writs no later than Sixty days after the Granting of this Notice of Intent.

Respectfully submitted for this court's consideration by placing this Filing in Louisiana State Prison Officials hands for Filing on this 5th day of <u>June</u>, <u>2017</u>.

Rigoberto F. Ventura #701404
MPWY/Wal-3
Louisiana State Prison
Angola, LA 70712

## CERTIFICATE OF SERVICE

I, <u>Rigoberto F. Ventura #701404</u>, hereby certify that I have served a true and correct copy of the above and foregoing motion upon the District Attorney for the 22nd Judicial District Court, Parish of St. Tammany, by placing same in the hands of the Classification Officer assigned to his Unit, to be placed in the United States mail, properly addressed, and with proper First -Class postage affixed this 5th day of <u>June</u>, <u>2017</u>.

Rigoberto F. Ventura #701404

RIGOBERTO F. VENTURA

VERSUS NO.: 513715

DARREL VANNOY, Warden
Louisiana State Penitentiary

22ND JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

---
FILED

---
DEPUTY CLERK

## ORDER

After careful consideration of Mr. Ventura's Notice of Intent to File Supervisory Writs of Review and Request that this Court set Mr. Ventura's filing deadline with the Court of Appeal, First Circuit, the following is Ordered by this Court:

**IT IS ORDERED** by the Court that Mr. Ventura be allowed to file his Application for Supervisory Writs of Review with the Clerk of Court of the Court of Appeal, First Circuit on or before the ___ day of _____, 2017.

---
JUDGE

**SERVICE INSTRUCTIONS**:

Court of Appeal, First Circuit, Clerk of Court

22rd Judicial District Attorney's Office

Rigoberto F. Ventura #701404, Louisiana State Prison, Angola, LA 70712

# APPENDIX "E"

## WRITTEN REASONS
## 7/25/17

STATE OF LOUISIANA   *   DOCKET NUMBER: 78697-F
                     *
                     *   18TH JUDICIAL DISTRICT COURT
VERSUS               *
                     *   PARISH OF POINTE COUPEE
MORRIS GRIFFIN       *   STATE OF LOUISIANA

## WRITTEN REASONS FOR RULING

Defendant in the above-captioned matter requested written reasons for ruling;

however, his Motion does not distinctly set forth the particular ruling for which he

requests reasons. After having reviewed the record, this Court believes that Defendant

seeks written reasons for the Court's denial of an order for "an evidentiary hearing…in

the matter of Morris Griffin's application to this Court for post-conviction relief," which

was filed on March 22, 2017 and denied by Judge James Best on April 25, 2017. Judge

Best retired in May of 2017, which presents this Court with some difficulty in providing

written reasons for his ruling; however, Judge Best provided a footnote on the order

denying Defendant's order. This footnote states: "Petitioner's concerns have been

considered on Appeal and/or do not raise facts for which P. C. Relief could be granted."

Furthermore, this Court also provides reasons for its denial of Defendant's Application

for Post-Conviction Relief. On the front page of Defendant's Application for Post-

Conviction Relief, Judge Best noted. "Petitioner's Applications is Denied at this time,

as affidavits/verifications are not sworn to. Furthermore, the merits of this matter, in

due course, are assigned to Division B for consideration."[1]

Although this Court is not exactly certain as to the meaning of Judge Best's

notes, it is clear that his reason for denying the Defendant's order for "an evidentiary

hearing…in the matter of Morris Griffin's application to this Court for post-conviction

relief" and Application for Post-Conviction relief was that Defendant failed to raise any

valid grounds to grant an application for post-conviction relief under La. C.Cr.P. Art.

930.3. This Court agrees.

Defendant's Uniform Application for Post-Conviction Relief, filed on April 10,

2017, provides no grounds for relief. His Memorandum of Law in Support, which is

attached to his Application, raises four claims for relief. Claim No. 1 states:

Whether the district Court abused its discretion in allowing Nurse Anne Troy to

---

[1] With regard to Judge Best's writing assigning the merits, this Court does not know why the merits of this matter should be assigned to Division B. The 18th Judicial District Court's criminal re-allotment system does re-allot all of Division A's cases to Division B in the instance of judicial recusal; however, no such recusal was made in this matter.

testify as an "Expert Witness" as to the legitimacy of SG's allegations of sexual abuse and created manifest error in light of the fact that there was no physical evidence of abuse, denying Mr. Griffin the right to a fair and impartial trial; and whether the appellate counsel was ineffective for failing to exhaust during Appeal.

In *State of Louisiana v. Morris J. Griffin*, 2016WL2840309 (La. App. 1 Cir. 2016),

the First Circuit addressed this issue, finding:

Ms. Troy's testimony was within the limits of *Daubert, Foret,* and *Chauvin,* and it assisted the trier of fact in understanding the victim's lack of lingering physical trauma and her delayed disclosure of the abuse. Therefore, the trial court did not err or abuse its discretion in denying defendant's requests to exclude Ms. Troy's testimony. *Id.* at 6.

Defendant's Claim No. 2 states:

The trial court erred in denying Mr. Griffin's Motion for Post-Verdict Judgment of Acquittal and/or Motion for New Trial; and whether appellate counsel was ineffective for failing to exhaust such during Appeal.

This First Circuit also addressed this issue on Appeal, finding:

The evidence presented at trial supports the jury's verdict. Viewed in the light most favorable to the state, any rational trier of fact could have found beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that defendant was guilty of aggravated rape. The victim's testimony alone was sufficient to prove the elements of the offense. *See State v. Craddock,* 2010–1473 (La.App. 1st Cir.3/25/11), 62 So.3d 791, 795, *writ denied,* 2011–0862 (La.10/21/11), 73 So.3d 380. An appellate court errs by substituting its appreciation of the evidence and credibility of witnesses for that of the fact finder and thereby overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the jury. *See State v. Calloway,*2007–2306 (La.1/21/09), 1 So.3d 417, 418 (*per curiam* ). We cannot say that the jury's determination was irrational under the facts and circumstances presented to it. *See Ordodi,* 946 So.2d at 662. *Id.* at 2.

Defendant's Claim for relief No. 3 states:

Whether the evidence is sufficient to support a conviction of Aggravated Rape. Sixth and Fourteenth Amendments to the United States Constitution; *Jackson v. Verginia, In re:Winship*; and whether appellate counsel was ineffective for failing to fully exhaust this Claim during Appeal.

Again, the First Circuit addressed this issue in its April 27, 2016 opinion, as previously

cited in response to Claim No. 2. This Court finds that the Defendant's Application for

Post-Conviction Relief provides new no ground upon which an appellate court could

find that the evidence was insufficient for conviction or that the jury's determination

was irrational.

Defendant's Claim for relief No. 4 states:

Mr. Griffin's 5th, 6th, and 14th Amendment rights of the United States Constitution were violated when his right to testify was taken from him.

Defendant claims that his counsel refused to allow him to testify during the trial. In

*State v. Hampton*, 818 So.2d 720 (La. 2002), the Louisiana Supreme Court developed

a test for determining whether a Defendant's right to testify was waived or violated:

> In determining whether a defendant's right to testify was violated or waived by
> his silence during trial, we can look to *Passos-Paternina v. United States*, 12
> F.Supp.2d 231 (D.P.R.1998), for guidance. As a guideline, the *Passos-Paternina* court held:
>> (1) absent extraordinary circumstances that should alert the trial court
>> to a conflict between attorney and client, the court should not inquire
>> into a criminal defendant's right to testify. The court should assume,
>> that a criminal defendant, by not 'attempting to take the stand,' has
>> knowingly and voluntarily waived his right;
>> (2) the court must consider whether the petitioner has waived his right
>> to testify.... [The defendant can only] rebut that presumption ... by
>> showing that his attorney caused him to forego his right to testify [ (a)
>> by alleging specific facts, including an affidavit by the defendant's trial
>> counsel] from which the court could reasonably find that trial counsel
>> 'told [the defendant] that he was legally forbidden to testify or in some
>> similar way compelled him to remain silent ... '[ (b) by demonstrating
>> from the record] that those 'specific factual allegations would be
>> credible ...' *Id.* at 729-730.

In this instance, defendant does not allege extraordinary circumstances that alerted the

trial court as to the existence of a conflict between the Defendant and his attorney.

Furthermore, Defendants allegation that he was prevented from testifying at trial is not

sufficient because it does not contain any sworn affidavit of specific facts indicating that

he was deprived of his right to testify at trial.

Louisiana Code of Criminal Procedure Art. 928 allows the trial court to dismiss

an application for post-conviction relief when the application fails to allege a claim,

which if established, would entitle the petitioner to relief.  This Court cannot find an

allegation in Defendant's Application for Post-Conviction Relief that could entitle him

to relief.  Furthermore, this Court finds that an evidentiary hearing is not warranted by

Louisiana Code of Criminal Procedure Art. 930 because there are no questions of fact

which cannot properly be resolved pursuant to Articles 928 and 929

Therefore, this Court hereby, reaffirms its denial the Defendant's Application

for Post-Conviction Relief and its denial of Defendant's order for "an evidentiary

hearing...in the matter of Morris Griffin's application to this Court for post-conviction

relief" for the foregoing reasons.

Signed this 25th day of July, 2018 in New Roads, Louisiana.

Judge J. Kevin Kimball
18th JDC, Div."A"

RECEIVED & FILED
2018 JUL 25  PM 2: 41

**CLERK: PLEASE SEND NOTICE TO ALL PRO SE PARTIES AND ALL
COUNSEL OF RECORD**

ATTEST A TRUE CERTIFIED COPY
DATE FILED
DY. CLERK OF COURT
POINTE COUPEE PARISH
NEW ROADS, LOUISIANA

# APPENDIX "F"

## APPLICATION FOR SUPERVISORY WRITS 6/12/17

IN THE
LOUISIANA COURT OF APPEAL,
FIRST CIRCUIT

Docket No: _____

RIGOBERTO F. VENTURA,
(Petitioner),

Versus

DARREL VANNOY, Warden,
(Respondent),

## APPLICATION FOR SUPERVISORY WRIT OF REVIEW

From the May 22, 2017 denial by the 22nd Judicial District Court, Parish of St. Tammany, docket number 513715, Honorable Scott Gardner, Judge, to grant Post-Conviction Relief.

Respectfully submitted,

_____
RIGOBERTO F. VENTURA #701404
MPWY/WAL-3
LA. STATE PENITENTIARY
ANGOLA, LA 70712-9818

PREPARED BY:
David Constance #304580 Offender Counsel Substitute III
Main Prison Legal Aid Office
Criminal Litigation Team
La. State Penitentiary
Angola, LA 70712

## TABLE OF CONTENTS:

TABLE OF AUTHORITIES.................................................................................................ii

APPLICATION FOR SUPERVISORY WRIT OF REVIEW.................................................1

JURISDICTION AND VENUE.............................................................................................1

NOTICE OF PRO-SE FILING..............................................................................................1

CONCISE STATEMENT OF THE CASE.............................................................................2

CLAIMS FOR RELIEF.........................................................................................................3

STATEMENT OF FACTS.....................................................................................................3

SUMMARY OF ARGUMENT..............................................................................................4

CLAIM NO. ONE..................................................................................................................6

    Mr. Ventura was denied his right to effective assistance of counsel in accordance with the Sixth and Fourteenth Amendments to the United States Constitution...........................................6

CLAIM NO. TWO..................................................................................................................7

    Mr. Ventura has been denied his constitutional rights to appellate review and to a complete transcript, in violation of Mr. Ventura's 6TH Amendment to the United States Constitution.....7

CLAIM NO. THREE...............................................................................................................8

    Whether the District Attorney used peremptory strikes in a discriminatory manner based on race and gender?.......................................................................................................................8

CLAIM NO. FOUR.................................................................................................................8

    Whether the State was allowed thirteen (13) peremptory challenges during the course of the Voir Dire....................................................................................................................................8

CLAIM NO. FIVE...................................................................................................................9

    Whether the Assistant District Attorney had committed prosecutorial misconduct during the Closing Argument of these proceedings, denying Mr. Ventura a fair and impartial trial, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.............9

CLAIM NO. SIX......................................................................................................................9

    Mr. Ventura's 5th, 6th, and 14th Amendment rights of the United States Constitution were violated when his right to testify was taken from him.............................................................9

CONCLUSION AND PRAYER...........................................................................................10

CERTIFICATE OF SERVICE.............................................................................................12

VERIFICATION...................................................................................................................12

## APPENDIX:

"A"   Uniform Application for post-conviction relief with attachments;

"B"   May 22, 2017 Denial by 22nd Judicial District Court to grant post-conviction relief.

"C"   Notice of Intent to Seek Writs.

## EXHIBITS:

"A"   Checklist for PCR, Rigoberto Ventura #701404

"B"   Checklist for PCR, John Riley #621595

"C"   District Court Ruling from John Riley #621595

## TABLE OF AUTHORITIES:

## U.S. CONSTITUTION:

Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.........................................3, 9

Fourteenth Amendment to the United States Constitution..................................................3, 6, 9

Sixth Amendment to the United States Constitution.........................................................3, 7

Sixth and Fourteenth Amendments to the United States Constitution................................................3, 6, 9

## FEDERAL CASES:

Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)......................................................1

## LA. CONSTITUTION:

LSA-Const. 1974, Art. 5, § 10.........................................................................................1

Louisiana Constitution of 1974, Art. I, § 19.............................................................................6, 7

## STATUTORY PROVISIONS:

La.C.Cr.P. Art. 928.....................................................................................................6

La.C.Cr.P. Art. 930.2...................................................................................................7

La.C.Cr.P. Art. 930.6...................................................................................................1

LSA-R.S. 14:42.........................................................................................................2

LSA-R.S. 14:43.1.......................................................................................................2

## STATE CASES:

State ex rel Allen v. Becker, 501 So. 2d 203 (La. 1987).................................................................6

State v. Egana, 771 So.2d 638 (La. 2000)...............................................................................1

State v. Holmes, 543 So.2d 1365 (La. App. 3rd Cir. 1989)................................................................6

State v. Moak, 387 So.2d 1108 (La. 1980)...............................................................................1

State v. Porter, 151 So.3d 871 (La. App. 4th Cir. 10/8/14)..............................................................6

IN THE
LOUISIANA COURT OF APPEAL,
FIRST CIRCUIT

RIGOBERTO F. VENTURA,                    Docket Number:
            (Petitioner)

Versus                                   Date Filed:

DARREL VANNOY, Warden
            (Respondent)                 Clerk:

## APPLICATION FOR SUPERVISORY WRIT OF REVIEW

MAY IT PLEASE THE COURT:

COMES NOW, Rigoberto F. Ventura, Petitioner herein who presents the instant *Application for Supervisory Writ of Review* relative to the denial of his Post-Conviction Relief Application in the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana. In support, Mr. Ventura would respectfully show this Honorable Court the following:

### JURISDICTION AND VENUE

Jurisdiction is vested pursuant to *LSA-Const. 1974, Art. 5, § 10*. Venue is proper pursuant to *La.C.Cr.P. Art. 930.6*.

### NOTICE OF PRO-SE FILING

Mr. Ventura requests that this Honorable Court view these Claims in accordance with the rulings of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *State v. Moak*, 387 So.2d 1108 (La. 1980)(Pro-se petitioner not held to same stringent standards as a trained lawyer); *State v. Egana*, 771 So.2d 638 (La. 2000)(less stringent standards than formal pleadings filed by lawyers). Mr. Ventura is a layman of the law and untrained in the ways of filings and proceedings of formal pleadings in this Court.

## CONCISE STATEMENT OF THE CASE

This is a case resulting in a conviction. On November 15, 2011, the Grand Jury of St. Tammany Parish returned a "True Bill" charging Rigoberto F. Ventura with Aggravated Rape of GL, in violation of LSA-R.S. 14:42, which allegedly occurred between May 25, 2002, and May 25, 2006. The State amended the Bill of Indictment to additionally charge Mr. Ventura with Sexual Battery of HW where the victim is under the age of 13, in violation of LSA-R.S. 14:43.1 for incidents which allegedly occurred between May 1, 2011, and September 1, 2011. Mr. Ventura plead not guilty to both charges (Rec.pp. 1, 4, 8, 36, 391-2). On the first day of the trial, the defense made oral motions for a continuance and a severance because the State had provided additional discovery information on Count Two, Sexual Battery, only two days earlier on a Friday afternoon for a trial which was set for the following Monday. The Court denied the motions (Rec.pp. 23, 165-71).

The matter was tried by a jury on June 22, 23, and 24, 2015. The jury returned verdicts of guilty as charged on both charges (Rec.pp. 142-3, 587). Mr. Ventura filed a Motion for Post-Verdict Judgment of Acquittal and a Motion for a New Trial. The Court denied the motions (Rec.pp. 33, 145, 147, 594). On Count One, Aggravated Rape, the Court sentenced Mr. Ventura to life imprisonment at hard labor in the custody of the Louisiana Department of Public Safety and Corrections without the benefit of Probation, Parole, or Suspension of Sentence. On Count Two, Sexual Battery, the Court sentenced Mr. Ventura to fifty (50) years at hard labor in the custody of the Louisiana Department of Public Safety and Corrections. The first twenty-five (25) years are without the benefit of Probation, Parole, or Suspension of Sentence. The sentences are consecutive (Rec.pp. 34, 600-1). Mr. Ventura filed a Motion to Reconsider Sentence which the Court denied (Rec.pp. 154-5).

On December 6, 2015, Mr. Ventura timely filed his Appeal with the Louisiana First Circuit Court of Appeals. On April 15, the Court of Appeals affirmed Mr. Ventura's convictions and sentences. Mr. Ventura then timely filed for Writ of Certiorari to the Louisiana Supreme Court. On April 24, 2017, the Supreme Court affirmed Mr. Ventura's convictions and sentences.

On May 22, 2017 (received by Mr. Ventura on June 2, 2017), the district court denied Mr.

Ventura's Application without the benefit of an evidentiary hearing. On June 5, 2017 Mr.

Ventura filed his Notice of Intent to Seek Writs.

Although the district court has not sent Mr. Ventura a Return Date on the Notice of Intent,

out of an abundance of caution, Mr. Ventura now timely files this Supervisory Writ of Review

to this Honorable Court:

## CLAIMS FOR RELIEF

1. MR. VENTURA WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN ACCORDANCE WITH THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
2. WHETHER MR. VENTURA HAS BEEN DENIED HIS CONSTITUTIONAL RIGHTS TO APPELLATE REVIEW AND TO A COMPLETE TRANSCRIPT, IN VIOLATION OF MR. VENTURA'S 6TH AMENDMENT TO THE UNITED STATES CONSTITUTION.
3. WHETHER THE DISTRICT ATTORNEY USED PEREMPTORY STRIKES IN A DISCRIMINATORY MANNER BASED ON RACE AND GENDER?
4. WHETHER THE DISTRICT ATTORNEY WAS ALLOWED THIRTEEN (13) PEREMPTORY CHALLENGES DURING THE COURSE OF VOIR DIRE.
5. WHETHER THE ASSISTANT DISTRICT ATTORNEY HAD COMMITTED PROSECUTORIAL MISCONDUCT DURING THE CLOSING ARGUMENT OF THESE PROCEEDINGS, DENYING MR. VENTURA A FAIR AND IMPARTIAL TRIAL, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
6. WHETHER MR. VENTURA'S 5TH, 6TH, AND 14TH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN HIS RIGHT TO TESTIFY WAS TAKEN FROM HIM.

## STATEMENT OF FACTS

Slidell Police Department Detective Brian Brown received a complaint on August 8, 2011,

from Mrs. Lacayo informing that her son, GL, had made allegations that Mr. Ventura had

sexually abused him from 2002 to 2006. GL made the disclosure while in a counseling session

at the rehabilitation center where he was being treated for substance abuse. When the sexual

abuse allegedly occurred, Mr. Ventura was in a sexual relationship with GL's grandmother who

was physically abusive to GL (Rec.pp. 457, 460, 463, 466). GL was released from the

rehabilitation center later that month and Detective Brown made an appointment with the Child

Advocacy Center for an interview on August 30, 2011. In the interview, GL accused Mr.

Ventura of sexual abuse and later identified him in a photo lineup (Rec.pp. 463, 469). Detective

Brown arrested Mr. Ventura on September 9, 2011, and charged him with Aggravated Rape.

Detective Brown arrested Mr. Ventura without conducting further investigation or verifying the

facts (Rec.p. 468-70). GL was nineteen years old at the time of the trial and was unable to

identify Mr. Ventura in court as the person who had abused him (Rec.pp. 456, 486).

After hearing of GL's allegations, Amy Gray questioned her three children to find out if they had been abused. Amy Gray lives in Texas and is the ex-wife of Mr. Ventura's brother, Giovanni Ventura, who is the father of Amy Gray's children. All three of her children denied that Mr. Ventura had abused them (Rec.p. 410, 412). In February 2012, shortly after the children returned from visiting their father in Louisiana, Ms. Gray again questioned her children regarding abuse. HG told her mother that Mr. Ventura had touched her inappropriately on two occasions, once when she was in bed with Mr. Ventura and his wife and another time when she was riding on a tractor with Mr. Ventura and her brother. These incidents allegedly occurred in 2011 (Rec.pp. 432-34). Ms. Gray called the Sheriff's Office in Texas and Myra Domingue, a child forensic interviewer, conducted an interview of HG (Rec.p. 438). After the interview, Mr. Ventura was arrested and charged with Sexual Battery of HG.

## SUMMARY OF ARGUMENT

On April 8, 2017, with the assistance of an Offender Counsel Substitute, filed his Application for Post-Conviction Relief with Memorandum in Support, and supporting motions. Mr. Ventura had informed the Court that he was filing is Claims based on Mr. Ventura's lay memory, through the use of an Interpreter, due to the fact that Mr. Ventura has not been afforded the opportunity to obtain the Record in his case (See: p. 1 of the Memorandum in Support).

The Court **must** note that although Mr. Ventura was able to receive assistance from an Interpreter to discuss his case with the Offender Counsel, it would be almost **IMPOSSIBLE** for Mr. Ventura to discuss his case with the Interpreter. These are some of those charges that most offenders do not want discussed in their living quarters. Persons convicted of sex offenders are considered the "worst of the worst," and are treated differently by both Offenders and Security wherever they are housed. When these Offenders first arrive, they are advised by the Intake personnel that they should not discuss their case amongst the other Offenders due to the "Nature of the Charge."

Although the Offender Counsel required to keep their clients cases confidential; that is not

the case with the Interpreters. IF the Interpreter discusses Mr. Ventura's case with other Offenders, there are no repercussions from such. However, if an Offender Counsel Substitute discusses his case with other Offenders (other than other Offender Counsel Substitutes), he can be dismissed from his job assignment and locked up (Administrative Segregation) for violating such.

The district court had noted that the PCR had been prepared by David Constance, an Offender Counsel Substitute at Angola. The Court was notified that Mr. Constance was relying on Mr. Ventura's lay memory and an Interpreter in order to argue the Claims of the PCR. Mr. Ventura properly informed the district court that he was reserving his rights to either omit or argue additional Claims during the collateral review after the district court allowed him to obtain the transcripts (See: Memorandum in Support, p. 3).

Furthermore, it must also be noted that Mr. Ventura had filed a Motion for Leave to Supplement Application for Post-Conviction Relief during these proceedings. The purpose of the Motion to Supplement was to ensure Mr. Ventura the ability to either advance, dismiss, or file additional Claims to his pending PCR. Had Mr. Ventura been unable to substantiate any of the Claims previously filed during these proceedings, he would have dismissed such. Mr. Ventura had informed the district court that his pleadings were being filed with the use of an interpreter and Offender Counsel Substitute from his memory without the use of a Record or transcript to assist him.

On the other hand, had Mr. Ventura found additional Claims during the review of the Record, he would have been able to file such in the Supplement of the PCR.

Mr. Ventura contends that it was improper for the Court to dismiss his pleadings due to the fact that they were similar to another pleading which had been filed by the same Offender Counsel Substitute at Angola.

Although it is not the usual practice, Mr. Constance is enclosing a copy of the PCR checklist for both Rigoberto Ventura #701404 (See: Exhibit "A") and John Riley #621595 (See: Exhibit "B"). After a review of such, this Honorable Court must determine that both of these cases were similar in nature with the same complaints from each of these Petitioners.

It should be noted that the district court denied the Application of Mr. Riley #621595 with an "exact" replicate of the ruling for Mr. Ventura (See: Exhibit "C").

According to La.C.Cr.P. Art. 928, "The application may be dismissed without an answer if the application fails to allege a claim which, if established, would entitle the petitioner to relief." Mr. Ventura contends that the Claims raised on PCR, if established, would entitle him to relief.

On page 3 of the district court's Ruling, the Court stated, "The Louisiana Constitution guarantees that "No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. La. Const. Ann. Art. I, § 19. Applicant reads this provision as guaranteeing him a copy of the record including the transcript. That is not the case. The record is for the appellate court, not the defendant. After that review, the First Circuit affirmed his conviction and sentence. On the showing made, this Application is denied."

It appears as though the district court is attempting to prevent Mr. Ventura from obtaining the Record of the proceedings with this erroneous interpretation of Art. I, § 19 of the Louisiana Constitution of 1974, even though "indigent offenders have an absolute right to their transcripts" according to *State v. Holmes*, 543 So.2d 1365 (La. App. 3rd Cir. 1989), *accord*, *State ex rel Allen v. Becker*, 501 So. 2d 203 (La. 1987). See also: *State v. Porter*, 151 So.3d 871 (La. App. 4th Cir. 10/8/14), *writ denied*, 176 So.3d 1037 (La. 9/11/15)("Every criminal defendant has a right to a complete transcript of his trial proceedings).

### CLAIM NO. ONE

**Mr. Ventura was denied his right to effective assistance of counsel in accordance with the Sixth and Fourteenth Amendments to the United States Constitution.**

According the Mr. Ventura's lay memory and the Argument by appointed counsel during the course of the Appeal, Mr. Ventura contends that his attorney should have subpoenaed the records concerning GL being required to attend sessions at a "rehabilitation" center.

The Record appears to support that GL had been in counseling sessions due to the physical abuse by his grandmother. However, Mr. Ventura is of the belief that GL had been in counseling for some type of issues that had caused him to go to counseling by the Court.

Without the transcripts of the proceedings, Mr. Ventura is unable to verify anything concerning the counseling sessions. During the course of these proceedings, evidence had been presented that shortly after GL made allegations during counseling, that Mr. Ventura had sexually abused him, GL was released from the rehabilitation center and brought to the CAC for interview(s).

This fact alone would show some reason for GL to fabricate an allegation of sexual abuse by Mr. Ventura. But, without the transcripts to meet Mr. Ventura's burden of proof in accordance with La.C.Cr.P. Art. 930.2, any argument would be moot.

Mr. Ventura is relying solely on his memory with the use of an Interpreter to argue this Claim in the Courts. As Mr. Ventura is unfamiliar with proper procedures during the course of his case, he is hindered from obtaining any assistance without the use of the Record.

WHEREFORE, for the foregoing reasons, Mr. Ventura respectfully requests that this Honorable Court remand this matter back to the district court with an Order to have the Court forward a copy of the Record to Mr. Ventura.

## CLAIM NO. TWO

**Mr. Ventura Has Been Denied His Constitutional Rights To Appellate Review And To A Complete Transcript, In Violation Of Mr. Ventura's 6TH Amendment To The United States Constitution.**

In this Claim, Mr. Ventura was only supporting that he must be afforded a copy of the Record after conviction in his case. Mr. Ventura was unable to obtain a copy of the Record during the course of the Appeal. Mr. Ventura fully supported the Claim with statutory provision, and state and federal cases which inform the district court that Mr. Ventura must be able to obtain a copy of the Record.

However, the district court's erroneous interpretation of Louisiana Constitution of 1974, Art. I, § 19 is further denying Mr. Ventura a fundamental right which has been guaranteed by both state and federal law.

WHEREFORE, for the reasons stated above and in the Original Application for Post-Conviction Relief and Memorandum in Support, Mr. Ventura requests that this Honorable Court invoke its Supervisory Authority of Jurisdiction over the district court, remand this matter to the district court with instructions to forward Mr. Ventura a copy of the Record, and

allow Mr. Ventura to make any corrections needed to his pleadings via a Supplemental Memorandum in Support.

## CLAIM NO. THREE

**Whether The District Attorney Used Peremptory Strikes In A Discriminatory Manner Based On Race And Gender?**

In this Claim, Mr. Ventura was quite certain that the prosecution had intentionally struck both African-American and persons of ethnic Spanish heritage. Mr. Ventura admits that he was having a hard time keeping up with the jury selection due to the fact that St. Tammany utilizes the process of questioning all of the potential jurors simultaneously.

Mr. Ventura isn't sure as to the questions that were asked, or the answers by each of the potential jurors during the Voir Dire. But, to the best of his memory, the prosecutor intentionally peremptorily challenged everyone that was not Caucasian.

WHEREFORE, Mr. Ventura contends that with this Claim, if established, would entitle Mr. Ventura to relief.

## CLAIM NO. FOUR

**Whether the State was allowed thirteen (13) peremptory challenges during the course of the Voir Dire.**

One of the most important questions during the course of an interview with an Offender, is "How many strikes did the State and defense use during the jury selection?" This is very important due to the fact that if the defense was erroneously denied a Cause for one of the potential jurors, if all of the peremptory challenges had been exercised by the defense, there would be cause to have the conviction overturned either on Appeal or PCR.

In this case, Mr. Ventura wasn't sure what would have been considered a peremptory challenge; or what a challenge for cause would entail.

Mr. Ventura isn't stating **"for a fact"** that the State was able to utilize more than twelve (12) strikes; he is stating that he "believes" that the State was allowed more than twelve (12) strikes. In order to make a proper determination of such, Mr. Ventura needs to review the Record.

WHEREFORE, for these reasons, Mr. Ventura respectfully requests that this Honorable Court invoke its Supervisory Authority of Jurisdiction over the district court and remand this

matter for further consideration.

## CLAIM NO. FIVE

**Whether the Assistant District Attorney had committed prosecutorial misconduct during the Closing Argument of these proceedings, denying Mr. Ventura a fair and impartial trial, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.**

In this Claim, Mr. Ventura isn't quite certain of the events that had taken place during the Closing Argument. However, he does remember that it appeared as though the prosecutor had resorted to "name calling" and pointing at Mr. Ventura during the Closing Arguments.

As Mr. Ventura has a very limited knowledge of the English language, the "body language" of the prosecutor has led him to believe that "name calling" had taken place. Mr. Ventura believes that the prosecutor knew that he could not understand the discussion during these proceedings, and took advantage of that fact.

Had the Record failed to support Mr. Ventura's Claim of prosecutorial misconduct, Mr. Ventura would have dismissed such on the Supplemental Memorandum. In order to make the proper determination of whether to proceed or dismiss this Claim, Mr. Ventura is in need of the Record.

However, it must be noted that this Claim, if established, would entitle Mr. Ventura to relief in these collateral proceedings.

WHEREFORE, for the foregoing reasons, Mr. Ventura respectfully requests that this Honorable Court invoke its Supervisory Authority of Jurisdiction over the district court and remand this matter in order to allow Mr. Ventura the opportunity to obtain a copy of the Record with reasonable time for him to make the determination whether to pursue this Claim, or dismiss for lack of evidence in the Record.

## CLAIM NO. SIX

**Mr. Ventura's 5th, 6th, and 14th Amendment rights of the United States Constitution were violated when his right to testify was taken from him.**

Mr. Ventura contends that he was denied the right to testify in his own behalf during the trial. At this time, Mr. Ventura is unsure as to whether there was a colloquy conducted between himself and the Court to determine if he desired to testify.

Although many attorneys would consider this "sound" trial strategy, there should be no reason for Mr. Ventura not to testify in his own behalf with these allegations. This case came down to a credibility contest between the alleged victim and Mr. Ventura due to the fact that there was no physical evidence or any eyewitness testimony to corroborate the allegations.

At this time, Mr. Ventura is also unsure if an "Expert" witness had testified for the State during the trial to help corroborate the alleged victim's testimony.

As noted above, Mr. Ventura has never been in trouble with the law until this allegation was placed against him. Therefore, it would have been "sound" strategy to allow Mr. Ventura to testify in his own behalf due to the fact that with "no history" involving criminal activity, the State would be unable to discredit Mr. Ventura for previous convictions.

Furthermore, Mr. Ventura would have been able to testify as to why he believed that these allegations had been placed against him. Other than that, the jury did not hear from Mr. Ventura. If the Court instructed the jury that they could not hold Mr. Ventura's failure to testify against him during the deliberations, the jury would still wonder about such.

WHEREFORE, for the above reasons, Mr. Ventura requests this Honorable Court to invoke its Supervisory Authority of Jurisdiction over the lower court and remand this matter for further proceedings.

## CONCLUSION AND PRAYER

**WHEREFORE, PREMISES OF MR. VENTURA CONSIDERED:**

Mr. Ventura contends that the district court has prematurely denied his Application for Post-Conviction Relief due to the fact that it was "similar" to that of the Application that had been filed in Washington Parish by Mr. John Riley #621595.

This Court must note that these two cases are very similar, as neither Mr. Ventura or Mr. Riley have obtained a copy of the Record; both were convicted of crimes of a sexual nature towards juveniles (males); both are unfamiliar with the proceedings had against them; it appears that both had been taken advantage of (Mr. Ventura appears to have been taken advantage of due to his lack of knowledge of the English language, and it appears that Mr. Riley had been taken advantage of due to the fact that he is elderly and appears to have been

mentally diminished during his proceedings).

Also, in these cases there appears to be reasons for these allegations to be placed against each of these Defendants. In Mr. Ventura's case, it appears as though the alleged victim was in some type of rehabilitation center, and was released shortly after the allegations were lodged against Mr. Ventura. In Mr. Riley's case, the alleged victim was in the custody of the juvenile authorities in Indiana for a number of behavior disorders, and could have received some type consideration from the Indiana courts for the mitigating factor of allegedly being sexually abused by Mr. Riley.

Mr. Ventura had never been in trouble with the law, and it had been over 25 years since Mr. Riley had been in trouble with the law. Both have vehemently denied the accusations against them in each of these court.

Therefore, it would not be unreasonable that these Applications would be "similar" in arguments and Claims. However, each of these Petitioners have informed the Court that "after a review of the Record," a determination would be made in respect to the Claims which were initially filed.

In the case of Mr. Ventura, the Offender Counsel Substitute had to rely on the use of an Interpreter in order to file these pleadings. Although the Offender Counsel is held to "high" standards concerning confidentiality, the Interpreters are not held to this same standard. It would be difficult for Mr. Ventura to discuss his case around other Offenders who are not assigned as Counsels.

Petitioner, Rigoberto F. Ventura respectfully prays this Honorable Court will invoke its Supervisory Authority of Jurisdiction over the district court, and entertain his instant *Application for Supervisory Writ of Review* and upon conclusion of its consideration, grant Petitioner post-conviction relief from his underlying criminal conviction and sentence.

Respectfully submitted,

_____
Rigoberto F. Ventura #701404
MPWY/Wal-3
La. State Penitentiary
Angola, LA 70712-9818

**CERTIFICATE OF SERVICE**

I, <u>Rigoberto F. Ventura #701404</u>, hereby certify that I have served a true and correct copy of the above and foregoing upon the District Attorney, Parish of St. Tammany by placing same in the hands of the Classification Officer assigned to his Unit, to be placed in the Institution's Legal Mail System for depositing in the U.S. Mail, properly addressed and with proper, first-class postage pre-paid, on this 12<u>th</u> day of <u>June</u>, <u>2017</u>.

_____

Rigoberto F. Ventura

**VERIFICATION**

I, <u>Rigoberto F. Ventura #701404</u>, do verify that I am the Petitioner in the above and foregoing; that I have read and understand the contents thereof; that I believe the contents thereof to be true and correct to the best of my knowledge, belief, and information, under the penalties of perjury prescribed by law.

_____

Rigoberto F. Ventura

# APPENDIX "G"

## RULING: COURT OF APPEAL
## 8/7/17

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

RIGOBERTO F. VENTURA

NO.  2017 KW 0838

AUG 0 7 2017

---

In Re:   Rigoberto F. Ventura, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 513715.

---

BEFORE:  HIGGINBOTHAM, HOLDRIDGE AND PENZATO, JJ.

WRIT DENIED.   A review of relator's and another inmate's writ applications reflect that both seek review of the denial of applications for postconviction relief that raise identical claims and both applications for postconviction relief were prepared by the same inmate counsel substitute.   Relator's trial was held in St. Tammany Parish and the other inmate was tried in Washington Parish.   Both applications for postconviction relief were allotted to the same district court judge.   Pursuant to article 926(C) of the Code of Criminal Procedure, a petitioner is required to provide an affidavit that the allegations contained in the petition are true to the best of his information and belief.   This court is under the impression that the allegations in one or both of the applications for postconviction relief appear to be false.   Inexcusable failure of a petitioner to comply with the provisions of article 926 may be a basis for dismissal of his application.   La. Code Crim. P. art. 926(E).    For these reasons, the writ application is denied.   Nevertheless, in the event that relator wishes to file a new application for postconviction relief in the district court that raises claims that are tailored specifically to his case, this court will not bar the application as successive pursuant to La. Code Crim. P. art. 930.4(D).

                              AHP
                              TMH
                              GH

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT

# APPENDIX "H"

## WRIT OF REVIEW: S.CT.
## 8/24/17

Rigoberto Ventura, #701404
MPWY/Wal-3
La. State Penitentiary
Angola, LA 70712

August 24, 2017
(Date)    RECEIVED

AUG 23 2017

Legal Programs Department

Clerk of Court,
La. Supreme Court
400 Royal Street, Ste. 4200
New Orleans, LA 70130-2104

RE:   *Rigoberto Ventura v. Darrel Vannoy, Warden, Louisiana State Penitentiary*; On Application
For Writ of Review; to the First Circuit Court of Appeal, No. 2017-KW-0838; 22nd Judicial District
Court, Parish of St. Tammany, No. 513715, Hon. Scott Gardner, Judge; Denial of Application for Post-
Conviction Relief.

Dear Clerk:

Enclosed is an Original of my *pro se* pleadings, to wit:

1.    Application for Supervisory Writ of Review; and,

2.    Motion to Stay Proceedings.

I respectfully ask that you please file same in the docket of the above referenced criminal matter
for judicial consideration and disposition.

Mr. Ventura requests that this matter be Stayed as he has filed for a Re-Hearing in the First
Circuit Court of Appeals concerning their decision from August 7, 2017.

Out of an abundance of caution, Mr. Ventura is timely filing his Application for Supervisory
Writ to this Court in the event that the Louisiana First Circuit Court of Appeals deems Mr. Ventura's
Petition for Re-Hearing inappropriate or refuses to file such.

Additionally enclosed is another copy of this cover letter that I respectfully ask that you please
"file/date" stamp and return to me.

Thanking you in advance, I remain...

Respectfully,

Rigoberto Ventura

RV/dec#304580

Enclosure (9)

Cc:    District Attorney, St. Tammany Parish

SCANNED at LSP and Emailed
Date ___ by ___ Initials ___ No. ___ pages

IN THE
LOUISIANA SUPREME COURT

RIGOBERTO VENTURA,
(Petitioner)

VERSUS

DARREL VANNOY, Warden,
Louisiana State Penitentiary
(Respondent)

# APPLICATION FOR WRIT OF REVIEW

On Application to the First Circuit Court of Appeal, No. 2017-KW-0838; 22nd Judicial District Court, Parish of St. Tammany, No. 513715, Hon. Scott Gardner, Judge; Denial of Application for Post-Conviction Relief.

Respectfully submitted this 24th day of August, 2017.

RIGOBERTO VENTURA, #701404
MPWY/WAL-3
LA. STATE PENITENTIARY
ANGOLA, LA 70712

## CRIMINAL PROCEEDING

*PREPARED BY:*
David Constance #304580 Offender Counsel Substitute III
Main Prison Legal Aid Office
Criminal Litigation Team
La. State Penitentiary
Angola, LA 70712

**COURT RULES**

**APPENDIX C. SUPREME COURT OF LOUISIANA**
**WRIT APPLICATION FILING SHEET**

No._____

**TO BE COMPLETED BY COUNSEL**
**or PRO SE LITIGANT FILING APPLICATION**

TITLE

Applicant: Rigoberto Ventura
Have there been any other filing in this
Court in this matter? ☐ Yes X No

STATE OF LOUISIANA

Are you seeking a Stay Order? X No
Priority Treatment? X No
If so you MUST complete & attach a
Priority Form

VS.

RIGOBERTO VENTURA

**LEAD COUNSEL PRO SE LITIGANT INFORMATION**

APPLICANT:
Name: Rigoberto Ventura, #701404
Address: MPWY/Wal-3
La. State Penitentiary, Angola, LA 70712-9818
Phone: N/A    Bar Roll No. N/A
Pleading being filed: X In Proper Person,

RESPONDENT:
Name: Warren Montgomery
Address: 701 N. Columbia Street
Covington, LA  70433
Phone: Unknown    Bar Roll No. Unknown
   X In Forma Pauperis

Attach a list of additional counsel/pro se litigants, their addresses, phone numbers and the parties they represent.

**TYPE OF PLEADING**

☐ Civil,  X Criminal,  ☐ Bar,  ☐ Civil Juvenile,  ☐ Criminal Juvenile,  ☐ Other

**ADMINISTRATIVE OR MUNICIPAL COURT INFORMATION**

Tribunal/Court:_____  Docket No.
Judge/Commission/Hearing Officer:_____  Ruling Date:

**DISTRICT COURT INFORMATION**

Parish and Judicial District Court: St. Tammany; 22ᵈ JDC  Docket Number: No. 513715
Judge and Section: Hon. Scott Gardner  Date of Ruling/Judgment: May 22, 2017

**APPELLATE COURT INFORMATION**

Circuit: First COA  Filing Date: June 12, 2017  Docket Number: No. 2017-KW-0838
Applicant in Appellate Court: Rigoberto Ventura  Ruling Date: August 7, 2017
Panel of Judges: Higginbotham, Holdridge, and Penzato, JJ  En Banc: ☐

**REHEARING INFORMATION**

Applicant: Rigoberto Ventura  Date Filed: August 17, 2017  Action on Rehearing: Still Pending
Ruling Date:_____  Panel of Judges: _____  En Banc: ☐

**PRESENT STATUS**

☐ Pre-Trial, Hearing/Trial Scheduled Date:_____,  ☐ Trial in Progress,  X Post Trial
Is there a stay now in effect? _____  Has this pleading been filed simultaneously in any other court?
If so, explain briefly

**VERIFICATION**

I certify that the above information and all of the information contained in this application is true and correct to the best of my knowledge and that all relevant pleadings and rulings, as required by Supreme Court Rule X, are attached to this filing.  I further certify that a copy of this application has been mailed or delivered to the appropriate court of appeal (if required), to the respondent judge in the case of a remedial writ, and to all other counsel and unrepresented parties.

August 24, 2017
DATE

_____
SIGNATURE

## TABLE OF CONTENTS:

TABLE OF AUTHORITIES..................................................................................................ii

REASONS FOR GRANTING THE WRIT..........................................................................1

QUESTIONS AND ISSUES PRESENTED...........................................................................2

JURISDICTION......................................................................................................................2

NOTICE OF PRO-SE FILING...............................................................................................2

STATEMENT OF THE CASE................................................................................................3

STATEMENT OF THE FACTS..............................................................................................4

ARGUMENTS..........................................................................................................................5

CLAIM NO. ONE....................................................................................................................5

    **Mr. Ventura was denied his right to effective assistance of counsel in accordance with the
Sixth and Fourteenth Amendments to the United States Constitution**............................................5

CLAIM NO. TWO....................................................................................................................5

    **Mr. Ventura has been denied his constitutional rights to appellate review and to a complete
transcript, in violation of Mr. Ventura's 6TH Amendment to the United States Constitution**.....5

CLAIM NO. THREE................................................................................................................6

    **Whether the District Attorney used peremptory strikes in a discriminatory manner based on
race and gender?**...............................................................................................................................6

CLAIM NO. FOUR.................................................................................................................6

    **Whether the State was allowed thirteen (13) peremptory challenges during the course of the
Voir Dire**..........................................................................................................................................6

CLAIM NO. FIVE....................................................................................................................7

    **Whether the Assistant District Attorney had committed prosecutorial misconduct during the
Closing Argument of these proceedings, denying Mr. Ventura a fair and impartial trial, in
violation of the Sixth and Fourteenth Amendments to the United States Constitution**............7

CLAIM NO. SIX......................................................................................................................7

    **Mr. Ventura's 5th, 6th, and 14th Amendment rights of the United States Constitution were
violated when his right to testify was taken from him**...................................................................7

SUMMARY...............................................................................................................................8

CONCLUSION AND PRAYER............................................................................................10

CERTIFICATE OF SERVICE.............................................................................................10

VERIFICATION.....................................................................................................................11

## APPENDIX:

"A"    Uniform Application for Post-Conviction Relief with attachments;
"B"    May 22, 2017 Denial by 22nd Judicial District Court to grant post-conviction relief.
"C"    Notice of Intent to Seek Writs.
"D"    Application for Supervisory Writs
"E"    Ruling: Supervisor Writs
"F"    Application for Re-Hearing (1st COA).

## EXHIBITS:

"A"    Checklist for PCR, Rigoberto Ventura #701404
"B"    Checklist for PCR, John Riley #621595

## TABLE OF AUTHORITIES:

### U.S. CONSTITUTION:

Fifth, Sixth and Fourteenth Amendments to the United States Constitution.............................................7

Fourteenth Amendment to the United States Constitution.................................................................5, 7

Sixth Amendment to the United States Constitution.........................................................................5

Sixth and Fourteenth Amendments to the United States Constitution......................................................7

### FEDERAL CASES:

Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).....................................................2

### LA. CONSTITUTION:

Article 5, § 5 of the Louisiana Constitution of 1974.........................................................................2

Louisiana Constitution of 1974, Art. I, § 19..............................................................................5, 10

### STATUTORY PROVISIONS:

La.C.Cr.P. Art. 928..........................................................................................................9

La.C.Cr.P. Art. 930.2.........................................................................................................5

LSA-R.S. 14:42................................................................................................................3

LSA-R.S. 14:43.1..............................................................................................................3

Rule X, § 1...................................................................................................................1

### STATE CASES:

State ex rel Allen v. Becker, 501 So. 2d 203 (La. 1987)...................................................................10

State ex rel. Bernard v. Orleans Crim. Dist. Ct. Section J, 94-2247 (La. 4/28/95), 653 So.2d 1174.........2

State v. Egana, 771 So.2d 638 (La. 2000)..................................................................................2

State v. Holmes, 543 So.2d 1365 (La. App. 3rd Cir. 1989).................................................................10

State v. Moak, 387 So.2d 1108 (La. 1980)..................................................................................2

State v. Porter, 151 So.3d 871 (La. App. 4th Cir. 10/8/14)...............................................................10

## REASONS FOR GRANTING THE WRIT

In accordance with this Court's *Rule X, § 1*, Mr. Ventura presents for his reasons for granting this writ application that:

The decision of a court of appeal conflicts with a decision of another court of appeal, this Court, or the Supreme Court of the United States, on the same legal issue.

A court of appeal has erroneously interpreted or applied the constitution or law of this state or the United States and the decision will cause material injustice or significantly affect the public interest.

The court of appeal has so far departed from proper judicial proceedings or so abused its powers, or sanctioned such a departure or abuse by a lower court, as to call for an exercise of this court's supervisory authority.

**First and foremost**, Mr. Ventura contends that the district court abused its discretion in denying his Application for Post-Conviction Relief due to the fact that it was similar to that of another Offender who had been convicted in the same judicial district (different parish). These cases are so similar that they are synonymous to one another. One would even say that after a review of the Checklist on PCR and a review of the "limited" Record of each, the cases "mirrored" each other.

Although it is not common practice, the Offender Counsel Substitute included, as Exhibits, the PCR checklists of both Offenders to show the similarities in these cases.

In **both** of these cases, the Petitioners were unable to obtain a copy of the Record during the course of the Appeal. **Both** Petitioners are accused of sexual misconduct with a younger male juvenile (different alleged victims in each case). **Both** Petitioners' alleged victims had gotten into some type of trouble concerning drugs. **Both** alleged victims were either in a rehabilitation center for drug abuse (Mr. Ventura's case), or a juvenile detention center for a conviction of some type of drug offense (the other Offender's case). **Both** alleged victims were given some type of early release from their confinement (in Mr. Ventura's case, the alleged victim was released within a month of disclosure)(in the other Offender's case, it appears that the alleged victim was given a sentence reduction for his juvenile conviction due the mitigating factor of the alleged perpetrator being convicted of a sexual abuse charge).

As these two cases are identical, the Court of Appeals has erroneously determined that, "the allegations in one or both of the Application for Post-Conviction Relief appear to be false." An Offender Counsel Substitute (along with an interpreter) has assisted Mr. Ventura with his pleadings, and were prepared to the best of Mr. Ventura's lay memory of the events which had occurred in his proceedings.

In order to obtain a copy of the transcript on collateral review, Mr. Ventura **MUST** meet the "particularized need" requirements of *State ex rel. Bernard v. Orleans Criminal District Court Section J*, 94-2247 (La. 4/28/95), 653 So.2d 1174. Had Mr. Ventura filed a Motion for Production of Documents, the district court would have denied such stating that he had failed to include a "particularized need" for obtaining such.

However, as Mr. Ventura has filed his Application for Post-Conviction Relief with Claims that he may be able to support with the Record, he is being denied. It appears that either way Mr. Ventura had filed, he would have been denied by the Courts.

Furthermore, Mr. Ventura cannot be held liable because his case is **SIMILAR** to someone else's case. Nor, can he be denied Due Process with the abuse of discretion shown in these proceedings. Mr. Ventura fully Exhibitized his Supervisory Writ with Rulings from the district court in both of these cases[1] and the Checklist for PCR on both of these cases. The Court should have noted that **both** of these cases are almost identical.

WHEREFORE, Mr. Ventura requests that this Honorable Court invoke its Supervisory Authority of Jurisdiction over the lower courts of this state, and remand this matter to the district court in order for Mr. Ventura to obtain his transcripts. In the event that the transcripts fail to support Mr. Ventura's allegations, Mr. Ventura should be allowed to Supplement such.

### QUESTIONS AND ISSUES PRESENTED

WHETHER THE 22ND JUDICIAL DISTRICT COURT AND THE LOUISIANA FIRST CIRCUIT COURT OF APPEALS ABUSED THEIR DISCRETION IN DENYING MR. VENTURA RELIEF DURING COLLATERAL REVIEW; AND IN DENYING MR. VENTURA THE RIGHT TO OBTAIN A COPY OF THE TRANSCRIPT OF THE PROCEEDINGS IN ORDER TO PROPERLY SUPPORT, OR OMIT HIS CLAIMS.

### JURISDICTION

The Louisiana Supreme Court has supervisory jurisdiction over this proceeding pursuant to **Article 5, § 5** of the **Louisiana Constitution of 1974**, as amended.

### NOTICE OF PRO-SE FILING

Mr. Ventura requests that this Honorable Court view these Claims in accordance with the rulings of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *State v. Moak*, 387 So.2d 1108 (La. 1980)(Pro-se petitioner not held to same stringent standards as a trained lawyer); *State v. Egana*, 771 So.2d 638 (La. 2000)(less stringent standards than formal pleadings filed by lawyers). Mr. Ventura is a layman of the law and untrained in the ways of filings and proceedings of formal pleadings in this Court.

---

1   Mr. Ventura was unable to obtain a copy of such when preparing this Writ.

## STATEMENT OF THE CASE

This is a case resulting in a conviction. On November 15, 2011, the Grand Jury of St. Tammany Parish returned a "True Bill" charging Rigoberto F. Ventura with Aggravated Rape of GL, in violation of LSA-R.S. 14:42, which allegedly occurred between May 25, 2002, and May 25, 2006. The State amended the Bill of Indictment to additionally charge Mr. Ventura with Sexual Battery of HW where the victim is under the age of 13, in violation of LSA-R.S. 14:43.1 for incidents which allegedly occurred between May 1, 2011, and September 1, 2011. Mr. Ventura plead not guilty to both charges (Rec.pp. 1, 4, 8, 36, 391-2). On the first day of the trial, the defense made oral motions for a continuance and a severance because the State had provided additional discovery information on Count Two, Sexual Battery, only two days earlier on a Friday afternoon for a trial which was set for the following Monday. The Court denied the motions (Rec.pp. 23, 165-71).

The matter was tried by a jury on June 22, 23, and 24, 2015. The jury returned verdicts of guilty as charged on both charges (Rec.pp. 142-3, 587). Mr. Ventura filed a Motion for Post-Verdict Judgment of Acquittal and a Motion for a New Trial. The Court denied the motions (Rec.pp. 33, 145, 147, 594). On Count One, Aggravated Rape, the Court sentenced Mr. Ventura to life imprisonment at hard labor in the custody of the Louisiana Department of Public Safety and Corrections without the benefit of Probation, Parole, or Suspension of Sentence. On Count Two, Sexual Battery, the Court sentenced Mr. Ventura to fifty (50) years at hard labor in the custody of the Louisiana Department of Public Safety and Corrections. The first twenty-five (25) years are without the benefit of Probation, Parole, or Suspension of Sentence. The sentences are consecutive (Rec.pp. 34, 600-1). Mr. Ventura filed a Motion to Reconsider Sentence which the Court denied (Rec.pp. 154-5).

On December 6, 2015, Mr. Ventura timely filed his Appeal with the Louisiana First Circuit Court of Appeals. On April 15, the Court of Appeals affirmed Mr. Ventura's convictions and sentences. Mr. Ventura then timely filed for Writ of Certiorari to the Louisiana Supreme Court. On April 24, 2017, the Supreme Court affirmed Mr. Ventura's convictions and sentences.

On May 22, 2017 (received by Mr. Ventura on June 2, 2017), the district court denied Mr. Ventura's Application without the benefit of an evidentiary hearing. On June 5, 2017 Mr. Ventura filed his Notice of Intent to Seek Writs.

On August 7, 2016, the Louisiana First Circuit Court of Appeals denied Mr. Ventura's Supervisory Writs with written reasons (although and improper procedural bar). Mr. Ventura then filed for a Re-Hearing to the Court of Appeals. At this time Mr. Ventura now files his Supervisory Writ of Review to

this Honorable Court with a Motion to Stay Proceedings (in the event the First Circuit Court of Appeals deems his Petition for Re-Hearing improper).

Mr. Ventura request that this Honorable Court invoke its Supervisory Authority of Jurisdiction over the lower courts of this state and remand this matter to the district court in order for Mr. Ventura to obtain a transcript of his proceedings, and allow him to properly argue the pending Claims, or omit the Claims which the Record fails to support.

## STATEMENT OF THE FACTS

Slidell Police Department Detective Brian Brown received a complaint on August 8, 2011, from Mrs. Lacayo informing that her son, GL, had made allegations that Mr. Ventura had sexually abused him from 2002 to 2006. GL made the disclosure while in a counseling session at the rehabilitation center where he was being treated for substance abuse. When the sexual abuse allegedly occurred, Mr. Ventura was in a sexual relationship with GL's grandmother who was physically abusive to GL (Rec.pp. 457, 460, 463, 466). GL was released from the rehabilitation center later that month and Detective Brown made an appointment with the Child Advocacy Center for an interview on August 30, 2011. In the interview, GL accused Mr. Ventura of sexual abuse and later identified him in a photo lineup (Rec.pp. 463, 469). Detective Brown arrested Mr. Ventura on September 9, 2011, and charged him with Aggravated Rape. Detective Brown arrested Mr. Ventura without conducting further investigation or verifying the facts (Rec.p. 468-70). GL was nineteen years old at the time of the trial and was unable to identify Mr. Ventura in court as the person who had abused him (Rec.pp. 456, 486).

After hearing of GL's allegations, Amy Gray questioned her three children to find out if they had been abused. Amy Gray lives in Texas and is the ex-wife of Mr. Ventura's brother, Giovanni Ventura, who is the father of Amy Gray's children. All three of her children denied that Mr. Ventura had abused them (Rec.p. 410, 412). In February 2012, shortly after the children returned from visiting their father in Louisiana, Ms. Gray again questioned her children regarding abuse. HG told her mother that Mr. Ventura had touched her inappropriately on two occasions, once when she was in bed with Mr. Ventura and his wife and another time when she was riding on a tractor with Mr. Ventura and her brother. These incidents allegedly occurred in 2011 (Rec.pp. 432-34). Ms. Gray called the Sheriff's Office in Texas and Myra Domingue, a child forensic interviewer, conducted an interview of HG (Rec.p. 438). After the interview, Mr. Ventura was arrested and charged with Sexual Battery of HG.

## ARGUMENTS

## CLAIM NO. ONE

**Mr. Ventura was denied his right to effective assistance of counsel in accordance with the Sixth and Fourteenth Amendments to the United States Constitution.**

According the Mr. Ventura's lay memory and the Argument by appointed counsel during the course of the Appeal, Mr. Ventura contends that his attorney should have subpoenaed the records concerning GL being required to attend sessions at a "rehabilitation" center.

The Record appears to support that GL had been in counseling sessions due to the physical abuse by his grandmother. However, Mr. Ventura is of the belief that GL had been in counseling for some type of issues that had caused him to go to counseling by the Court. Without the transcripts of the proceedings, Mr. Ventura is unable to verify anything concerning the counseling sessions. During the course of these proceedings, evidence had been presented that shortly after GL made allegations during counseling, that Mr. Ventura had sexually abused him, GL was released from the rehabilitation center and brought to the CAC for interview(s).

This fact alone would show some reason for GL to fabricate an allegation of sexual abuse by Mr. Ventura. But, without the transcripts to meet Mr. Ventura's burden of proof in accordance with La.C.Cr.P. Art. 930.2, any argument would be moot.

Mr. Ventura is relying solely on his memory with the use of an Interpreter to argue this Claim in the Courts. As Mr. Ventura is unfamiliar with proper procedures during the course of his case, he is hindered from obtaining any assistance without the use of the Record.

WHEREFORE, for the foregoing reasons, Mr. Ventura respectfully requests that this Honorable Court remand this matter back to the district court with an Order to have the Court forward a copy of the Record to Mr. Ventura.

## CLAIM NO. TWO

**Mr. Ventura Has Been Denied His Constitutional Rights To Appellate Review And To A Complete Transcript, In Violation Of Mr. Ventura's 6TH Amendment To The United States Constitution.**

In this Claim, Mr. Ventura was only supporting that he must be afforded a copy of the Record after conviction in his case. Mr. Ventura was unable to obtain a copy of the Record during the course of the Appeal. Mr. Ventura fully supported the Claim with statutory provision, and state and federal cases which inform the district court that Mr. Ventura must be able to obtain a copy of the Record.

However, the district court's erroneous interpretation of Louisiana Constitution of 1974, Art. I, § 19

is further denying Mr. Ventura a fundamental right which has been guaranteed by both state and federal law.

WHEREFORE, for the reasons stated above and in the Original Application for Post-Conviction Relief and Memorandum in Support, Mr. Ventura requests that this Honorable Court invoke its Supervisory Authority of Jurisdiction over the district court, remand this matter to the district court with instructions to forward Mr. Ventura a copy of the Record, and allow Mr. Ventura to make any corrections needed to his pleadings via a Supplemental Memorandum in Support.

## CLAIM NO. THREE

### Whether The District Attorney Used Peremptory Strikes In A Discriminatory Manner Based On Race And Gender?

In this Claim, Mr. Ventura was quite certain that the prosecution had intentionally struck both African-American and persons of ethnic Spanish heritage. Mr. Ventura admits that he was having a hard time keeping up with the jury selection due to the fact that St. Tammany utilizes the process of questioning all of the potential jurors simultaneously.

Mr. Ventura isn't sure as to the questions that were asked, or the answers by each of the potential jurors during the Voir Dire. But, to the best of his memory, the prosecutor intentionally peremptorily challenged everyone that was not Caucasian.

WHEREFORE, Mr. Ventura contends that with this Claim, if established, would entitle Mr. Ventura to relief.

## CLAIM NO. FOUR

### Whether the State was allowed thirteen (13) peremptory challenges during the course of the Voir Dire.

One of the most important questions during the course of an interview with an Offender, is "How many strikes did the State and defense use during the jury selection?" This is very important due to the fact that if the defense was erroneously denied a Cause for one of the potential jurors, if all of the peremptory challenges had been exercised by the defense, there would be cause to have the conviction overturned either on Appeal or PCR.

In this case, Mr. Ventura wasn't sure what would have been considered a peremptory challenge; or what a challenge for cause would entail.

Mr. Ventura isn't stating "**for a fact**" that the State was able to utilize more than twelve (12) strikes; he is stating that he "believes" that the State was allowed more than twelve (12) strikes. In order to

make a proper determination of such, Mr. Ventura needs to review the Record.

WHEREFORE, for these reasons, Mr. Ventura respectfully requests that this Honorable Court invoke its Supervisory Authority of Jurisdiction over the district court and remand this matter for further consideration.

## CLAIM NO. FIVE

**Whether the Assistant District Attorney had committed prosecutorial misconduct during the Closing Argument of these proceedings, denying Mr. Ventura a fair and impartial trial, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.**

In this Claim, Mr. Ventura isn't quite certain of the events that had taken place during the Closing Argument. However, he does remember that it appeared as though the prosecutor had resorted to "name calling" and pointing at Mr. Ventura during the Closing Arguments.

As Mr. Ventura has a very limited knowledge of the English language, the "body language" of the prosecutor has led him to believe that "name calling" had taken place. Mr. Ventura believes that the prosecutor knew that he could not understand the discussion during these proceedings, and took advantage of that fact.

Had the Record failed to support Mr. Ventura's Claim of prosecutorial misconduct, Mr. Ventura would have dismissed such on the Supplemental Memorandum. In order to make the proper determination of whether to proceed or dismiss this Claim, Mr. Ventura is in need of the Record.

However, it must be noted that this Claim, if established, would entitle Mr. Ventura to relief in these collateral proceedings.

WHEREFORE, for the foregoing reasons, Mr. Ventura respectfully requests that this Honorable Court invoke its Supervisory Authority of Jurisdiction over the district court and remand this matter in order to allow Mr. Ventura the opportunity to obtain a copy of the Record with reasonable time for him to make the determination whether to pursue this Claim, or dismiss for lack of evidence in the Record.

## CLAIM NO. SIX

**Mr. Ventura's 5th, 6th, and 14th Amendment rights of the United States Constitution were violated when his right to testify was taken from him.**

Mr. Ventura contends that he was denied the right to testify in his own behalf during the trial. At this time, Mr. Ventura is unsure as to whether there was a colloquy conducted between himself and the Court to determine if he desired to testify.

Although many attorneys would consider this "sound" trial strategy, there should be no reason for Mr. Ventura **not** to testify in his own behalf with these allegations. This case came down to a credibility

contest between the alleged victim and Mr. Ventura due to the fact that there was no physical evidence or any eyewitness testimony to corroborate the allegations.

At this time, Mr. Ventura is also unsure if an "Expert" witness had testified for the State during the trial to help corroborate the alleged victim's testimony.

As noted above, Mr. Ventura has never been in trouble with the law until this allegation was placed against him. Therefore, it would have been "sound" strategy to allow Mr. Ventura to testify in his own behalf due to the fact that with "no history" involving criminal activity, the State would be unable to discredit Mr. Ventura for previous convictions.

Furthermore, Mr. Ventura would have been able to testify as to why he believed that these allegations had been placed against him. Other than that, the jury did not hear from Mr. Ventura. If the Court instructed the jury that they could not hold Mr. Ventura's failure to testify against him during the deliberations, the jury would still wonder about such.

WHEREFORE, for the above reasons, Mr. Ventura requests this Honorable Court to invoke its Supervisory Authority of Jurisdiction over the lower court and remand this matter for further proceedings.

## SUMMARY

Mr. Ventura contends that the Courts have erroneously denied him relief (or in the alternative), a copy of the Record with which to file for collateral review.

On April 8, 2017, with the assistance of an Offender Counsel Substitute, filed his Application for Post-Conviction Relief with Memorandum in Support, and supporting motions. Mr. Ventura had informed the Court that he was filing is Claims based on Mr. Ventura's lay memory, through the use of an Interpreter, due to the fact that Mr. Ventura has not been afforded the opportunity to obtain the Record in his case (See: p. 1 of the Memorandum in Support).

The Court must note that although Mr. Ventura was able to receive assistance from an Interpreter to discuss his case with the Offender Counsel, it would be almost IMPOSSIBLE for Mr. Ventura to discuss his case with the Interpreter. These are some of those charges that most offenders do not want discussed in their living quarters. Persons convicted of sex offenders are considered the "worst of the worst," and are treated differently by both Offenders and Security wherever they are housed. When these Offenders first arrive, they are advised by the Intake personnel that they should not discuss their case amongst the other Offenders due to the "Nature of the Charge."

Although the Offender Counsel required to keep their clients cases confidential; that is not the case

with the Interpreters. IF the Interpreter discusses Mr. Ventura's case with other Offenders, there are no repercussions from such. However, if an Offender Counsel Substitute discusses his case with other Offenders (other than other Offender Counsel Substitutes), he can be dismissed from his job assignment and locked up (Administrative Segregation) for violating such.

The district court had noted that the PCR had been prepared by David Constance, an Offender Counsel Substitute at Angola. The Court was notified that Mr. Constance was relying on Mr. Ventura's lay memory and an Interpreter in order to argue the Claims of the PCR. Mr. Ventura properly informed the district court that he was reserving his rights to either omit or argue additional Claims during the collateral review after the district court allowed him to obtain the transcripts (See: Memorandum in Support, p. 3).

Furthermore, it must also be noted that Mr. Ventura had filed a Motion for Leave to Supplement Application for Post-Conviction Relief during these proceedings. The purpose of the Motion to Supplement was to ensure Mr. Ventura the ability to either advance, dismiss, or file additional Claims to his pending PCR. Had Mr. Ventura been unable to substantiate any of the Claims previously filed during these proceedings, he would have dismissed such. Mr. Ventura had informed the district court that his pleadings were being filed with the use of an interpreter and Offender Counsel Substitute from his memory without the use of a Record or transcript to assist him.

On the other hand, had Mr. Ventura found additional Claims during the review of the Record, he would have been able to file such in the Supplement of the PCR.

Mr. Ventura contends that it was improper for the Court to dismiss his pleadings due to the fact that they were similar to another pleading which had been filed by the same Offender Counsel Substitute at Angola.

Although it is not the usual practice, Mr. Constance is enclosing a copy of the PCR checklist for both Rigoberto Ventura #701404 (See: Exhibit "A") and John Riley #621595 (See: Exhibit "B"). After a review of such, this Honorable Court must determine that both of these cases were similar in nature with the same complaints from each of these Petitioners.

It should be noted that the district court denied the Application of Mr. Riley #621595 with an "exact" replicate of the ruling for Mr. Ventura (See: Exhibit "C").

According to La.C.Cr.P. Art. 928, "The application may be dismissed without an answer if the application fails to allege a claim which, if established, would entitle the petitioner to relief." Mr. Ventura contends that the Claims raised on PCR, if established, would entitle him to relief.

On page 3 of the district court's Ruling, the Court stated, "The Louisiana Constitution guarantees that "No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. La. Const. Ann. Art. I, § 19. Applicant reads this provision as guaranteeing him a copy of the record including the transcript. That is not the case. The record is for the appellate court, not the defendant. After that review, the First Circuit affirmed his conviction and sentence. On the showing made, this Application is denied."

It appears as though the district court is attempting to prevent Mr. Ventura from obtaining the Record of the proceedings with this erroneous interpretation of Art. I, § 19 of the Louisiana Constitution of 1974, even though "indigent offenders have an absolute right to their transcripts" according to *State v. Holmes*, 543 La.2d 1365 (La. App. 3rd Cir. 1989), *accord*, *State ex rel Allen v. Becker*, 501 So. 2d 203 (La. 1987). See also: *State v. Porter*, 151 So.3d 871 (La. App. 4th Cir. 10/8/14), *writ denied*, 176 So.3d 1037 (La. 9/11/15)("Every criminal defendant has a right to a complete transcript of his trial proceedings).

## CONCLUSION AND PRAYER

**WHEREFORE,** Mr. Ventura respectfully prays that for the reasons presented herein, that this Honorable Court GRANT the instant writ application and therefor GRANT him the relief he is entitled to as a matter of both federal and state constitutional law.

Respectfully submitted this 24th day of August, 2017.

Rigoberto Ventura, #701404
MPW Y/Way-3
La. State Penitentiary
Angola, LA 70712

## CERTIFICATE OF SERVICE

I, Rigoberto Ventura hereby certify that I have served a true and correct copy of the above and foregoing upon the Clerk of Court's Office, Louisiana Supreme Court by forwarding a copy to Legal Programs to be filed electronically; and the District Attorney, St. Tammany Parish, by placing same in the Institution's Legal Mail System for depositing in the U.S. Mail, properly addressed and with proper, first-class postage pre-paid, this 24th day of August, 2017.

Rigoberto Ventura

## VERIFICATION

I, Rigoberto Ventura, hereby verify that I have read and understand the statements made in the above and foregoing and that the statements made are true and correct to the best of my knowledge, belief, and information under the penalties of perjury.

Rigoberto Ventura