# APPENDIX "I"

## RULING: S.CT.
## 11/5/18

# The Supreme Court of the State of Louisiana

STATE EX REL. RIGOBERTO F. VENTURA

NO.   2017-KH-1458

VS.

STATE OF LOUISIANA

– – – – – –

IN RE:  Rigoberto F. Ventura; - Plaintiff; Applying For Supervisory and/or Remedial Writs, Parish of St. Tammany,  22nd Judicial District Court Div. G, No. 513715; to the Court of Appeal, First Circuit, No. 2017 KW 0839;

– – – – – –

November 5, 2018

Denied.

JTG

BJJ

JLW

GGG

MRC

JDH

SJC

Supreme Court of Louisiana
November 5, 2018

Deputy  Clerk of Court
For the Court

# APPENDIX "J"

## ORIGINAL BRIEF ON APPEAL
## 12/6/15

Court of Appeal, First Circuit
Order Number: 2015 10838
Received: 12/6/2015 10:11:00 AM
Paid: None

2015 KA 1784
Court of Appeal, First Circuit
Filed: 12/6/2015
Postmarked:
Received: 12/6/2015

FIRST CIRCUIT COURT OF APPEAL

OF THE

STATE OF LOUISIANA

DOCKET NUMBER **2015-KA-1784**

STATE OF LOUISIANA
PLAINTIFF-APPELLEE

VERSUS

**RIGOBERTO FRAGMESIO VENTURA**
DEFENDANT-APPELLANT

APPEAL FROM THE TWENTY-SECOND DISTRICT COURT
IN AND FOR THE PARISH Of ST.TAMMANY
STATE OF LOUISIANA, THE HONORABLE SCOTT GARDNER
PRESIDING IN NO. 513715 G

**CRIMINAL APPEAL**
ORIGINAL BRIEF ON BEHALF OF
DEFENDANT - APPELLANT
**RIGOBERTO FRAGMESIO VENTURA**

**LOUISIANA APPELLATE PROJECT**
**BERTHA M. HILLMAN**
222 North Vermont Street
Covington, Louisiana 70433
PHONE: (985) 209-2376
BAR NUMBER: 20861

COUNSEL FOR THE
DEFENDANT-APPELLANT

(A CONFIDENTIAL CRIMINAL MATTER)



## TABLE OF CONTENTS

TABLE OF AUTHORITIES........................................... ii

JURISDICTION. .................................................. 1

STATEMENT OF THE CASE ....................................... 1-2

ASSIGNMENT OF ERROR........................................... 2

ISSUE PRESENTED.................................................. 2

STATEMENT OF FACTS. ......................................... 2-3

SUMMARY OF THE ARGUMENT.................................... 3-5

ARGUMENT..................................................... 5-9

CONCLUSION. .................................................... 9

CERTIFICATE..................................................... 10

APPENDIX
    MINUTE ENTRY OF SENTENCING

## TABLE OF AUTHORITIES

### CONSTITUTIONS

Louisiana Constitution, Article V, Section 10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

### STATUTES

Code of Criminal Procedure Article 712. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Code of Evidence Article 403. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Code of Evidence, Article 404 B. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Code of Evidence, Article 412.2. . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . .. 7

Code of Evidence, Article 493. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Revised Statute 14:42. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Revised Statute 14:43.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . .. .1

### CASES

State v. Carter, 352 So. 2d 607 (1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 8

State v. Castleberry, 98-1388, p. 5 (La. 4/13/99), 758 So.2d 749, 755, cert. denied, 528 U.S. 893, 120 S. Ct. 220, 145 L. Ed. 2d 185 (1999). . . . . . . . . . . . . . . . . . . . . 8-9

State v. Christy, 593 So. 2d 1322, 1325 (La. App. 1st Cir. 1991). . . . . .. . . . . . .5

State v. Davis, 92-1623 (La. 5/23/94), 637 So. 2d 1012, 1019, cert. denied, U.S. , 115 S. Ct. 450, 130 L. Ed. 2d 359. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

State v. Prieur, 277 So. 2d 126 (La. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

State v. Strickland, 94-0025, p. 23 (La. 11/1/96), 683 So. 2d 218, 229. . . . . . . . . .9

State v. Washington, 386 So. 2d 1368, 1371 (La. 1980). . . . . . . . . . . . . . . . . . . . .6

-ii-

**JURISDICTION**

Jurisdiction in this case vests in this Honorable Court pursuant to the provisions of the *Louisiana Constitution, Article V, Section 10*.

**STATEMENT OF THE CASE**

This is a criminal case resulting in a conviction. On November 15, 2011, the Grand Jury of St. Tammany Parish returned a true bill charging Rigoberto F. Ventura with aggravated rape of G. L. in violation of *LSA- R.S. 14:42* which allegedly occurred between May 25, 2002, and May 25, 2006. On October 18, 2012, the state amended the bill of indictment to additionally charge Ventura with sexual battery of H. W. where the victim is under the age of 13 in violation of *LSA- R.S. 14:43.1* for incidents which allegedly occurred between May 1, 2011, and September 1, 2011. Ventura pled not guilty to both charges (Rec., pp. 1, 4, 8, 36, 391-392). On the first day of the trial the defense made oral motions for a continuance and a severance because the state had provided additional discovery information on count two, sexual battery, only two days earlier on a Friday afternoon for a trial which was set for the following Monday. The court denied the motions (Rec., pp. 23, 165-171).

The matter was tried to a jury on June 22, 23 and 24, 2015. The jury returned verdicts of guilty as charged on both counts (Rec., pp. 142-143, 587). Mr. Ventura filed a motion for post verdict judgment of acquittal and a motion for a new trial. The court denied the motions (Rec., pp.33, 145, 147, 594). On count one, aggravated rape, the court sentenced Mr. Ventura to life imprisonment at hard labor in the custody of the Louisiana Department of Public Safety and Corrections without the benefit of parole, probation or suspension of sentence. On count two, sexual battery, the court

sentenced Mr. Ventura to fifty years at hard labor in the custody of the Louisiana Department of Public Safety and Corrections. The first twenty-five years are without benefit of parole, probation or suspension of sentence. The sentences are consecutive. (Rec., pp. 34, 600-601 ). Mr. Ventura filed a motion to reconsider sentence which the court denied (Rec., pp. 154-155).

This appeal timely follows.

**ASSIGNMENT OF ERROR: THE COURT ERRED IN DENYING MR. VENTURA'S MOTION TO SEVER CHARGES OR IN THE ALTERNATIVE DENYING HIS MOTION TO CONTINUE.**

**ISSUE PRESENTED: WHETHER THE COURT ERRED IN DENYING MR. VENTURA'S MOTION TO SEVER CHARGES OR IN THE ALTERNATIVE DENYING HIS MOTION TO CONTINUE?**

**STATEMENT OF THE FACTS**

Slidell Police Department Detective Brian Brown received a complaint on August 8, 2011, from Mrs. Lacayo informing him that her son, G. L. had made allegations that Rigoberta Ventura had sexually abused him from 2002 to 2006. G. L. made the disclosure while in a counseling session at a rehabilitation center where he was being treated for substance abuse. When the sexual abuse allegedly occurred Mr. Ventura was in a sexual relationship with G. L.'s grandmother who was physically abusive to G. L. (Rec.. 457, 460, 463, 466). G. L. was released from the rehabilitation center later that month and Detective Brown made an appointment with

the Child Advocacy Center for an interview on August 30, 2011. In the interview G. L. accused Mr. Ventura of sexual abuse and later identified him in a photo lineup (Rec., pp. 463, 469). Detective Brown arrested Mr. Ventura on September 9, 2011, and charged him with aggravated rape. Detective Brown arrested Mr. Ventura without conducting further investigation or verifying any of the facts (Rec., pp. 468- 470). G. L. was nineteen years old at the time of the trial and was unable to identify Mr. Ventura in court as the person who had abused him (Rec., pp. 456, 486).

After hearing of G. L.'s allegations, Amy Gray questioned her three children to find out if they had been abused. Amy Gray lives in Texas and is the ex-wife of Rigoberto Ventura's brother, Giovanni Ventura, who is the father of Amy Gray's children. All three of her children denied that Rigoberto had abused them (Rec., pp.410,412). In February 2012, shortly after the children returned from visiting their father in Louisiana, Ms. Gray again questioned her children regarding abuse. H. G. told her mother that Rigoberto had touched her inappropriately on two occasions, once when she was in bed with Rigoberto and his wife and another time when she was riding on a tractor with Rigoberto and her brother. These incidents allegedly occurred in 2011 (Rec., pp.432-434). Ms. Gray called the sheriff's office in Texas and Myra Domingue, a child forensic interviewer, conducted an interview of H. G. (Rec., pp.438). After the interview Rigoberto was arrested and charged with sexual battery of H. G.

## SUMMARY OF THE ARGUMENT

On the Friday afternoon before Monday's trial the state informed the defense of the existence of an Office of Community Service (OCS) file in Texas on H. G. and

a statement made by her mother to Texas police. On Monday before voire dire Mr. Ventura moved to sever the trial and to go forward only with the charge against G. L. The court denied the motion and then denied the motion for a one day continuance to allow the defense to obtain this relevant evidence from Texas.

Mr. Ventura was forced to go to trial without relevant evidence that may have been exculpatory and may have aided him in impeaching witnesses or proving that H. G's testimony was contaminated by conversations she overheard while visiting in Louisiana two weeks before she accused Rigoberto of touching her inappropriately. The testimony of H. G. bolstered the testimony of G. L. who was unable to identify Rigoberto in court and whose trial testimony was inconsistent with pre-trial statements. If the matters had been severed, G. L.'s testimony would not have been improperly bolstered .Since the likelihood that juries will make an improper inference is high when evidence of other crimes is introduced, courts presume prejudice and exclude evidence of other crimes unless that evidence can be admitted for some substantial legitimate purpose. The same dangers appear to exist when multiple crimes are joined for trial and the same principal of prophylaxis are applicable. *State v. Carter, 352 So. 2d 607 (1977).*

Furthermore, Mr. Ventura was confounded in presenting separate defenses to each count. In one cases, he may have wished to invoke his constitutional right to remain silent, while in his defense to the other charge, he may have wished to take the witness stand.

In the alternative the court should have granted the motion to continue the trial for one day to give Mr. Ventura the opportunity to obtained the OCS file and the statement of H. G's mother. Mr. Ventura received a life sentence. It was error for the

-4-

court to refuse to delay the trial for one day to give him the opportunity to obtain relevant evidence to establish his innocense.

## ARGUMENT

On the first day of trial before jury selection began the defense made a motion for discovery sanctions against the state because the state provided them with a Texas police report on Friday after business hours for the trial which began on Monday. The report is the result of an investigation into the allegations H. G. made against Rigoberto Ventura. The report stated that there was an OCS file that was generated in Texas that no one had seen and a recording of a statement Amy Gray, H. G.'s mother, made to police. The defense also moved to sever the cases and move forward with the trial against G. L. or for a continuance of one day to allow the defense the opportunity to obtain this relevant evidence from Texas. The court denied all motions (Rec., pp. 23, 165-171). It was error for the court to deny the motion to sever. In the alternative, it was error for the court to deny a one day continuance.

A motion for severance is addressed to the sound discretion of the trial court, and its ruling should not be disturbed on appeal absent a showing of an abuse of discretion. *State v. Christy, 593 So. 2d 1322, 1325 (La. App. 1st Cir. 1991)*. A defendant in any case bears a heavy burden of proof when alleging prejudicial joinder of offenses as grounds for a motion to sever. Factual, rather than conclusory, allegations are required. Evidence of a crime other than the one charged, which may not, for some reason, be admissible in a separate trial of that charge, does not prevent the joinder and single trial of the charge of multiple crimes, if the joinder of the crimes is otherwise permissible. *State v. Davis, 92-1623 (La. 5/23/94), 637 So. 2d*

*1012, 1019, cert. denied, U.S. , 115 S. Ct. 450, 130 L. Ed. 2d 359. La.C.Cr.P. art. 493* provides that two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial." In determining whether offenses the state has charged in the same indictment should be severed the trial court should consider whether the jury would be confused by the various charges; whether the jury would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile." *State v. Washington, 386 So. 2d 1368, 1371 (La. 1980)*.

Mr. Ventura was forced to go to trial without evidence that may have been exculpatory and may have aided him in impeaching witnesses or proving that H. G's testimony was contaminated by conversations she overheard while visiting in Louisiana two weeks before she accused Rigoberto of touching her inappropriately. Myra Domingue, the forensic interviewer who interviewed H. G., testified that conversations H. G. had while visiting her father's family could have been a source of contamination and that contamination can affect the reliability of what a child is saying (Rec., p.447). H. G. testified that, when she and her brother and sister were sleeping on a mattress on the floor in a one room efficiency house, Rigoberto removed her from the mattress and placed her on a bed between him and his wife

-6-

where he touched her inappropriately (Rec., pp. 131-132). It is difficult to believe that anyone would engage in sexual abuse in a room with three other people present, particularly in a bed while his wife slept. The other instance of abuse also involves incredible facts. H. G. testified that Rigoberto touched her when she was sitting on his lap driving a tractor with her brother sitting on the seat next to them. Yet, the jury did believe this testimony. The OCS file and the taped interview that were not disclosed to the defense may have contained impeachment evidence or evidence of contamination. The testimony of H. G. improperly bolstered the testimony of G. L. who was unable to identify Rigoberto in court and whose trial testimony was inconsistent with and contradictory to pre-trial statements. If the matters had been severed, G. L.'s testimony would not have been improperly bolstered.

Furthermore, Mr. Ventura was confounded in presenting separate defenses to each count. In one cases, he may have wished to invoke his constitutional right to remain silent, while in his defense to the other charge, he may have wished to take the witness stand.

Trying these counts together offered little in the way of judicial economy because the cases involved different witnesses and different victims. Offenses which have been joined solely because they are the same or similar character offenses are not admissible "other crimes" under *State v. Prieur, 277 So. 2d 126 (La. 1973)* and its progeny and should normally be severed upon motion of the accused or the state. *State v. Carter, 352 So. 2d 607 (1977).* It is a principal of long standing in our law that evidence of one crime is inadmissible to prove disposition to commit crime from which the jury may infer that the defendant committed the crime charged. Evidence of other crimes is admissible under *Code of Evidence Article 412.2* to show evidence

-7-

of similar crimes in sex offense cases, but this is subject to the balancing test of ***Code of Evidence Article 403***. The evidence must be more probative than prejudicial. In this case it is not. Since the likelihood that juries will make an improper inference is high, courts presume prejudice and exclude evidence of other crimes unless that evidence can be admitted for some substantial legitimate purpose. The same dangers appear to exist when multiple crimes are joined for trial and the same principal of prophylaxis are applicable. **Statev. Carter, supra.**

Evidence tending to reveal an accused's disposition to commit a crime, although in a general sense relevant, is nonetheless excluded from trial unless it can be shown that the evidence serves an independent legitimate purpose. Where more than one crime is offered to the jury because more than one crime has been charged in the indictment, the evidence as to all crimes charged tends to culminate to prove each, thus prejudicing the defendant in his right to a separate consideration of his guilt or innocense on each charge. The court erred in denying the defendant's motion to sever, and the matter should be remanded for separate trials. The evidence as to each count would not be otherwise admissible in a separate trials either as res gestae or admissible other crimes evidence introduced pursuant to ***Code of Criminal Procedure Article 404 B***.

In the alternative the court should have granted the motion to continue the trial for one day to give Mr. Ventura the opportunity to obtained the OCS file and the statement of H. G's mother. It was error for the court to refuse Mr. Ventura the opportunity to obtain such relevant evidence particularly since he was facing a life sentence.

The granting or denial of a motion for continuance rests within the sound discretion of the trial court, and its ruling shall not be disturbed on appeal absent a showing of a clear abuse of discretion. *La. C. Cr. P. art. 712; State v. Castleberry, 98-1388, p. 5 (La. 4/13/99), 758 So.2d 749, 755, cert. denied, 528 U.S. 893, 120 S. Ct. 220, 145 L. Ed. 2d 185 (1999)*. Whether refusal of a motion for continuance is justified depends on the circumstances of the case. Generally, the denial of a motion for continuance is not reversible absent a showing of specific prejudice. *State v. Strickland, 94-0025, p. 23 (La. 11/1/96), 683 So. 2d 218, 229*. Mr. Ventura was prejudiced because he was denied access to evidence that may have exonerated him. Mr. Ventura received a life sentence. It was error for the court to refuse to delay the trial for one day to give him the opportunity to obtain evidence to establish his innocense.

## CONCLUSION

The court erred in denying the defendant's motion to sever. The matter should be remanded to the trial court for separate trials. In the alternative the matter should be remanded to allow Mr. Ventura the opportunity to obtain the relevant and possibility exculpatory evidence from Texas and to present it to the jury in a new trial.

Respectfully Submitted,

*Bertha M. Hillman*

**LOUISIANA APPELLATE PROJECT_**

Bertha M. Hillman          Bar Roll # 20861
410 St. Phillip Street
Thibodaux, Louisiana 70301
(985) 4465480

-9-

## CERTIFICATE

I hereby certify that the foregoing original brief of appellant, has been served

upon Judge Scott Gardner;  Assistant District Attorney, Matthew Caplan via E-mail

per his request and, and upon

Mr. Rigoberto Ventura DOC # 701404 at:

Louisiana State Penitentiary
General Delivery
Angola, LA 70712-9999

by depositing the same in the U.S. mail, postage prepaid and properly addressed, on

the 6th  day of December, 2015.

Respectfully submitted

*Bertha M. Hillman*

Bertha M. Hillman # 20861

**LOUISIANA APPELLATE PROJECT**
222 North Vermont Street
Covington, LA 70433
(985) 209-2376

Monday, July 13, 2015

COURT MET THIS DAY PURSUANT TO ADJOURNMENT, PRESENT AND

PRESIDING HIS HONOR, SCOTT GARDNER, JUDGE, DIVISION "G ", NICK

NORIEA, JESSICA BREWSTER, JAY ADAIR, BRUCE DEARING, MARTHA

ELLIOTT, ASSISTANT DISTRICT ATTORNEY'S, RODNEY J STRAIN, JR.,

SHERIFF AND MALISE PRIETO, CLERK OF COURT. Richard Hunt, Bailiff and

Angel Kane, Court Reporter).

513715                          STATE OF LOUISIANA

                                VS

                                RIGOBERTO FRAGMESIO VENTURA

The defendant being present in open Court attended by his Counsel, John Hogue

and Kevin Linder and this matter being on assignment for hearing of motions and felony

sentencing. The Court at this time ordered that the interpreter be sworn, which was

done.

As to the Motion for Post Verdict Judgment of Acquittal, Motion for New Trial, the

matters were submitted to the Court. Whereupon Court denied said motions, at which

time the defense objected, which Court noted for the record.

    Victim Impact statements were read in open Court by Stephanie Lacayo and Arnie

Gray. Further, this matter being on assignment for felony sentencing, Court imposed

the following sentence:

    RIGOBERTO FRAMESIO VENTURA, having previously been found guilty by

Jury of count 1, R.S. 14: 42, AGGRAVATED RAPE. Court at this time sentenced him to

serve a period of life imprisonment at hard labor with the Department of Public Safety

and Corrections of the State of Louisiana, without benefit of probation, parole or

suspension of sentence. And count 2, R.S. 14: 43. 1 SEXUAL BATTERY, upon the

person of H.W. (DOB 10/ 11/ 02), where the victim is under the age of 13. Court at this

time sentences him to serve a period of fifty (50) years at hard lard labor with the

-11-

33

Department of Public Safety and Corrections of the State of Louisiana. First twenty -five (25) years of sentence to be served without benefit of probation,parole or suspension of sentence..

Said sentences to run consectutive with each other.

Further the defendant was given a copy of Notification to Sex Offender at this time.

Court ordered the defendant be given credit for time served. And further advised him under the Provisions of Article 930. 8 of the Code of Criminal Procedure he has a period of two (2) years to file for post- conviction relief.

The defense counsel at this time filed a Motion to Reconsider Sentence, which was submitted and Court denied. The defense objected, at which time the Court noted objection for the record. Further, the defense counsel filed a Motion for Appeal and Desigination of Record, which was granted and setting a return date 75 days from today.

Court at this time ordered the defendant be remanded to the custody of the sheriff.

COURT ADJOURNED SINE DIE          MINUTES READ AND APPROVED

MINUTE CLERK / Eileen Chatellier      JUDGE DIVISION G     SG

# APPENDIX "K"

## RULING ON APPEAL
### 4/15/16

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2015 KA 1784

STATE OF LOUISIANA

VERSUS

RIGOBERTO FRAGMESIO VENTURA

Judgment Rendered: **APR 1 5 2016**

* * * * *

On Appeal from the
22nd Judicial District Court,
Parish of St. Tammany, State of Louisiana
Trial Court No. 513,715
The Honorable Scott Gardner, Judge Presiding

* * * * *

Warren L. Montgomery                     Attorneys for Plaintiff/Appellee,
District Attorney                        State of Louisiana
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Bertha M. Hillman                        Attorney for Defendant/Appellant,
Covington, Louisiana                     Rigoberto Fragmesio Ventura

* * * * *

BEFORE: PETTIGREW, HIGGINBOTHAM, AND CRAIN, JJ.

**CRAIN, J.**

A grand jury indicted the defendant, Rigoberto Fragmesio Ventura, for the aggravated rape of G.L.[1]  *See* La. R.S. 14:42.  The state later amended the indictment to charge the defendant with sexual battery of H.W. (who, by the time of trial was known as "H.G."), a victim under the age of thirteen.  *See* La. R.S. 14:43.1.  The defendant pled not guilty, was tried by a jury, and was convicted as charged on both counts.  The defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence for the aggravated rape conviction, and to fifty years imprisonment at hard labor with twenty-five years of the sentence to be served without benefit of parole, probation or suspension of sentence for the sexual battery conviction, with the sentences ordered to run consecutively.  The defendant now appeals, contending that the offenses should have been severed for trial, or alternatively, that the trial should have been continued.  We affirm the convictions and sentences.

**FACTS**

At trial, nineteen-year-old G.L. testified that when he was between the ages of six and ten years old, the defendant sexually abused him approximately fifteen times.  Specifically, G.L. and the defendant performed oral sex on each other.  The abuse took place at G.L.'s grandmother's house in Slidell.  G.L. disclosed the abuse years later during counseling.

After learning of G.L.'s accusations against the defendant, H.G.'s mother questioned her children about whether anything had happened to them.  H.G.'s mother was divorced from H.G.'s father, the defendant's brother, but the children, who lived with their mother in Texas, visited with their father and saw the

---

[1]     The victims are referred to by their initials. *See* La. R.S. 46:1844(W).

defendant during the summers. H.G. disclosed that the defendant had inappropriately touched her during one of those visits. At trial, twelve-year old H.G. testified that the defendant touched her vagina on two occasions while she visited his home in Bush, during the summer of 2011.

## DISCUSSION

Prior to the start of the defendant's Monday trial, the defense made an oral motion for discovery sanctions, seeking to exclude any information learned from any investigation of the sexual battery of H.G that was conducted in Texas, the state where H.G. was living at the time she disclosed the abuse. The defense contended that it was only on the previous Friday that the state provided it with a Texas police report that referenced statements by H.G.'s mother and a Texas Office of Community Services (OCS) case file on H.G. The defense asked that any information obtained in Texas be excluded based on the state's late disclosure of the evidence.

The state opposed the motion, arguing that it provided the defense with open file discovery, that the defense had only requested the Texas police report a week prior to trial, and that the state obtained the report on Friday and promptly turned it over to the defense. The state further argued that the forensic interview of H.G. that was conducted in Texas had been turned over to the defense as part of open file discovery. The state contended that it was unaware of any Texas OCS records prior to receiving the police report, therefore none had been sought or located.

The defense, the state, and the trial court then engaged in a discussion about the appropriate course of action. The defense again asked that the state not be allowed to use the evidence, and in the event that was not satisfactory to the trial court, asked that it consider severing the counts "so that the Texas count has no

3

bearing on the Louisiana count." And if that was not satisfactory, the defense requested a one-day delay of the trial. When the trial court asked the reason for the proposed delay, the defense answered that it was to "assimilate the newfound information into [their] case," and indicated that during that time they may be able to obtain H.G.'s mother's recorded statement.

Considering the assertions of the defense and state, the trial court denied the request for sanctions, as well as the request for severance. The trial court indicated that they would only be conducting *voir dire* that day, and on the following day they would see whether the evidence had been obtained. The trial court stated it was effectively granting a recess of one day, but was denying the motion to continue the trial. Later that day, the state informed the court that it had obtained the statement made by H.G.'s mother and was in the process of providing it to the defense. The state also stated it had confirmed that Texas OCS had only "taken down a referral and sent the information to Louisiana" and that Louisiana's OCS had no complaints or investigations on file. The defense then indicated it was satisfied with the discovery.

Now, on appeal, the defendant asserts that the trial court erred denying the motion to sever, arguing that he was forced to go to trial without evidence that may have been exculpatory and may have aided him in impeaching witnesses or undermining the credibility of H.G.'s testimony. However, at trial, the state indicated it provided the defense with the statement by H.G.'s mother, and the defense indicated that it was satisfied with the discovery provided. The defendant further complains about a missing OCS file, but that issue was also resolved at trial, with the state confirming that there was no Texas OCS file, and the defendant indicating it was satisfied with the discovery provided. The trial court did not

4

abuse its discretion in denying the motion to sever based on these evidentiary issues. *Cf. State v. Allen*, 95-1515 (La. App. 1 Cir. 6/28/96), 677 So. 2d 709, 713, *writ denied*, 97-0025 (La. 10/3/97), 701 So. 2d 192 (a motion for severance is addressed to the sound discretion of the trial court and its ruling should not be disturbed on appeal absent a showing of an abuse of discretion).

Additionally, for the first time on appeal the defendant complains that the counts should have been severed because he was "confounded in presenting separate defenses to each count" and further, that he may have wished to invoke his constitutional right to remain silent as to one count, but testify as to the other. He further argues that evidence as to each count would not be otherwise admissible in separate trials.

In order to preserve the right to appellate review of an alleged trial court error, a party must state an objection contemporaneously with the occurrence of the alleged error, as well as the grounds for the objection. La. Code Crim. Pro. art. 841A. A new basis for an objection may not be raised for the first time on appeal. The purpose behind the contemporaneous objection rule is to put the trial judge on notice of an alleged irregularity so that he may cure the problem. It is also intended to prevent the defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by an objection. *State v. Johnson*, 15-0513, (2015WL9434781) (La. App. 1 Cir. 12/23/15), ___ So. 3d ___, ___.

In arguing the motion to sever to the trial court, the defendant did not raise objections regarding the joinder of the offenses. His only arguments were based on the evidentiary issues addressed herein. Since the defendant did not raise objections to the joinder of the offenses, they were not preserved for review and we

5

do not consider them. *Cf.* La. Code Crim. Pro. art. 841A; *State v. Johnson*, ___ So. 3d at ___.

Alternatively, the defendant contends that he should have been granted a one-day continuance to obtain the OCS file and the statement of H.G.'s mother.[2] We reiterate that the record reflects that the statement was provided, the defense was informed that there was no OCS file, and the defense thereafter indicated it was satisfied with the discovery provided. Further, as the trial court noted, the trial's presentation of evidence did not begin until the day after the motion was made. And when trial began the next day, the defendant did not urge any further objection. Accordingly, the trial court did not abuse its discretion in denying the motion to continue. *Cf. State v. Strickland*, 94-0025 (La. 11/1/96), 683 So. 2d 218, 229 ("The decision whether to grant or refuse a motion for a continuance rests within the sound discretion of the trial judge and a reviewing court will not disturb such a determination absent a clear abuse of discretion.").

The defendant's arguments are without merit.

**CONVICTIONS AND SENTENCES AFFIRMED.**

---

[2]  We recognize that the motion to continue was neither made in writing, nor filed at least seven days prior to the commencement of trial as required by Louisiana Code of Criminal Procedure article 707. However, an exception to that requirement has been recognized when the grounds alleged for the continuance arose unexpectedly such that the defense does not have an opportunity to prepare the written motion, and where the record reflects that the trial judge was aware of the ground upon which the motion was based and ruled thereon. *See State v. Simpson*, 403 So. 2d 1214, 1215 n.2 (La. 1981); *State v. Brown*, 95-0755 (La. App. 1 Cir. 6/28/96), 677 So. 2d 1057, 1062.

# APPENDIX "L"

## WRIT OF CERTIORARI
## LA. S.CT.

IN THE
SUPREME COURT
STATE OF LOUISIANA


NO:_____


STATE OF LOUISIANA,
*Petitioner,*

Versus

RIGOBERTO F. VENTURA,
*Respondent.*


ON APPLICATION FOR CERTIORARI AND/OR SUPERVISORY WRITS
OF REVIEW FROM THE COURT OF APPEAL, FIRST CIRCUIT, NO.
2016-K-0216, PETTIGREW, HIGGINBOTHAM, CRAIN, JJ. AFFIRMING
DIRECT APPEAL FROM 22ND JUDICIAL DISTRICT COURT, PARISH
OF ST. TAMMANY, NO. 513,715, THE HONORABLE SCOTT GARDNER,
DISTRICT JUDGE.


ON BEHALF OF
Rigoberto F. Ventura, Pro Se


Respectfully submitted

Rigoberto F. Ventura
D.O.C. #701404, Walnut 3
Louisiana State Penitentiary
Angola, Louisiana 70712

SUPREME COURT OF LOUISIANA
WRIT APPLICATION FILING SHEET

No. _____

TO BE COMPLETED BY COUNSEL or PRO SE LITIGANT FILING APPLICATION

TITLE

Applicant: Rigoberto Ventura #701404
Have there been any other filings in this
**RIGOBERTO VENTURA**                      Court in this matter? [ ] Yes [X] No

VS.                                        Are you seeking a Stay Order? No
                                           Priority Treatment? No
**STATE OF LOUISIANA**                     If so you MUST complete & attach a
                                           Priority Form

## LEAD COUNSEL PRO SE LITIGANT INFORMATION

APPLICANT:                          RESPONDENT: State of Louisiana
Name: Rigoberto Ventura            Name: Warren L. Montgomery, District Attorney
Address: #701404, Walnut 3         Address: Justice Center, 701 North Columbia, St.
       Angola, Louisiana 70712             Covington, Louisiana 70433
Phone: N/A   Bar Roll No. N/A      Phone:_____ Bar Roll No. ___

Pleading being filed: [X] In Proper Person,  [X] In Forma Pauperis Attach a list of additional
counsel/pro se litigants, their addresses, phone numbers and the parties they represent.

## TYPE OF PLEADING
[ ] Civil, [X] Criminal, [ ] Bar, [ ] Civil Juvenile, [ ] Criminal Juvenile, [ ] Other

## ADMINISTRATIVE OR MUNICIPAL COURT INFORMATION
Tribunal/Court: _____ Docket No. _____
Judge/Commissioner/Hearing Officer:_____ Ruling Date: _____
### DISTRICT COURT INFORMATION
Parish and Judicial District Court: St. Tammany Parish, 22nd Judicial District Court Filing date
Judge and Section: Hon. Scott Gardner Judge        Date of Ruling/Judgment:

## APPELLATE COURT INFORMATION
Circuit: First Filing Date: ?/ 2015 Docket No.2015 KA 1784      Action: denied
Applicant in Appellate Court: Rigoberto Ventura #701404       Ruling Date: April 15, 2016
Panel of Judges: Pettigrew, Higginbotham, and Crain, JJ En Banc: [ ]

## REHEARING INFORMATION
Applicant: _____ Filing Date: _____ Action on Rehearing: _____
Ruling Date: _____ Panel of Judges: _____ En Banc: [ ]

## PRESENT STATUS
[ ] Pre-Trial, Hearing/Trial Schedule Date: _____, [ ] Trial in Progress, [X] Post Trial
Is there a stay now in effect? No. Has this pleading been filed simultaneously in any other court?
Yes If so, explain briefly: _____

## VERIFICATION
I certify that the above information and all of the information contained in this application is true
and correct to the best of my knowledge and that all relevant pleadings and rulings, as required
by Supreme Court Rule X, are attached to this filing. I further certify that a copy of this
application has been mailed or delivered to the appropriate court of appeal (if required), to the
respondent judge in the case of a remedial writ, and to all other counsel and unrepresented
parties.

_____
SIGNATURE

## Table of Contents

APPLICATION FOR CERTIORARI AND/OR SUPERVISORY WRITS................................................1
STATEMENT OF JURISDICTION...........................................................................................................1
STATEMENT OF THE CASE.................................................................................................................1
STATEMENT OF FACTS.......................................................................................................................1
Claim 1..................................................................................................................................................2
Claim 2..................................................................................................................................................3
Claim 3..................................................................................................................................................6
JOINDER................................................................................................................................................7
CONCLUSION.......................................................................................................................................8
CERTIFICATE OF SERVICE AND VERIFICATION OF WRITS.........................................................9

## TABLE OF AUTHORITIES

### CONSTITUTION

U.S.C.A. Fourth...........................................................................................................................1
U.S.C.A. Fifth..............................................................................................................................1
U.S.C.A. Sixth.............................................................................................................................1
U.S.C.A. Fourteenth....................................................................................................................1
LSA-Const. Art. 1, § 2................................................................................................................1
LSA-Const. Art. 1, § 16..............................................................................................................1
LSA-Const. Article 5 § 5(A).......................................................................................................1
LSA-Const. Art. 1, § 13.......................................................................................................2, 3, 6
LSA-Const. Art. 1, § 16.......................................................................................................2, 3, 6

### Codes

La. Rules of Court Rule 10..........................................................................................................1
La. R.S. 46;1844(W)...................................................................................................................1
La. R.S. 14:42..............................................................................................................................1
La. R.S. 14:43.1...........................................................................................................................1
La. C.Cr.P. Art. 716-723.............................................................................................................2
LSA-C.Cr.P.Art. 704....................................................................................................................7
La. C.Cr. P. Art. 841A.................................................................................................................7
R.S. 14:106, 707..........................................................................................................................8

### Cases Cited

United States v. Uptain, 531 F.2d 1281 (5th Cir. 1981)..............................................................5
United States ex rel. Martinez v. Thomas, 526 F.2d 750, 755 (2nd Cir. 1975)...........................5
Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964)......................5
State v. Boowell, 406 So.2d 213 (La.1981)..................................................................................5
State v. Rigoberto Fragmesio Ventura, No. 2015 KA 1784..........................................................1
State v. Prudholm, 446 So.2d 729, 738 (La. 1984)......................................................................2
State v. Williams, 448 So.2d 659, 665 (La. 1984)........................................................................2
Smith v. Phillips, 455 U.S. 209, 219, 102 S.Ct. 940, 947, 71 L.Ed.2d 78 (1982)........................2
State v. Kemp, 828 So.2d 540, 546 (La. 10/15/02).......................................................................2
State v. Garrick, 832 So.2d 1110 (La.App. 3 Cir. 12/11/2002)....................................................2
Murray v. Carrie, 477 U.S. 478, 106 S.Ct. 2646, 91 L.Ed.2d 397 (1986)...................................4
Godfrey v. Kemp, 836 F.2d 1557, 1569 (11th Cir. 1988)............................................................4
Lewis v. Lane, 832 F.2d 1446, 1457 (7th Cir. 1987)...................................................................4
State v. Allen, 95-1515 (La.App. 1 Cir. 6/28/96), 677 So.2d 709, 713, writ denied, 97-0025 (La.
10/3/97), 701 So.2d 192..............................................................................................................5
State v. Brown, 95-0755 (La.App. 1 Cir. 6/28/96), 677 So.2d 1057, 1062..................................5
State v. Strickland, 94-0025 (La. 11/1/96), 683 So.2d 218, 229..................................................5
United States v. Uptain, 531 F.2d 1281 (5th Cir. 1981)..............................................................6
United States ex rel. Martinez v. Thomas, 526 F.2d 750, 755 (La. 1975)....................................6
Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964)......................6
State v. Vanderpool, 493 So.2d 574,575 (La.1986)......................................................................6
Southern Central Bell Telephone Co. v. Louisiana Public Service Commission, 594 So.2d 357 (La.
1992).............................................................................................................................................6
State v. Williams, 389 So.2d 1328(La.1980)................................................................................7
State v. Condley, 2005 WL 1278090 (La.App.5 Cir. 5/31/05)....................................................7
State v. Cedrington, 98-253, (La. App. 5th Cir. 12/16/98), 725 So.2d 565, writ denied 99-0190 (La.
6/4/99), writ denied 99-0431 (La. 6/25/99).................................................................................7
State v. Vale 650 So 2d 379, 93-895, 93-972, (La.App 5 Cir. 1/31/95).......................................7
Simmons v. State, 815 S.W.2d 426 (Mo. 1991)...........................................................................7
State v. Johnson, 15-0513, (2015WL9434781) (La.App. 1 Cir. 12/23/15), ___So.3d___,___-____........7
State v. Malinda, 663 So.2d 882 (La. App. 5th Cir.1995)............................................................8

**IN THE
SUPREME COURT
STATE OF LOUISIANA**

Docket No.: _____

State ex rel., **RIGOBERTO F. VENTURA,**
                                                    Petitioner
                            Versus

**Burl CAIN**, Warden
Louisiana State Penitentiary
                                                    Respondent

-----------------------------------------

**MOTION TO PROCEED IN FORMA PAUPERIS**

-----------------------------------------

May it Please the Court:

Rigoberto F. Ventura #701404, the petitioner herein, moves this Honorable Court for

leave to proceed with this action in forma pauperis.

In support thereof, the court may take judicial notice that petitioner has been declared

indigent in the 22nd Judicial District Court, and allowed to proceed in the First Circuit Court of

appeal as a pauper.

S/_____
Rigoberto F. Ventura #701404

iii

## WHY THIS CASE IS APPROPRIATE FOR REVIEW

### RULE X SECTION 1(a) STATEMENT

The following consideration under Rule X Section 1(a) is applicable as to, why this case is appropriate for review. The Court of Appeal has decided, or sanctioned a lower courts decision of, a significant issue of law which has not been, but should be, resolved by this court. Petitioner suggest, that review in the lower courts amounted to an erroneous interpretation's or application of the Constitution or Laws of the United States and the State of Louisiana. The Lower Court was in error denying Post Conviction Relief.

Relator respectfully suggest this court should exercise its authority under Rule X to review the April 15, 2016, Court of Appeal, affirming direct appeal, for several reasons:

The defendant appealed, contending that the offenses should have been severed for trial, or alternatively, that the trial should have been continued.

1. The court erred failing to suppress based on the state's late disclosure of the evidence.

2. The trial court erred denying the motion to sever, forcing defendant to go to trial without evidence that may have been exculpatory and may have aided him in impeaching witnesses or undermining the credibility of H.G.'s testimony.

3. The court of appeal erred applying the contemporaneous objection rule to petitioners claim that the counts should have been severed because defendant was "confounded in presenting separate defenses to each count" and further, that he may have wished to invoke his constitutional right to remain silent as to one count, but testify as to the other.

In United States v. Uptain, 531 F.2d 1281 (5th Cir. 1981), the Fifth Circuit felt a need to reiterate that a "scheduled" trial date should never become such an overarching end that it results in the erosion of the defendant's right to a fair trial. If forcing a defendant to an early trial date substantially impairs his ability to effectively present evidence to rebut the prosecution's case or to expeditiousness is far more detrimental to our common purpose in the criminal justice system than the delay of a few days or weeks that may be sought. Id. at 1291

Even in a non-capital prosecution "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defense with counsel an empty formality." United States ex rel. Martinez v. Thomas, 526 F.2d 750, 755 (2nd Cir. 1975) (quoting Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964)).

The **plain error** rule is a rule that affects substantial rights, and it may be considered on appeal though not raised in trial court if manifest injustice or miscarriage of justice has resulted. It is invoked on a case by case basis, but there must be sound, substantial manifestation, a strong, clear showing, that injustice or miscarriage of justice will result if the rule is not invoked. For there to be "plain error" warranting reversal absent objection, there must be legal impropriety affecting defendants rights, sufficiently grievous to justify notice by reviewing court and to convince it that, of itself, error possessed clear capacity to bring about unjust results. Doctrine which encompasses those errors which are obvious and highly prejudicial, which affect the substantial rights of the accused, and which, if uncorrected, would be an affront to the integrity and reputation of judicial proceedings. State v. Boowell, 406 So.2d 213 (La.1981).

iv

IN THE
SUPREME COURT
STATE OF LOUISIANA

RIGOBERTO F. VENTURA, Petitioner     **DOCKET NO.:**_____

**VERSUS**                    **FILED:**_____

**N. Burl CAIN, Warden,**      _____

**State of Louisiana, Respondent**     **DEPUTY CLERK OF COURT**

### APPLICATION FOR CERTIORARI AND/OR SUPERVISORY WRITS OF REVIEW ON DIRECT APPEAL

NOW INTO COURT COMES Petitioner, Rigoberto F. Ventura, pro se, who moves this court pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and LSA-Const. Art. 1, §§ 2 & 16. Petitioner herein adopts and incorporates all prior pleadings, the original appeal brief by counsel filed in the court of appeal.

### STATEMENT OF JURISDICTION

Jurisdiction of this Honorable Court arises by virtue of **LSA-Const. Article 5 § 5(A)** of the Louisiana Constitution of 1974. And **La. Rules of Court Rule 10**.

### STATEMENT OF THE CASE

A grand jury indicted the defendant, Rigoberto Fragmesio Ventura, for the aggravated rape of G.L.[1] See La. R.S. 14:42. The state later amended the indictment to charge defendant with sexual battery of H.W. (who, by the time of trial was known as "H.G.", a victim under the age of thirteen. See La. R.S. 14:43.1. The defendant pled not guilty, was tried by a jury, and was convicted as charged on both counts. The defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence for the aggravated rape conviction, and to fifty years imprisonment at hard labor with twenty-five years of the sentence to be served without benefit of parole, probation or suspension of sentence for the sexual battery conviction, with the sentence ordered to run consecutively. The defendant appealed, contending that the offenses should have been severed for trial, or alternatively, that the trial should have been continued. The court of appeal, First Circuit affirmed the convictions and sentences on April 15, 2016, State v. Rigoberto Fragmesio Ventura, No. 2015 KA 1784. (App. A).

### STATEMENT OF FACTS

At trial, nineteen-year-old G.L. testified that when he was between the ages of six and ten

---

[1] The victims are referred to by their initials. See La. R.S. 46;1844(W).

1

years old, the defendant sexually abused him approximately fifteen times. Specifically, G.L. and the defendant performed oral sex on each other. The abuse took place at G.L.'s grandmother's house in Slidell. G.L. disclosed the abuse years later during counseling.

After learning of G.L.'s accusations against the defendant, H.G.'s mother questioned her children about whether anything had happened to them. H.G.'s mother was divorced from H.G.'s father, the defendant's brother, but the children, who lived with their mother in Texas, visited with their father and saw the defendant during the summers. H.G. disclosed that the defendant had inappropriately touched her during one of those visits. At trial, twelve-year old H.G. testified that the defendant touched her vagina on two occasions while she visited his home in Bush, during the summer of 2011.

## CLAIMS

1. The court erred failing to suppress based on the state's late disclosure of the evidence.

2. The trial court erred denying the motion to sever, forcing defendant to go to trial without evidence that may have been exculpatory and may have aided him in impeaching witnesses or undermining the credibility of H.G.'s testimony, and alternatively erred denying his motion for a continuance.

3. The court of appeal erred applying the contemporaneous objection rule to petitioners claim that the counts should have been severed because defendant was "confounded in presenting separate defenses to each count" and further, that he may have wished to invoke his constitutional right to remain silent as to one count, but testify as to the other.

## Claim 1

**The court erred failing to suppress based on the state's late disclosure of the evidence, in violation of the U.S.C.A. Fifth, Sixth, and Fourteenth Amendments and LSA-Const. Art. 1, §§ 2, 13 & 16.**

The prosecution must make timely disclosure of favorable evidence to provide the defense with an adequate opportunity to present the material effectively. State v. Prudholm, 446 So.2d 729, 738 (La. 1984). The late disclosure, as well as non-disclosure of exculpatory evidence may deprive the defendant of a fair trial. State v. Williams, 448 So.2d 659, 665 (La. 1984). In fact, the touchstone of Due Process analysis is the fairness of the trial. The aim is not punishment of society, but avoidance of an unfair trial to the accused. Smith v. Phillips, 455 U.S. 209, 219, 102 S.Ct. 940, 947, 71 L.Ed.2d 78 (1982); State v. Kemp, 828 So.2d 540, 546 (La. 10/15/02).

In State v. Garrick, 832 So.2d 1110 (La.App. 3 Cir. 12/11/2002), the court held that La. C.Cr.P. Art. 716-723 provide specific rules governing discovery by a defendant.

2

While these rules may be modified by an express agreement between the state and a defendant; and open file discovery is a commendable modification . . . when the litigants choose to modify the discovery process and enter into an open file discovery agreement, it must be fully complied with in good faith. Failure of full, good faith compliance cannot be looked upon as harmless error, where the failure relates to a Due Process violation — such as a failure to divulge exculpatory evidence. And, when a witness's statement contains favorable evidence, for purposes of Brady and Agurs, the rule of La. C.Cr.P. Art. 723 must give way.

The state failed to turn over the files until the day of trial.  Strickler v. Green, 527 U.S. 263, 283, n. 23, 119 S.Ct. 1936, 1949, 144 L.Ed.2d 286 (1999).

The prosecutor was charged with knowledge available to all of the members of the investigative team, Strickler v. Green, 527 U.S. 263, 281-283, n. 23, 119 S.Ct. 1936, 1948-1949, 144 L.Ed.2d 286 (1999), and he had the duty to "make timely disclosure of the favorable evidence to provide the defense with adequate opportunity to present the material effectively in its case." State v. Kemp, 00-2228, p.7 (La.10/15/02), 828 So.2d 540, 545. In Kemp the court vacated the defendants second degree murder conviction where "the State's failure to provide timely disclosure of the witness's statement impacted the fundamental fairness of the proceedings leading to defendant's conviction. Id. Late disclosure as well as nondisclosure of exculpatory evidence may deprive the defendant of a fair trial.

The prosecution knew or should have known [as they were prosecuting the charges] of this evidence, and it was material to guilt or punishment. In United States v. Cooks, 52 F.3d 101, 103 (5th Cir. 1995), the court relied on United States Supreme Court precedent, holding effective cross examination of witness' bias, prejudice, or motive for testifying, was the right of the accused.

### Claim 2.
**The defendant contends that the offenses should have been severed for trial, or alternatively, that the trial should have been continued, in violation of the U.S.C.A. Fifth, Sixth, and Fourteenth Amendments and LSA-Const. Art. 1, §§ 2, 13 & 16**

Prior to the start of the defendant's Monday trial, the defense made an oral motion for

3

discovery sanctions, seeking to exclude any information learned from any investigation of the sexual battery of H.G. that was conducted in Texas, the state where H.G. was living at the time she disclosed the abuse. The defense contended that it was only on the previous Friday that the state provided it with a Texas police report that referenced statements by H.G.'s mother and a Texas Office of Community Services (OCS) case file on H.G. The defense asked that any information obtained in Texas be excluded based on the state's late disclosure of the evidence.

The state opposed the motion, arguing that it provided the defense with open file discovery, that the defense had only requested the Texas police report a week prior to trial, and that the state obtained the report on Friday and promptly turned it over to the defense.[2] The state further argued that the forensic interview with H.G. that was conducted in Texas had been turned over to the defense as part of open file discovery. The state contended that it was unaware of any Texas OCS records prior to receiving the police report, therefore none had been sought or located.

The defense, the state, and the trial court then engaged in a discussion about the appropriate course of action. The defense again asked that the state not be allowed to use the evidence, and in the event that was not satisfactory to the trial court, asked that it consider severing the counts "so that the Texas count has no bearing on the Louisiana count." And if that was not satisfactory, the defense requested a one-day delay of trial. When the trial court asked the reason for the proposed delay, the defense answered that it was to "assimilate the newfound information into [their] case," and indicated that during that time they may be able to obtain H.G.'s mother's recorded statement.

Considering the assertions of the defense and the state, the trial court denied the request for sanctions, as well as the request for severance. The trial court indicated that they would only be conduction voir dire that day, and on the following day they would see whether the evidence had been obtained. The trial court stated it was effectively granting a recess of one day, but was denying the motion to continue the trial. Later that day, the state informed the court that it had obtained the statement made by H.G.'s mother and was in the process of providing it to the defense. The state also stated it had confirmed that Texas OCS had only "taken down a referral and sent the information to Louisiana" and that Louisiana's OCS had no complaints or

---

2. The prosecution cannot claim it provided open file discovery, knowing full well the files or records were not in the files at the time, and then blame the defendant for failing to prove his case. Accord Murray v. Currie, 477 U.S. 478, 106 S.Ct. 2646, 91 L.Ed.2d 397 (1986)(state cannot claim default where "some objective factor external to the defense impeded counsel's efforts" to raise the issue); Godfrey v. Kemp, 836 F.2d 1557, 1569 (11th Cir. 1988); Lewis v. Lane, 832 F.2d 1446, 1457 (7th Cir. 1987).

4

investigations on file. The defense then indicated it was satisfied with the discovery.

On appeal, the defendant asserts that the trial court erred denying the motion to sever, arguing that he was forced to go to trial without evidence that may have been exculpatory and may have aided him in impeaching witnesses or undermining the credibility of H.G.'s testimony. However, at trial, the state indicated it provided the defense with the statement by H.G.'s mother, and the defense indicated that it was satisfied with the discovery provided. The defendant further complains about a missing OCS file, but that issue was also resolved at trial, with the state confirming that there was no Texas OCS file, and the defendant indicating it was satisfied with the discovery provided. The trial court did not abuse its discretion in denying the motion to sever based on these evidentiary issues. Cf. State v. Allen, 95-1515 (La.App. 1 Cir. 6/28/96), 677 So.2d 709, 713, writ denied, 97-0025 (La. 10/3/97), 701 So.2d 192 (a motion for severance is addressed to the sound discretion of the trial court and its ruling should not be disturbed on appeal absent a showing of an abuse of discretion).

**The court erred in denying defendant a one day continuance to prepare the defense were the state did not disclose the OCS file and the statement of H.G.'s mother until the day of trial.**

Alternatively, the defendant contends that he should have been granted a one-day continuance to obtain the OCS file and the statement of H.G.'s mother.[3] We reiterate that the record reflects that the statement was provided, the defense was informed that there was no OCS file, and the defense thereafter indicated it was satisfied with the discovery provided. Further, as the trial court noted, the trial's presentation of evidence did not begin until the day after the motion was made. The court of appeal finds, "when the trial began the next day, the defendant did not urge any further objection." Once objection had been made and denied the defendant should not be required to continue to object. The defendant did not create the problem of late discovery the state did. Accordingly, this court should find, contrary to the court of appeals decision that the trial court abused its discretion in denying the motion to continue. Cf. State v. Strickland, 94-0025 (La. 11/1/96), 683 So.2d 218, 229 ("The decision whether to grant or refuse a motion for a continuance rest within the sound discretion of the trial judge and a reviewing court will not disturb such a determination absent a clear abuse of discretion.)

---

3   We recognize that the motion to continue was neither made in writing, nor filed at least seven days prior to the commencement of trial as required by Louisiana Code of Criminal Procedure article 707. However, an exception to that requirement has been recognized when the grounds alleged for the continuance arose unexpectedly such that the defense does not have an opportunity to prepare the written motion, and where the record reflects that the trial judge was aware of the ground upon which the motion was based and ruled thereon. See State v. Simpson, 403 So.2d 1214, 1215 n.2 (La. 1981); State v. Brown, 95-0755 (La.App. 1 Cir. 6/28/96), 677 So.2d 1057, 1062.

In <u>United States v. Uptain</u>, 531 F.2d 1281 (5th Cir. 1981), the Fifth Circuit felt a need to reiterate that a "scheduled" trial date should never become such an overarching end that it results in the erosion of the defendant's right to a fair trial. If forcing a defendant to an early trial date substantially impairs his ability to effectively present evidence to rebut the prosecution's case or to expeditiousness is far more detrimental to our common purpose in the criminal justice system than the delay of a few days or weeks that may be sought. Id. at 1291

Even in a non-capital prosecution "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defense with counsel an empty formality." <u>United States ex rel. Martinez v. Thomas</u>, 526 F.2d 750, 755 (2nd Cir. 1975) (quoting <u>Ungar v. Sarafite</u>, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964)). The defendant in this instance was clearly denied the right to a fair trial.

### Claim 3.

**The court of appeal erred applying the contemporaneous objection rule to petitioners claim that the counts should have been severed because defendant was "confounded in presenting separate defenses to each count" and further, that he may have wished to invoke his constitutional right to remain silent as to one count, but testify as to the other, in violation of the U.S.C.A. Fifth, Sixth, and Fourteenth Amendments and LSA-Const. Art. 1, §§ 2, 13 & 16**

The court of appeal erred applying the contemporaneous objection rule to petitioners claim that the counts should have been severed because defendant was "confounded in presenting separate defenses to each count" and further, that he may have wished to invoke his constitutional right to remain silent as to one count, but testify as to the other. He further argued that evidence as to each count would not be otherwise admissible in separate trials.

The Supreme Court has made it clear that the "requirement that objection be raised contemporaneously is not meant to be inflexible, but is designed 'to promote judicial flexibility and to insure fair play.'" <u>State v. Vanderpool</u>, 493 So.2d 574,575 (La.1986). Indeed, in <u>Southern Central Bell Telephone Co. v. Louisiana Public Service Commission</u>, 594 So.2d 357 (La. 1992), Justice Cole, joined in part by Justice Watson, pointed out that"[t]his Court has held, time and again, that the contemporaneous objection rule is not absolute, and exceptions exist which allow errors to be raised despite the lack of objection at trial."*Id.* At 369(Cole,J., joined in part by Watson, J.,concurring).

joinder of the offenses." Where defense counsel did raise the issue with the court in his alternate remedy argument. The issue was sufficiently raised for review on appeal. And the lower court erred finding otherwise.

In State v. Malinda, 663 So.2d 882 (La. App. 5th Cir.1995), the court noted: Exception to general rule requiring that motions for continuances be in writing exists where the circumstances producing the motion for continuance occur unexpectedly and defense counsel has no opportunity to prepare written motion. R.S. 14:106, 707. The grounds were not fully argued because of the state's late disclosure, fundamental fairness should not allow such a rule that turns the state's late disclosure into a waiver by the defendant.

The Court of Appeal erred finding the defendant's arguments are without merit.

## CONCLUSION

Petitioner prays this court issue the writ and reverse the court of appeals opinion affirming the conviction and sentence. Thereafter remand with instructions and issue orders providing for any other relief to assure the protection of defendants fundamental rights.

Respectfully submitted on this _____ day of April, 2016

By: _____

Rigoberto F. Ventura
D.O.C. #701404, Walnut 3
Louisiana State Penitentiary
Angola, Louisiana 70712

8

## CERTIFICATE OF SERVICE AND VERIFICATION OF WRITS

**STATE OF LOUISIANA**

**WEST FELECIANA PARISH**

I, Rigoberto F. Ventura hereby affirm and say:

1). I am the Applicant/Relator in these proceedings and, I am solely responsible for its contents;

2). All documents annexed hereto and filed herewith are true and correct copies of the original documents filed into the record;

3). All of the allegations contained in the above foregoing application for writs are true and correct to the best of my knowledge, information and belief; and

4). I hereby certify that I have served a true copy of the foregoing pleading upon the Hon. Warren Montgomery, District Attorney, 22 Judicial District, Justice Center, 701 N. Columbia St., Covington, LA 70433 via the U.S. Mail, on this ____ day of May, 2016.

_____
Rigoberto F. Ventura

AFFIANT FURTHER SAITH NAUGHT, this ___ day of May, 2016.

IN THE
**SUPREME COURT
STATE OF LOUISIANA**

Rigoberto F. Ventura,                    NO._____
            *Petitioner;*

VERSUS                                    Filed: _____

N. BURL CAIN, Warden,
Louisiana State Penitentiary;
STATE OF LOUISIANA,                      _____
            *Respondents.*                Deputy Clerk of Court


                        APPENDICES

Appendix A:      4/15/16     Court of Appeal judgment NO. 2015 KA 1784

# APPENDIX "M"

## RULING: LA. S.CT.
## 4/24/17

# The Supreme Court of the State of Louisiana

STATE OF LOUISIANA

NO.   2016-KO-0945

VS.

RIGOBERTO FRAGMESIO VENTURA

— — — — — —

IN RE:  Rigoberto Fragmesio Ventura; - Defendant; Applying For Writ
of Certiorari and/or Review, Parish of St. Tammany,  22nd Judicial
District Court Div. G, No. 513,715; to the Court of Appeal, First
Circuit, No. 2015 KA 1784;

— — — — — —

**April 24, 2017**

Denied.

JDH

BJJ

JLW

GGG

MRC

SJC

JTG

Supreme Court of Louisiana
April 24,2017

*Rebia A. Burras*

**Deputy** Clerk of Court
For the Court