# EXHIBIT "A"

## PCR CHECKLIST
## RIGOBERTO VENTURA #701404

Rigoberto Ventura #701404 MPWY/WAL-3     22nd JDC, St. Tammany Parish

**Need Interpreter for this case (Spanish). Mr. Ventura does not have any of the Record at this time, but has informed me that his attorney was not explaining anything to him during the proceedings.**

## CHECKLIST IN REVIEWING CASES:
## THINGS TO LOOK FOR WHEN REVIEWING CASES

X  1. Indictment by grand jury for offense punishable by death or life imprisonment (La.C.Cr.P. Art. 382)

X  2. Indictment signed by grand jury foreman, or information by district attorney (La.C.Cr.P. Art. 383 and 384) if pro se verbal-check # of grand jurors, watch for return in open court. Mr. Ventura believes that his attorney waived formal reading.

___3. Error in form of technical requirement of bill of indictment (La.C.Cr.P. Art. 383 and 461 et seq.) Is it an indictment when required. Mr. Ventura stated that he had an Indictment.

___4. Unconstitutionality of substantive statute (La.C.Cr.P. Art. 872) presence

   5. Presence of defendant (La.C.Cr.P. Art. 831)

   X arraignment

   X pleading

   X jury selection: Mr. Ventura was present for the jury selection, but does not have his Record, and that he was unable to obtain them during the Appeal. Mr. Ventura has also informed me that there were several instances that the State and defense counsel were at the Bench (he's not sure if they were objections or not).

   X at trial

   X judgment rendered

   X sentencing

**PRELIMINARY PROCEEDINGS**

___6. Sanity proceedings concluded (La. C.Cr.P.Art. 642) ***hearing or adjudication of competency

___7. Attorney conflict of interest, [**State v. Browning**, 483 So.2d 1008, 1009 (La.1986)] La.C.Cr.P. Art. 517.

**PLEAS:**

___8. Defendant pleaded guilty (La C.Cr.P. art. 553, 556, 559.)

___9. Defendant properly boykinized [**State v. Godejohn**, 425 So.2d 750(La. 1983, citing **State ex. Rel Jackson v. Henderson**, 260 La. 90, 255 So.2d 85 (1971)]

___10. Defendant advised of the elements of the offense and possible penalties. La.C.Cr.P. Art. 556.1 (No Longer patent error)

___11. Waiver of right to counsel(La.C.Cr.P. Art. 514) Faretta Requirement

___12. Waiver of trial by jury (La.C.Cr.P. Art.782 B) must be on the record by counsel or defendant

___13 Proper sequestration of jury (La.C.Cr.P. Art. 791.)

___14. Proper jury size and voting for verdict (La.C.Cr.P. Art. 782 A. ) **CHECK EVERY TIME

   ___  Capital 12 out of 12

   X    Hard labor 10 out of 12     **watch for discharge of alternate

   ___  All others 6 out of 6

___15. Verdict responsive to charge (La.C.Cr.P. Art. 809, 810). Mr. Ventura is unsure if the jury was informed of the responsive verdicts.

___16. Verdict as to each count (La.C.Cr.P. Art. 819)

___17. Verdict as to each defendant (La.C.Cr.P. Art. 818)

**SENTENCING**

___18. Post trial motions filed / acted on. Not sure about this one.

___19. Proper delays for sentencing (La.C.Cr.P. Art. 873)

___ 20. Sentence in court minutes (La.C.Cr.P. Art. 871 A.)

___ 21. Illegal sentence (La.C.Cr.P. Art. 879, 882 )**Check every time**

___ 22. Motion for reconsideration filed

___ 23. Motion for reconsideration denied

___ 24. Advised of two year limitation (La.C.Cr.P. Art. 930.8)

___ 25. Habitual offender proceedings-defendant informed of right to remain silent and have state prove its case [LSA-R.S. 15:529.1(D)(1).] See **State v. Miles**, 613 So.2d 1047 (La. App. 3 Cir. 1993)

    a. Original sentence vacated

    b. "Crime of violence" was designated as such at the time of commission (LSA-R.S. 14:13 has been amended often)

    c. Non-lapse of prescription period established

    d. Identify established - certified records?

**EXTRA CHECK**

___ 26. If underlying pleas challenged are they in the record

___ 27. Jury charges. Mr. Ventura is unsure as to the Jury Charges.

## CHECKLIST IN REVIEWING CASES:
## MORE THINGS TO LOOK FOR WHEN REVIEWING CASES

[ ]   Organized the records in sections, such as minutes, motions, pretrial motion transcripts, trial transcript, District Attorney's files, appeal, pcr, habeas corpus etc. Mr. Ventura has not obtained the Record in his case.

[X]   Copy and read the appeal decision to get brief understanding of the case.

[X]   Copy and read the crime statute that was in effect at the time the crime was committed. The purpose is to compare whether the judge gave the jury the correct definition of the crime.

[X]   Copy and read the crime sentencing provision of the statute in effect at the time the crime was committed. The purpose is to compare whether the imposed sentence is in compliance with the statute.

[X]   Copy and read the responsive verdict statute that was in effect at the time of trial. The purpose is to compare whether the judge gave the jury all the responsive verdicts.

**CRIME:**

[X]   Read the statute for which the defendant was convicted to see if all the elements were proven. You must break the statute down. Aggravated Rape, a violation of LSA-R.S. 14:42, and Sexual Battery (2 Counts), a violation of LSA-R.S. 14:43.2.

[ ]   Check to see if the crimes that defendant was convicted constitute double jeopardy.

**IDENTIFICATION OF DEFENDANT:**

[ ]   Check to see if defendant was identified from a physical line-up. If so, was counsel present. Did defendant had the right to counsel, i.e., did the right attach under Hattaway, at the first judicial proceeding, and under Kirby, after preliminary hearing, arraignment, indictment, or bill of information.

**CONFESSION:**

[X]   Check to see if the defendant gave a confession or any incriminating statement. Mr. Ventura said that he made no statements.

    ___ Was the defendant in custody.

    ___ Was the defendant read his Miranda rights.

    ___ Was there any indication that he may not have understood the rights.

    ___ Did the defendant request counsel.

    ___ Did defendant indicate that he wished to remain silent.

    ___ Was the defendant entitled to counsel at the time of interrogation.

[X]   Check to see of Defendant testified. If not, did he want to testify on his own behalf. <u>Mr. Ventura has informed me that he was unable to testify in his own behalf. He had informed his attorney that he wanted to testify due to the fact that he had never been in trouble before</u>.

OPENING STATEMENT AND CLOSING ARGUMENT: Check to see if there were any inflammatory remarks by either the State or defense counsel. <u>Mr. Ventura has informed me that he thought that the prosecutor was pointing at him during the Closing Argument, but he's almost positive that the prosecutor was "name-calling" at that time, but the attorney did not object to such</u>.

JURY SELECTION: How many peremptory challenges were used by the prosecutor; how many challenges were used by the defense. <u>Mr. Ventura was not too sure, but he thought that the prosecutor got more than his attorney, and that he thinks that the defense used twelve challenges</u>.

Check the Record to ensure that there aren't any Batson violations. <u>Mr. Ventura has informed me that there were several "Spanish" potential jurors that had been removed by the State</u>.

JURY VERDICT: Check the Record to see if there was a unanimous verdict. Also see if the defense counsel requested a unanimous verdict from the Court prior to deliberations. <u>Mr. Ventura believes that he had a unanimous verdict, but he's not sure if his attorney requested the instructions</u>.

COUNSEL: Did the counsel keep in contact with the Defendant? <u>Mr. Ventura isn't sure</u>.

JURY INSTRUCTION: Need to see the Record on this one. <u>Mr. Ventura is unsure as to what the Judge instructed the jury</u>.

[ ]   Check to see if the judge instructed the jury regarding the statutory crime elements in effect at the time the crime was committed. Need to read the statute.

[ ]   Check to see if the judge instructed the jury regarding specific intent.

[ ]   Check to see if the judge gave a La. C.Cr.P. Art. 804(A)(2) reasonable doubt instruction.

[ ]   Check to see if the judge gave a Cage reasonable doubt instruction.

[ ]   Check to see if the judge gave a circumstantial evidence instruction; that is, if the case dealt with such.

[ ]   Check to see if the judge gave a principle instruction.

[ ]   Check to see if the judge gave a Sandstrom instruction.

ATTEMPTED SECOND DEGREE MURDER: N/A

[ ]   Check to see if the judge instructed the jury on the "inflict great bodily harm."

SELF DEFENSE: N/A

[ ]   Check to see whether the judge instructed the jury in cases where the victim die on 14:20

[ ]   Check to see whether the judge instructed the jury in case where the victim does not die on 14:19.

POSSESSION WITH THE INTENT TO DISTRIBUTE DRUGS: N/A

[ ]   Check to see whether the judge instructed the jury regarding specific intent.

[ ]   Check to see if the a.d.a. introduced a search warrant with the affidavits with it.

DISTRIBUTION OF DRUGS: N/A

[ ]   Check to see if the judge instructed the jury regarding general intent rather than specific intent.

SENTENCE:

[X]   Check to see if the sentence is in compliance with the statutory sentencing provision for which the defendant was convicted. Review the statute in effect at the time the crime was committed;

[X]   Check to see if the defendant was given credit for time served *La. Code Crim. Proc. Art. 880*;

[ ]   Check to see if the defendant was ordered to pay court cost and in default of payment to serve a term of months in jail;

[ ]   Check to see if the defendant was multiple billed, if so did he plead guilty or did he compel the State to prove its allegations. If he plead guilty, defendant the court inform the defendant of his right to have the State prove its allegation, the right to remain silent, and the consequence of his plead.

[ ]   Check to see if the defendant was multiple billed, and the State carried its burden of proof under State v. Shelton.

[ ]   In cases regarding the multiple bill, check to see if the judge specified what offender class he is finding the defendant guilty of.

[ ]   In cases regarding the multiple bill, check to see if the judge vacated the original imposed sentence.

[ ]   Check for a Sherer violation.

[ ]   Check for a Mim violation.

[ ]   Check for the time gap between the predicate and concurrent felony.

[ ]   Check to see if the judge informed the defendant (written or orally) of his three year limitation to file PCR.

[ ]   Check to see if defendant filed a motion to reconsider his sentence.

[ ]   Check to see if the defendant had counsel present at sentencing.

[ ]   Check to see if the counsel said anything on defendant's behalf. Tucker v. Day, situation.

APPEAL:

[X]   Check to see if the defendant was afforded his right to appeal his conviction

[ ]   Check to see if the defendant has a State v. Martin appeal file.

BEFORE FILING IN FEDERAL COURT:

[ ]   Check to see if all claims have been properly exhausted, or whether the State Court was given a fair opportunity to review them. See, Dispensa v. Lynaugh, 826 So.2d 375 (5th Cir. 1987)

[ ]   Check to see if all claims were federalized in state court petitions.

[ ]   Check to see if the defendant raised the intended habeas claims in a constitutional manner in State court.

[ ]   Check to see if any of the claims have a procedural bar. If so, see if the defendant can show cause and prejudice. If he cannot, then a miscarriage of justice claim must to litigated.

[ ]   Check to see if has ever filed habeas corpus before. If so, can he demonstrate cause and prejudice. If not, then a miscarriage of justice claim must be raised.

**Mr. Ventura has never been in trouble before, and he is unsure of the correct procedures that should have been followed during the trial. NEED TO GET THE TRANSCRIPT ON THIS ONE. His answers have been somewhat vague or unclear as to what had actually happened during the trial. Even though he doesn't understand much English he may not want to discuss his case with the Interpreter due to the nature of his charge. Can find out more once we obtain the transcript.**

# EXHIBIT "B"

**PCR CHECKLIST**
**JOHN RILEY #621595**

John Riley #621595 MPEY/ Cypress-1    22nd JDC, Washington Parish

Mr. Riley did not seek assistance from an Offender Counsel Substitute during the Appeal because the Louisiana Appellate Project filed his Writ of Certiorari to the Louisiana Supreme Court. Mr. Riley isn't sure what happened prior to trial, during the trial, or after the trial.

## CHECKLIST IN REVIEWING CASES:
## THINGS TO LOOK FOR WHEN REVIEWING CASES

___ 1. Indictment by grand jury for offense punishable by death or life imprisonment (La.C.Cr.P. Art. 382). Need to find out the date of offense. If prior to the amendment(s), need to be Indictment

___ 2. Indictment signed by grand jury foreman, or information by district attorney (La.C.Cr.P. Art. 383 and 384) if pro se verbal-check # of grand jurors, watch for return in open court.

___ 3. Error in form of technical requirement of bill of indictment (La.C.Cr.P. Art. 383 and 461 et seq.) Is it an indictment when required. Have not viewed Mr. Riley's Bill of Information.

___ 4. Unconstitutionality of substantive statute (La.C.Cr.P. Art. 872) presence

     5. Presence of defendant (La.C.Cr.P. Art. 831)

     X arraignment

     X pleading

     X jury selection: Mr. Riley was present for the jury selection, but does not have his Record, and that he was unable to obtain them during the Appeal. Mr. Riley has informed me that was quite a bit of argument between the prosecutor and defense counsel during jury selection.

     X at trial

     X judgment rendered

     X sentencing

### PRELIMINARY PROCEEDINGS

___ 6. Sanity proceedings concluded (La. C.Cr.P. Art. 642) ***hearing or adjudication of competency. Need to see if Mr. Riley's attorney should have requested a sanity hearing.

___ 7. Attorney conflict of interest, [State v. Browning, 483 So.2d 1008, 1009 (La.1986)] La.C.Cr.P. Art. 517.

### PLEAS:

___ 8. Defendant pleaded guilty (La. C.Cr.P. art. 553, 556, 559.)

___ 9. Defendant properly boykinized [State v. Godejohn, 425 So.2d 750(La. 1983, citing State ex. Rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971)]

___ 10. Defendant advised of the elements of the offense and possible penalties. La.C.Cr.P. Art. 556.1 (No Longer patent error)

___ 11. Waiver of right to counsel(La.C.Cr.P. Art. 514) Faretta Requirement

___ 12. Waiver of trial by jury (La.C.Cr.P. Art.782 B) must be on the record by counsel or defendant

___ 13 Proper sequestration of jury (La.C.Cr.P. Art. 791.)

___ 14. Proper jury size and voting for verdict (La.C.Cr.P. Art. 782 A. ) **CHECK EVERY TIME

    ___ Capital 12 out of 12

    X   Hard labor 10 out of 12    **watch for discharge of alternate

    ___ All others 6 out of 6. Mr. Riley isn't sure if he had six or twelve jurors in his case.

___ 15. Verdict responsive to charge (La.C.Cr.P. Art. 809, 810). Mr. Riley is unsure if the jury was informed of the responsive verdicts.

___ 16. Verdict as to each count (La.C.Cr.P. Art. 819)

___ 17. Verdict as to each defendant (La.C.Cr.P. Art. 818)

### SENTENCING

___ 18. Post trial motions filed / acted on. Not sure about this one.

___ 19. Proper delays for sentencing (La.C.Cr.P. Art. 873)

___ 20. Sentence in court minutes (La.C.Cr.P. Art. 871 A.)

___ 21. Illegal sentence (La.C.Cr.P. Art. 879, 882 )**Check every time**

___ 22. Motion for reconsideration filed

___ 23. Motion for reconsideration denied

___ 24. Advised of two year limitation (La.C.Cr.P. Art. 930.8)

___ 25. Habitual offender proceedings-defendant informed of right to remain silent and have state prove its case [LSA-R.S. 15:529.1(D)(1).] See **State v. Miles**, 613 So.2d 1047 (La. App. 3 Cir. 1993)

    a. Original sentence vacated

    b. "Crime of violence" was designated as such at the time of commission (LSA-R.S. 14:13 has been amended often)

    c. Non-lapse of prescription period established

    d. Identify established - certified records?

**EXTRA CHECK**

___ 26. If underlying pleas challenged are they in the record

___ 27. Jury charges. Mr. Riley is unsure as to the Jury Charges.

### CHECKLIST IN REVIEWING CASES: MORE THINGS TO LOOK FOR WHEN REVIEWING CASES

[ ] Organized the records in sections, such as minutes, motions, pretrial motion transcripts, trial transcript, District Attorney's files, appeal, pcr, habeas corpus etc. Mr. Riley has not obtained the Record in his case.

[X] Copy and read the appeal decision to get brief understanding of the case.

[X] Copy and read the crime statute that was in effect at the time the crime was committed. The purpose is to compare whether the judge gave the jury the correct definition of the crime.

[X] Copy and read the crime sentencing provision of the statute in effect at the time the crime was committed. The purpose is to compare whether the imposed sentence is in compliance with the statute.

[X] Copy and read the responsive verdict statute that was in effect at the time of trial. The purpose is to compare whether the judge gave the jury all the responsive verdicts.

**CRIME:**

[X] Read the statute for which the defendant was convicted to see if all the elements were proven. You must break the statute down. **Sexual Battery of a Child Under the Age of Thirteen, a violation of LSA-R.S. 14:43.2, and Indecent Behavior With a Juvenile Under the Age of Thirteen, a violation of LSA-R.S. 14:81.**

[ ] Check to see if the crimes that defendant was convicted constitute double jeopardy.

**IDENTIFICATION OF DEFENDANT:**

[ ] Check to see if defendant was identified from a physical line-up. If so, was counsel present. Did defendant had the right to counsel, i.e., did the right attach under Hattaway, at the first judicial proceeding, and under Kirby, after preliminary hearing, arraignment, indictment, or bill of information.

**CONFESSION:**

[X] Check to see if the defendant gave a confession or any incriminating statement. Mr. Riley stated that he had given a statement to the officer. But the officer had informed him that if he admitted to taking a shower with the juvenile there was "no harm done" and that he would not be in any kind of trouble.

    **X** Was the defendant in custody.

    **X** Was the defendant read his Miranda rights. Not too sure on this one. Need to see the Record to be sure.

    **X** Was there any indication that he may not have understood the rights. It appears as

though Mr. Riley doesn't quite understand what's going on with him. He doesn't even remember if he had an Appeal.

- ___ Did the defendant request counsel.
- ___ Did defendant indicate that he wished to remain silent.
- ___ Was the defendant entitled to counsel at the time of interrogation.

[X] Check to see of Defendant testified. If not, did he want to testify on his own behalf. Mr. Riley has informed me that he was unable to testify in his own behalf. Although he had a prior charge twenty-five (25 years) prior, he has no other charges.

OPENING STATEMENT AND CLOSING ARGUMENT: Check to see if there were any inflammatory remarks by either the State or defense counsel. It appears as though Mr. Riley didn't really pay attention to the proceedings. All he could remember was something about the prosecutor made him look like a Pedophile, even though Mr. Riley isn't quite sure what was said.

JURY SELECTION: How many peremptory challenges were used by the prosecutor, how many challenges were used by the defense. Mr. Riley was not too sure, but when I asked him if the State only used twelve challenges, he said that the State had to have used more than twelve.

Check the Record to ensure that there aren't any Batson violations. Mr. Riley thinks that there were some African-Americans that had been struck by the State without the defense counsel objecting.

JURY VERDICT: Check the Record to see if there was a unanimous verdict. Also see if the defense counsel requested a unanimous verdict from the Court prior to deliberations. Mr. Riley believes that he had a unanimous verdict, but he's not sure if his attorney requested the instructions.

COUNSEL: Did the counsel keep in contact with the Defendant? Mr. Riley said that the only time he saw him was in court.

JURY INSTRUCTION: Need to see the Record on this one. Mr. Riley is unsure as to what the Judge instructed the jury. He just remembers that the Judge took a while to do the instructions.

- [ ] Check to see if the judge instructed the jury regarding the statutory crime elements in effect at the time the crime was committed. Need to read the statute.
- [ ] Check to see if the judge instructed the jury regarding specific intent.
- [ ] Check to see if the judge gave a La. C.Cr.P. Art. 804(A)(2) reasonable doubt instruction.
- [ ] Check to see if the judge gave a Cage reasonable doubt instruction.
- [ ] Check to see if the judge gave a circumstantial evidence instruction; that is, if the case dealt with such.
- [ ] Check to see if the judge gave a principle instruction.
- [ ] Check to see if the judge gave a Sandstrom instruction.

ATTEMPTED SECOND DEGREE MURDER: N/A

- [ ] Check to see if the judge instructed the jury on the "inflict great bodily harm."

SELF DEFENSE: N/A

- [ ] Check to see whether the judge instructed the jury in cases where the victim die on 14:20
- [ ] Check to see whether the judge instructed the jury in case where the victim does not die on 14:19.

POSSESSION WITH THE INTENT TO DISTRIBUTE DRUGS: N/A

- [ ] Check to see whether the judge instructed the jury regarding specific intent.
- [ ] Check to see if the a.d.a. introduced a search warrant with the affidavits with it.

DISTRIBUTION OF DRUGS: N/A

[ ]  Check to see if the judge instructed the jury regarding general intent rather than specific intent.

SENTENCE:

[X]  Check to see if the sentence is in compliance with the statutory sentencing provision for which the defendant was convicted. Review the statute in effect at the time the crime was committed;

[X]  Check to see if the defendant was given credit for time served La. Code Crim. Proc. Art. 880;

[ ]  Check to see if the defendant was ordered to pay court cost and in default of payment to serve a term of months in jail;

[ ]  Check to see if the defendant was multiple billed, if so did he plead guilty or did he compel the State to prove its allegations. If he plead guilty, defendant the court inform the defendant of his right to have the State prove its allegation, the right to remain silent, and the consequence of his plead.

[ ]  Check to see if the defendant was multiple billed, and the State carried its burden of proof under State v. Shelton.

[ ]  In cases regarding the multiple bill, check to see if the judge specified what offender class he is finding the defendant guilty of.

[ ]  In cases regarding the multiple bill, check to see if the judge vacated the original imposed sentence.

[ ]  Check for a Sherer violation.

[ ]  Check for a Mim violation.

[ ]  Check for the time gap between the predicate and concurrent felony.

[ ]  Check to see if the judge informed the defendant (written or orally) of his three year limitation to file PCR.

[ ]  Check to see if defendant filed a motion to reconsider his sentence.

[ ]  Check to see if the defendant had counsel present at sentencing.

[ ]  Check to see if the counsel said anything on defendant's behalf. Tucker v. Day, situation.

APPEAL:

[X]  Check to see if the defendant was afforded his right to appeal his conviction

[ ]  Check to see if the defendant has a State v. Martin appeal file.

BEFORE FILING IN FEDERAL COURT:

[ ]  Check to see if all claims have been properly exhausted, or whether the State Court was given a fair opportunity to review them. See, Dispensa v. Lynaugh, 826 So.2d 375 (5th Cir. 1987)

[ ]  Check to see if all claims were federalized in state court petitions.

[ ]  Check to see if the defendant raised the intended habeas claims in a constitutional manner in State court.

[ ]  Check to see if any of the claims have a procedural bar. If so, see if the defendant can show cause and prejudice. If he cannot, then a miscarriage of justice claim must to litigated.

[ ]  Check to see if has ever filed habeas corpus before. If so, can he demonstrate cause and prejudice. If not, then a miscarriage of justice claim must be raised.

**Need to be careful with this one. It doesn't seem that he's quite there at times. A lot of things that he has told me about his trial COULD NOT have happened. It appears that he's not too sure of what's going on. First, Mr. Riley told me that he didn't even have a trial, then he gave me the Appeal Brief. Very hard to discuss his case with him. Could he have a mental health issue that he should have raised?**

**Need to see if we can get the transcript and go from there. Mr. Riley is VERY argumentative about everything that I ask him. Mr. Riley had a conviction 25 years ago with a similar charge.**

**Need to get the transcript to see if Mr. Riley had an "Expert" witness in his case.**